**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

J.R.,                                          )
                                               )
    Plaintiff,                          )
                                               )
v.                                             )
                                               )    CIVIL ACTION FILE NO.
LINCOLN BANCORP, LLC,                          )    1:25-cv-04629-JPB
                                               )
    Defendant.                          )
_____    /

**DEFENDANT LINCOLN BANCORP, LLC'S
NOTICE OF INTENT TO SERVE NON-PARTY SUBPOENAS**

Pursuant to Fed. R. Civ. P. 45(a)(4), you are hereby notified that Defendant,

by and through their attorney Christopher T. Byrd, intent to issue the attached

subpoena to the following non-parties:

Gigi's House
7147 Jonesboro Road, Suite #870051
Morrow, GA 30287

Houston County DFCS Office
92 Cohen Walker Drive,
Warner Robins, GA 31088

4 Sarah, Inc.
c/o Kasey McClure
293 Fairplay Street,
Rutledge, GA 30663

Respectfully submitted, this 25th day of June, 2026.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
(404) 876-2700
cbyrd@wwhgd.com

*/s/ Shubhra R. Mashelkar*
Shubhra R. Mashelkar
GA Bar No. 475388
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
(404) 876-2700
smashelkar@wwhgd.com

*Counsel for Defendant Lincoln Bancorp, LLC*

2

## RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE

Under Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that this submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

*/s/ Christoher T. Byrd*
Christoper T. Byrd

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 25, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing by electronic mail to all counsel or parties of record.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
(404) 876-2700
cbyrd@wwhgd.com

*Counsel for Defendant*
*Lincoln Bancorp, LLC*

4



WEINBERG WHEELER
HUDGINS GUNN & DIAL
**T R I A L   L A W Y E R S**

3344 Peachtree Road, NE          404.876.2700 Office
Suite 2400                                    404.875.9433 Fax
Atlanta, GA 30326

**Anne Robotham**
arobotham@wwhgd.com
Direct 404.591.9604

June 25, 2026

**VIA Certified Mail- Return Receipt**
Gigi's House
7147 Jonesboro Road
Suite #870051
Morrow, GA 30287

> **RE:**   ***J.R.. v. LINCOLN BANCORP, LLC***
> USDC for the Northern District of GA; CAFN: 1:25-cv-04629-JPB

Dear Sir/Madam:

We represent Lincoln Bancorp, LLC, Defendant in connection with the above referenced lawsuit. Pursuant to Federal Rule 45(a)(4), enclosed please find a Subpoena for production of documents addressed to your organization. We are requesting a <u>CERTIFIED</u> copy of the complete records responsive to the Subpoena. Enclosed is a Verification of Authenticity which we request that you sign, notarize, and return with the records.

In lieu of any personal appearance, you may comply with the Subpoena by mailing a copy of the requested records to my attention at the above address. If you require pre-payment for any of the necessary copying costs, please submit an invoice to my attention. Thank you for your cooperation, and please let me know if you have any questions.

Very truly yours,

*Anne Robotham*
Anne Robotham
Paralegal

Enclosure
cc:     All Counsel of Record (w/encls.)

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Georgia

| | | |
|---|---|---|
| J.R., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:25-cv-04629-JPB |
| LINCOLN BANCORP, LLC | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          GIGI'S HOUSE
7147 JONESBORO ROAD, SUITE#870051, MORROW, GA 30287
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Please see attached Exhibit A

| Place: Weinberg Wheeler Hudgins Gunn & Dial<br>3344 Peachtree Road, NE, Suite 2400<br>Atlanta, GA 30326 | Date and Time:<br><br>07/24/2026 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date    06/25/2026

| CLERK OF COURT | OR | |
|---|---|---|
| | | /s/ Christopher Byrd |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Lincoln Bancorp, LLC _____ , who issues or requests this subpoena, are:

Christopher Byrd, 3344 Peachtree Road, NE, Suite 2400, Atlanta, GA 30326 (404) 832-9546. CByrd@wwhgd.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:25-cv-04629-JPB

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows:  Certified Mail, Return Receipt

_____  on *(date)*  06/25/2026  ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: 6/25/26 _____

_____
/s/ Christopher T. Byrd
*Server's signature*

Christopher T. Byrd, Esq.
*Printed name and title*

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLP
3344 Peachtree Road NE, STE. 2400
Atlanta, GA 30326

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**NAME:** ███████████████

**DOB:** ████████

We request that Gigi's House produce any and all records pertaining to the above referenced individual, including but not limited to:

1. Your entire file on ███████████ to include any and all records related to or referring to ████████

2. Any and all notes, recordings, and transcripts of recorded statements related to ████████████

3. Any and all interviews and/or statements made by ██████████ typed, written, or recorded, and any notes pertaining to the same;

4. Any and all notes and/or reports pertaining to probation and/or detention, conflict resolution and supervised family time;

5. Any and all records pertaining to housing placement, transitional and independent living services, and on and off campus activities;

6. Any and all notes, reports, and/or supplemental reports pertaining to medical and mental treatment including but not limited to, counseling, medication management and behavior modification;

7. Any and all notes, reports, and/or supplemental reports pertaining to medical, dental, and psychiatric referrals made by a case manager, supervisor, mentor and/or therapist;

8. Any and all notes, reports, and/or supplemental reports pertaining to programs provided to ████████████ and her participation, including but not limited to, mentoring programs, money management, life skills, safety planning, and meal planning; and

9. Any and all reports prepared by case workers, social workers, friend of the court, probation officers, mentors, and disciplinary reports.

10. Any and all communications with ██████████ and/or anyone acting in the interest of or on behalf of ███████████ to include her health care providers, parents, foster providers, law enforcement officers and/or government agencies, counselors, etc.

11. Any and all internal communication related to ████████████

**Verification of Authenticity**

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

**RE:    NAME:** ███████████

Before me, the undersigned office, duly authorized by law to administer oaths, appeared

on _____, who upon being duly sworn, states: that (s)he is the

records custodian for Gigi's House, and that copies of documentation attached are true and

correct copies of the court records kept in the normal course of business; that the facts

represented in the written records were entered upon the records shortly after the incidents

which they purport to represent as a part of the normal course of business; and that said facts

were entered upon court records pertaining to the above referenced individual.

_____

Records Custodian

Sworn to and subscribed before me this
_____ day of _____, 2026.

_____

Notary Public

My Commission Expires:

_____



3344 Peachtree Road, NE    404.876.2700 Office
Suite 2400                404.875.9433 Fax
Atlanta, GA 30326

**Anne Robotham**
arobotham@wwhgd.com
Direct 404.591.9604

June 25, 2026

**VIA Certified Mail- Return Receipt**
Houston County DFCS Office
92 Cohen Walker Drive
Warner Robins, GA 31088

   RE: ***J.R.. v. LINCOLN BANCORP, LLC***
      USDC for the Northern District of GA; CAFN: 1:25-cv-04629-JPB

Dear Sir/Madam:

  We represent Lincoln Bancorp, LLC, Defendant in connection with the above referenced lawsuit. Pursuant to Federal Rule 45(a)(4), enclosed please find a Subpoena for production of documents addressed to your organization. We are requesting a <u>CERTIFIED</u> copy of the complete records responsive to the Subpoena. Enclosed is a Verification of Authenticity which we request that you sign, notarize, and return with the records.

  In lieu of any personal appearance, you may comply with the Subpoena by mailing a copy of the requested records to my attention at the above address. If you require pre-payment for any of the necessary copying costs, please submit an invoice to my attention. Thank you for your cooperation, and please let me know if you have any questions.

        Very truly yours,

        *Anne Robotham*
        Anne Robotham
        Paralegal

Enclosure
cc: All Counsel of Record (w/encls.)

ATLANTA ▪ BIRMINGHAM ▪ LAS VEGAS ▪ MIAMI ▪ ORLANDO    W W H G D . C O M

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Northern District of Georgia

| | | |
|---|---|---|
| J.R., | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.  1:25-cv-04629-JPB |
| LINCOLN BANCORP, LLC | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:         HOUSTON COUNTY DFCS OFFICE
92 COHEN WALKER DRIVE, WARNER ROBINS, GA 31088

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Please see attached Exhibit A

| Place: Weinberg Wheeler Hudgins Gunn & Dial<br>3344 Peachtree Road, NE, Suite 2400<br>Atlanta, GA 30326 | Date and Time:<br><br>07/24/2026 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date         06/25/2026

CLERK OF COURT

OR

_____          /s/ Christopher Byrd
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Lincoln Bancorp, LLC                                      , who issues or requests this subpoena, are:

Christopher Byrd, 3344 Peachtree Road, NE, Suite 2400, Atlanta, GA 30326 (404) 832-9546. CByrd@wwhgd.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:25-cv-04629-JPB

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows:    Certified Mail, Return Receipt

_____ on *(date)*    06/25/2026    ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: 6/25/26                              /s/ Christopher T. Byrd
_____                    _____
                                              *Server's signature*

                                    Christopher T. Byrd, Esq.
                                    _____
                                              *Printed name and title*
                                    Weinberg, Wheeler, Hudgins, Gunn & Dial, LLP
                                    3344 Peachtree Road NE, STE. 2400
                                    Atlanta, GA 30326

                                    _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | | Reset |

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A" TO SUBPOENA

## DEFINITIONS

The following definitions shall apply to this request and the singular form shall include the plural and vice-versa:

1.      The terms, "document" and "documents" means all original writings of any nature whatsoever and all non-identical copies, including marginal notes, mark-ups, redlines, preliminary drafts, interim drafts, final drafts, filed versions, final versions, and revisions of such documents, in your possession, custody, or control, whether written, recorded, or graphic, however created, produced, reproduced, received or transmitted, regardless of where located, whether such documents contain, reflect, record or evidence, in whole or part, any information arising out of or relating to the subject matter of each request, and include, but are not limited to, contracts, agreements, records, estimates, budgets, audio recordings, correspondence, letters, communications, interoffice and intraoffice communications, facsimiles, electronic messages and mail, photographic or computer-generated records, reports, summaries, minutes, papers, corporate records, accounts, notes, memoranda, agenda, bulletins, notices, instructions, charts, manuals, brochures, telegrams, teletypes, and any type of data processing material, any record, writing, or photocopy which can be produced from computer data or other electronic means, active files, archives, electronic data, as well as any other tangible thing on which information is recorded in writing, sound, picture computer system, electronic storage media or other means, discovery of which is permitted by the Georgia Civil Practice Act. In all cases where the original and/or non-identical copies are not available, the terms "document" and "documents" also mean identical copies of original documents and non-identical copies.

2.      The term "communication" or "communications" means all written communications, including, but not limited to, negotiations, agreements, arrangements, contracts, understandings, correspondence, memoranda, messages, telegrams, telefax, mailgrams, electronic mail, xerographic or computer transmissions, and all other written expressions or other occurrences in which thoughts, opinions, or data are transmitted between two or more persons.

3.      The terms "you," and "your," mean Houston County Division of Family and Children Services ("Houston County DFCS") and are intended to embrace and include each and every unit, department, division, or subdivision within Houston County DFCS, including all agents, employees, representatives, officers, directors, contractors, private investigators, auditors, attorneys, and any other individuals who have been employed, retained, or are acting on behalf of Houston County DFCS or any of its subdivisions and who may have access to or have obtained information related to this case.

4.      The terms "relate to," "relating to" or "related to" means concerns, consists of, refers to, reflects, reflects on, shows or in any way logically or effectually connected with the matter discussed.

5.      The terms "person" or "persons" means any and all individuals and entities, including, without limitation, any and all natural persons, firms, partnerships, associations, proprietorships, joint ventures, companies, corporations, trusts, estates, governmental and quasi-governmental entities, agencies, departments, divisions, bodies, and further divisions thereof and any other form of business, judicial or legal entity.

**DOCUMENTS, THINGS, AND MATERIALS TO BE PRODUCED**

You are hereby commanded to produce the following:

a.      Your entire unredacted investigative file(s) pertaining to ███████████ (DOB: ███████ including but not limited to: all incident, investigation, and supplemental reports (including amendments); all interviews and statements (whether written, audio-recorded, or video-recorded) from individuals interviewed during the investigation, including witnesses, law enforcement, third parties, and involved individuals; all photographs, video, and audio recordings (including body and dashcam footage, third-party video evidence, and 911 calls); all physical and digital evidence reports (including chain-of-custody records, forensic analyses, and electronic data such as emails, text messages, and social media records); all investigator notes, logs, and records (handwritten or digital); all arrest reports, search warrants, affidavits, and inventories of seized items; all communications (including emails, text messages, letters, memoranda); all court filings, orders, or related records; and any other materials made, obtained, or reviewed in connection with the investigation, including forensic interviews, medical examinations, mental health evaluations, psychological assessments, and safety plans;

b.      Any and all records, files, reports, documents, or materials created, reviewed, or maintained by Houston County DFCS (or any other unit, department, division, or subdivision within Houston County DFCS) in connection with ███████████ (DOB: ███████ This includes but is not limited to safety and risk assessments, intake and investigation reports, family preservation and prevention service records, family case plans, forensic interviews, foster care and adoption records, placement assessments, kinship care documentation, eligibility and enrollment records, mental health and medical evaluations, psychological assessments, investigation findings, and all other forms of case management records, safety plans, service referrals, communications

(including emails, text messages, or memoranda), incident reports, court orders, case notes, and materials related to any investigation, service, or intervention involving ███████████ (DOB: ████████

      c.      Any and all other documents, materials, or things in your possession related to ███████████ (DOB: ████████ including but not limited to any files, notes, logs, internal memoranda, statements, interviews, correspondence, digital data, drafts, summaries, case notes, charts, diagrams, maps, timelines, emails, text messages, audio recordings, video recordings, photographs, incident or accident reports, investigative summaries, analysis, or other forms of documentation, whether physical or digital, that pertain to any investigation, allegation, or incident involving ███████████ (DOB: ████████

**VERIFICATION OF AUTHENTICITY**

STATE OF GEORGIA

COUNTY OF _____

      RE:    Investigation pertaining to:
           **Houston County Division of Family and Children Services; and**
           ▉▉▉▉▉▉▉▉ **(DOB:** ▉▉▉▉▉▉

    Before me, the undersigned officer, duly authorized by law to administer oaths, appeared

_____ *[Print Name],* who upon being duly sworn, states:  that (s)he is the

records custodian for _____ *[Print Company Name]* and that

copies of documentation attached are true and correct copies of the business records kept in the

normal course of business; that the facts represented in the written records were entered upon the

records shortly after the incidents which they purport to represent as a part of the normal course

of business; and that said facts were entered upon the business records pertaining to the customer

at the company's direction and/or supervision.

                           _____
                           Records Custodian

Sworn to and subscribed before me
this \_\_\_\_day of_____, 2026.

_____
Notary Public

My Commission Expires:

_____



WEINBERG WHEELER
HUDGINS GUNN & DIAL
**T R I A L   L A W Y E R S**

3344 Peachtree Road, NE        404.876.2700 Office
Suite 2400                     404.875.9433 Fax
Atlanta, GA 30326

**Anne Robotham**
arobotham@wwhgd.com
Direct 404.591.9604

June 25, 2026

**VIA Certified Mail- Return Receipt**
4 Sarah, Inc.
c/o Kasey McClure
293 Fairplay Street
Rutledge, GA 30663

      **RE:**   *J.R.. v. LINCOLN BANCORP, LLC*
           USDC for the Northern District of GA; CAFN: 1:25-cv-04629-JPB

Dear Sir/Madam:

      We represent Lincoln Bancorp, LLC, Defendant in connection with the above referenced lawsuit. Pursuant to Federal Rule 45(a)(4), enclosed please find a Subpoena for production of documents addressed to your organization. We are requesting a <u>CERTIFIED</u> copy of the complete records responsive to the Subpoena. Enclosed is a Verification of Authenticity which we request that you sign, notarize, and return with the records.

      In lieu of any personal appearance, you may comply with the Subpoena by mailing a copy of the requested records to my attention at the above address. If you require pre-payment for any of the necessary copying costs, please submit an invoice to my attention. Thank you for your cooperation, and please let me know if you have any questions.

                            Very truly yours,

                            *Anne Robotham*
                            Anne Robotham
                            Paralegal

Enclosure
cc:    All Counsel of Record (w/encls.)

ATLANTA ▪ BIRMINGHAM ▪ LAS VEGAS ▪ MIAMI ▪ ORLANDO          W W H G D . C O M

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Georgia

| | | |
|---|---|---|
| J.R., | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No.   1:25-cv-04629-JPB |
| LINCOLN BANCORP, LLC | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                         4 SARAH, INC.
            c/o KASEY McCLURE, 293 FAIRPLAY STREET, RUTLEDGE, GA 30663

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Please see attached Exhibit A

| Place: Weinberg Wheeler Hudgins Gunn & Dial<br>3344 Peachtree Road, NE, Suite 2400<br>Atlanta, GA 30326 | Date and Time:<br><br>07/24/2026 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date       06/25/2026

                    _CLERK OF COURT_
                                        OR

_____                    /s/ Christopher Byrd
        _Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Lincoln Bancorp, LLC                                         , who issues or requests this subpoena, are:

Christopher Byrd, 3344 Peachtree Road, NE, Suite 2400, Atlanta, GA 30326 (404) 832-9546. CByrd@wwhgd.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:25-cv-04629-JPB

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☑ I served the subpoena by delivering a copy to the named person as follows:    Certified Mail, Return Receipt

_____    on *(date)*    06/25/2026    ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: 6/25/26 _____

/s/ Christopher T. Byrd _____
*Server's signature*

Christopher T. Byrd, Esq.
*Printed name and title*

Weinberg, Wheeler, Hudgins, Gunn & Dial, LLP
3344 Peachtree Road NE, STE. 2400
Atlanta, GA 30326

_____
*Server's address*

Additional information regarding attempted service, etc.:

| Print | Save As... | Add Attachment | Reset |

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Exhibit A**

**NAME:** ███████████████

**DOB:** █████████

We request that 4 Sarah, Inc. produce any and all records pertaining to the above referenced individual, including but not limited to:

1. Your entire file on ███████████ to include any and all records related to or referring to ███████████
2. Any and all notes, recordings, and transcripts of recorded statements related to ███████████
3. Any and all interviews and/or statements made by ███████████ typed, written, or recorded, and any notes pertaining to the same;
4. Any and all notes and/or reports pertaining to probation and/or detention, conflict resolution and supervised family time;
5. Any and all records pertaining to housing placement, transitional and independent living services, and on and off campus activities;
6. Any and all notes, reports, and/or supplemental reports pertaining to medical and mental treatment including but not limited to, counseling, medication management and behavior modification;
7. Any and all notes, reports, and/or supplemental reports pertaining to medical, dental, and psychiatric referrals made by a case manager, supervisor, mentor and/or therapist;
8. Any and all notes, reports, and/or supplemental reports pertaining to programs provided to ███████████ and her participation, including but not limited to, mentoring programs, money management, life skills, safety planning, and meal planning; and
9. Any and all reports prepared by case workers, social workers, friend of the court, probation officers, mentors, and disciplinary reports.
10. Any and all communications with ███████████ and/or anyone acting in the interest of or on behalf of ███████████ to include her health care providers, parents, foster providers, law enforcement officers and/or government agencies, counselors, etc.
11. Any and all internal communication related to ███████████

**<u>Verification of Authenticity</u>**

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

      **RE:   NAME:** ▆▆▆▆▆▆▆▆

      Before me, the undersigned office, duly authorized by law to administer oaths, appeared

on _____, who upon being duly sworn, states: that (s)he is the

records custodian for 4 Sarah, Inc., and that copies of documentation attached are true and

correct copies of the court records kept in the normal course of business; that the facts

represented in the written records were entered upon the records shortly after the incidents which

they purport to represent as a part of the normal course of business; and that said facts were

entered upon court records pertaining to the above referenced individual.


                                         _____

                                         Records Custodian

Sworn to and subscribed before me this
_____ day of _____, 2026.


_____

Notary Public

My Commission Expires:


_____