UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

J.R.,

    Plaintiff,

v.

LINCOLN BANCORP, LLC,

    Defendant.

CIVIL ACTION FILE
NO. 1:25-cv-04629-JPB

## MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS, ANIQUE WHITMORE

COMES NOW Defendant, Lincoln Bancorp, LLC, (hereinafter "Defendant") and moves to exclude Plaintiff's late-identified expert witness, Anique Whitmore, showing the Court as follows:

**I.**

**FACTS**

1.    On December 1, 2025, the Court entered its Scheduling Order (**Doc. 17**), which specified that would close on May 11, 2026 and that "the Court expects the parties to complete both fact and expert discovery during this time period."

2. On February 18, 2026, the Defendant served the Plaintiff with Interrogatories and Requests for Production of Documents, which, among other

1

things, asked Plaintiff to identify any expert witnesses and their opinions and to produce said experts' reports and files.[1]

3.      On March 17, 2026, Plaintiff submitted responses and objections to Defendant's Interrogatories and Requests for Production, attached at *Exhibits A* and *B*, respectively.  Plaintiff's response to Interrogatory 12 and Request 17 (i.e. the discovery requests related to Plaintiff's experts) state, in pertinent part: "Plaintiff has not determined whether she will call any specially retained experts at trial. Plaintiff will disclose such information at the appropriate time and to the extent required under the Federal Rules, this Court's local Rules, and any scheduling orders of this Court**.**"

4.      On Monday, May 11, 2026, the last day of discovery, Plaintiff issued supplemental responses to discovery, attached at *Exhibits "C"* and *"D"*, disclosing for the first time her expert witness, Anique Whitmore, and producing Ms. Whitmore's 32 page expert report (attached at *Exhibit "E"*) along with numerous other documents comprising Ms. Whitmore's file.

5.      Plaintiff's disclosure and production, made on the day discovery expired, violated the Court's Scheduling Order, in that it made compliance therewith impossible – i.e. discovery simply could not be completed by May 11, 2026, as the Court required.

---

[1] The Certificate of Service related to Defendant's discovery requests is on file at *Doc. 23*.

## II.

## <u>ARGUMENT AND CITATION OF AUTHORITY</u>

Defendant seeks to exclude Plaintiff's expert testimony on the grounds that Plaintiffs' disclosure of Whitmore as an expert witness was untimely and, thus, Plaintiffs have not satisfied Rule 26's disclosure requirements.

The Eleventh Circuit has long held that Federal Rule of Civil Procedure 26(a)(2) "correlates with Local Rule 26.2, mandating that expert opinions must be disclosed sufficiently early in the discovery period to allow the opposing party to react before the close of discovery, under penalty of exclusion." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1310 (11th Cir. 2009) (citing, LR 26.2C, N.D.Ga.). The Court reasoned that the expert disclosure rule "is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." *Reese v. Herbert*, 527 F.3d 1253, 1264 (11th Cir. 2008). However, due to the late disclosure of said expert, Defendant was not afforded that luxury.[2]

While Plaintiff's is harmful to the Defendant, Local Rule 26.2(C) does not require that Defendant demonstrate prejudice in order to have Whitmore excluded.

---

[2] The undersigned notes that Defendant has requested the deposition of Whitmore, and Plaintiff has agreed to make her available.  Nevertheless, however, Plaintiff's late disclosure has prevented Defendant from being able to search for or retain a suitable rebuttal expert within the discovery period or to conduct any follow-up discovery on any issues or topics raised by Whitmore's report and/or opinions.

***Durkin v. Platz***, 920 F. Supp. 2d 1316, 1327-28 (N.D. Ga. 2013).  Proffering parties that fail to disclose their experts sufficiently early in the discovery process are disqualified from offering expert testimony unless their failure to disclose experts sufficiently early was justified. ***Id.*** The Eleventh Circuit has ruled that a party's failure to comply with Local Rule 26.2(C)'s disclosure requirement in not justified when the party knew or should have known that an expert was necessary before the late stages of the discovery period. ***Morrison v. Mann***, 244 F.R.D. 668, 672-73 (N.D. Ga. 2007).

Based on Whitmore's own "description of assignment", she was retained to "examine the nature of the Plaintiff's trafficking and determine whether vulnerabilities, methods of exploitation, inability to escape, impacts, and environment are consistent with those common in sex trafficking incidents". ***Exhibit "E"***, p. 4.  Setting aside whether these issues are proper subjects for expert opinion or Whitmore's qualifications to address them, there can be no argument that these are ***not*** issues which arose in the late stages of discovery.  As such, Plaintiff can offer no justification for Whitmore's 11th hour disclosure.

## III.

## <u>CONCLUSION</u>

Based on the above, Defendant respectfully requests the Court issue an Order excluding Plaintiff's expert from appearing at trial.

Respectfully submitted, this 25th day of June, 2025.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*

Christopher T. Byrd
GA Bar No. 100854
Shubhra R. Mashelkar
GA Bar No. 475388
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
(404) 876-2700
cbryd@wwhgd.com
smashelkar@wwhgd.com

*Counsel for Defendant Lincoln Bancorp, LLC*

## RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE

Under Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that this submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

/s/ Christopher T. Byrd
Christopher T. Byrd

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 25, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing by electronic mail to all counsel or parties of record.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854