**ATTACHMENT "C"**
**Plaintiff's Outline of the Case**

Plaintiff J.R. alleges injuries and damages arising from her minor sex trafficking at the Super 8 located at 4979 Old National Highway, College Park, Georgia 30349 (the "Super 8" or the "hotel" or the "property"). In 2020 and 2021, beginning when she was only 15 years old, J.R. was sold for sex at the Super 8 by traffickers who regularly brought her to the hotel for extended periods. Defendant Lincoln Bancorp, LLC ("Defendant") has owned and operated the Super 8 since 2019. At all times relevant to this case, Defendant owned, operated, managed, supervised, and controlled the renting of the rooms at the Super 8, from which it benefited financially.

Based on evidence to be introduced at trial and not set forth herein, Plaintiff asserts that Defendant violated the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595(a) ("TVPRA"), by knowingly benefiting, or attempting or conspiring to benefit, financially or by receiving anything of value from taking part in a common undertaking or enterprise involving risk and potential profit which Defendant knew or should have known involved the sex trafficking of J.R. at Super 8. Plaintiff has suffered substantial harm, including but not limited to physical, emotional, and psychological harm, as a direct, cause-in-fact, foreseeable, and proximate result of Defendant's violation of § 1595(a). Defendant's actions or omissions di-

rectly contributed to and were interrelated in facilitating Plaintiff's sex trafficking from which she suffered substantial and ongoing harm.

Defendant is liable under the Child Abuse Victims' Rights Act ("CAVRA"), 18 U.S.C. § 2255, because J.R., while a minor, was a victim of a violation of 18 U.S.C. § 1591 at the Super 8 and suffered injuries as a result. Defendant directly participated in J.R.'s sex trafficking by knowingly benefiting, or attempting or conspiring to benefit, financially or by receiving anything of value from taking part in a common undertaking or enterprise involving risk and potential profit which Defendant knew or should have known involved the sex trafficking of J.R. at Super 8. Plaintiff has suffered substantial harm, including but not limited to physical, emotional, and psychological harm, as a direct, cause-in-fact, foreseeable, and proximate result of Defendant's acts. Among other acts, Defendant harbored, falsely imprisoned, provided, obtained, and maintained J.R. at the hotel so she could be sold for sex there. Defendant's actions or omissions directly contributed to and were interrelated in facilitating Plaintiff's sex trafficking from which she suffered substantial and ongoing harm. At all relevant times, Defendant owed a duty to invitees at the Super 8, including Plaintiff, to exercise ordinary care in keeping the premises and approaches of the Super 8 safe. Defendant additionally owed a duty to licensees and trespassers, including Plaintiff, to refrain from willfully or wantonly injuring them and to warn of hidden perils of which Defendant was aware. Defendant negligently failed to protect

2

its invitees, licensees, and trespassers, including Plaintiff, adequately and properly, in breach of its duty.

Defendant's violation of O.C.G.A. §§ 51-3-1 and 41-1-1, among other statutes, constitutes negligence per se as to Plaintiff. Plaintiff is within the class of persons these statutes were designed to protect, and her injuries are of the type these statutes were designed to prevent.

Each of the following constitutes an independent act of negligence on the part of Defendant, one or more or all of which were a proximate cause of the injuries sustained by Plaintiff:

(a)    Negligently violating O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

(b)    Negligently failing to keep the premises in a state of good repair;

(c)    Negligently violating OC.G.A. § 41-1-1 by creating and maintaining a nuisance;

(d)    Negligently failing to provide appropriate and effective security personnel during J.R.'s child sex trafficking at the hotel;

(e)    Negligently failing to properly inspect and maintain the premises;

(f)    Negligently failing to properly train and supervise its employees regarding sex trafficking and other sex crimes at the hotel;

3

(g)   Negligently failing to properly retain, hire, train, and supervise said employees;

(h)   Negligently failing to ensure business policies, systems, and security were adequately followed and implemented;

(i)   Negligently failing to implement policies and procedures to prevent, identify, and deter sex trafficking at the Super 8;

(j)   Negligently failing to implement policies and procedures to ensure it was not profiting from sex trafficking;

(k)   Negligently failing to respond to online reviews and publicly available information;

(l)   Negligently failing to prevent loitering and trespassing;

(m)   Negligently failing to remove loiterers and trespassers;

(n)   Negligently failing to inspect, patrol, or appropriately monitor the property;

(o)   Negligently failing to provide adequate lighting and employ other available security measures, personnel, and devices, such as controlled access, adequate signage, cameras, patrols, inspections, physical and other landscaping adjustments, and other measures available;

(p)   Negligently failing to remediate a long history of crime at the Super 8 and the area nearby;

(q)    Negligently failing to warn invitees, licensees, and trespassers of known hazards at the property;

(r)    Negligently representing to invitees, licensees, and trespassers that the property was properly maintained and safe;

(s)    Negligently continuing to operate and profit from the Super 8 despite actual and constructive knowledge of sex trafficking and other criminal activity occurring on the property;

(t)    Negligently failing to act as similarly situated hotel operators would in like circumstances by failing to implement reasonable measures to prevent, identify, and respond to sex trafficking at the Super 8;

(u)    Negligently entrusting the operation and management of the Super 8 to agents, managers, and employees whom Defendant knew or should have known were permitting, facilitating, and participating in sex trafficking and other criminal activity on the premises; and

(v)    Willfully or wantonly injuring Plaintiff by the acts and omissions of Defendant's agents, managers, and employees.

Plaintiff has suffered substantial harm, including but not limited to physical, emotional, and psychological harm, as a direct, cause-in-fact, foreseeable, and proximate result of Defendant's negligence.

5

Defendant falsely imprisoned J.R. in violation of her personal liberty, without legal authority, and contrary to the laws of Georgia, by assisting and facilitating J.R.'s sex traffickers in confining J.R. to the Super 8 so that she could be sold for sex as a minor. Defendant's harboring of J.R. during her sex trafficking constituted false imprisonment. At times, J.R.'s false imprisonment at the Super 8 was independent of any other aspect of her sex trafficking. Plaintiff has suffered substantial harm, including but not limited to physical, emotional, and psychological harm, as a direct, cause-in-fact, foreseeable, and proximate result of Defendant's false imprisonment of Plaintiff, which deprived her of her personal liberty and directly caused her substantial and ongoing harm, independent of and in addition to the harm she suffered as a result of her sex trafficking.

The Super 8's history of rampant crime and illegal sex activity, including prostitution and sex trafficking, created a public nuisance that caused special damages to Plaintiff, including substantial physical, emotional, and psychological harm. The illegal prostitution and sex trafficking nuisance occurring at the Super 8 had an appreciable blighting effect on the surrounding community and encouraged, idleness, loitering, vagrancy, and had a tendency to breed crime. The Super 8 constituted a nuisance per se under Georgia law because Defendant knowingly and/or negligently permitted illegal sexually related crimes to occur at the hotel, including ram-

6

pant prostitution, pandering, pimping, and sex trafficking. A business that allows prostitution and sex trafficking is a per se public nuisance under Georgia law.

Plaintiff will seek general non-economic damages under the TVPRA, CAVRA, and Georgia law, including recovery for past, present, and future physical and mental harm and pain and suffering, in an amount greater than $10 million to be determined by the enlightened conscience of the jury. Defendant is jointly and severally liable for injuries arising out of her claims under the TVPRA and CAVRA.

Plaintiff also seeks punitive damages under the TVPRA, CAVRA, and Georgia law in an amount to be determined by the jury. Plaintiff intends to seek punitive damages in an amount greater than $30 million.

Finally, Plaintiff will seek to recover her reasonable attorneys' fees, costs, and expenses under the TVPRA, CAVRA, O.C.G.A. § 13-6-11, O.C.G.A. § 9-11-68(e) and any other fee-shifting authority.

Plaintiff reserves the right to pursue all damages under Georgia and federal law for her injuries and Defendant's unlawful actions, including but not limited to all general, compensatory, economic, non-economic, special, consequential, general, punitive, and all other damages permissible under Georgia and federal law.

7

## **Relevant Rules, Regulations, Statutes, Ordinances, and Illustrative Caselaw**

Plaintiff relies upon the following rules, regulations, statutes, ordinances, and illustrative case law in support of her claims:

(a)     18 U.S.C. § 1591, *et seq.* (Trafficking Victims Reauthorization Act),

(b)     18 U.S.C. § 2255 (Child Abuse Victims Rights Act);

(c)     O.C.G.A. § 41-1-3;

(d)     O.C.G.A. § 41-3-1;

(e)     O.C.G.A. § 51-3-2;

(f)     O.C.G.A. § 13-6-11;

(g)     O.C.G.A. § 9-15-14;

(h)     *Sons of Confederate Veterans v. Henry Cnty. Bd. of Comm'rs*, 315 Ga. 788 (2022);

(i)     *Coleman v. State*, 64 S.E. 828 (Ga. Ct. App. 1909);

(j)     *Bethany Grp., LLC v. Grobman*, 727 S.E.2d 298 (Ga. Ct. App. 2012);

(k)     *Shell Oil Co. v. Diehl*, 422 S.E.2d 63 (Ga. Ct. App. 1992);

(l)     *Griggs v. City of Macon*, 154 Ga. 519 (1922);

(m)    *Galaxy Carpet Mills, Inc. v. Massengill*, 255 Ga. 360 (1986);

(n)     *Ga. R.R. & Banking Co. v. Maddox*, 116 Ga. 64 (1902);

(o)     *Bacon v. Walker*, 77 Ga. 336 (1886);

(p)     *Savannah, Fla. & W. Ry. Co. v. Parish*, 117 Ga. 893 (1903);

(q)     *Fanning v. State*, 17 Ga. App. 316 (1915);

(r)     *Brindle v. Copeland*, 145 Ga. 398 (1916);

(s)     *Martin v. State*, 62 Ga. App. 902 (1940);

(t)     *Thrower v. State*, 117 Ga. 753 (1909);

(u)     *Birdwell v. State*, 112 Ga. App. 836 (1965);

(v)     *Cotton v. City of Atlanta*, 10 Ga. App. 397 (1912);

(w)     *Kessler v. State*, 119 Ga. 301 (1904);

(x)     *Frazier v. State*, 93 Ga. App. 204 (1956);

(y)     *Clifton v. State*, 53 Ga. 241 (1874);

(z)     *Brimberry v. Savannah, F. & W. Ry. Co.*, 3 S.E. 274 (Ga. 1887);

(aa)    *Fitzgerald v. State*, 10 Ga. App. 70 (1911);

(bb)    *Felder v. Rice Constr. Co., Inc.*, 522 S.E.2d 13 (Ga. Ct. App. 1999);

(cc)    *Sumitomo Corp. of Am. v. Deal*, 569 S.E.2d 62 (Ga. Ct. App. 2002);

(dd)    *Davis v. City of Forsyth*, 621 S.E.2d 495 (Ga. Ct. App. 2005);

(ee)    *Bailey v. Annistown Rd. Baptist Church, Inc.*, 689 S.E.2d 62 (Ga. Ct. App. 2009);

(ff)    *Stadterman v. Southwood Realty Co.*, 361 Ga. App. 613 (2021);

(gg)    *McArthur v. Beech Haven Baptist Church of Athens*, 864 S.E.2d 189 (Ga. Ct. App. 2021);

9

(hh)    *Doe v. Saint Joseph's Catholic Church*, 357 Ga. App. 710 (2020), *aff'd in part, rev'd in part*, 313 Ga. 558 (2022), *vacated*, 365 Ga. App. 331 (2022);

(ii)    *Jane Doe v. Suresh & Durga, Inc.*, No. 20A83795-5 (DeKalb Cnty. St. Ct. May 8, 2024) (Order);

(jj)    *Wasserman v. Franklin Cnty.*, 320 Ga. 624 (2025);

(kk)    *Roseberry v. Studio 6 Delk Road, LLC*, No. 1:25-cv-1062-LMM, 2025 WL 4114137 (N.D. Ga. Nov. 18, 2025);

(ll)    *Jane Doe No. 8 v. Royal Caribbean Cruises, Ltd.*, 860 F. Supp. 2d 1337, 1339 (S.D. Fla. 2012);

(mm)    *Bates v. Seuqel Youth & Family Servs., LLC*, 2:23-CV-01063-RDP, 2025 WL 2917756, at *5 (N.D. Ala. Oct. 14, 2025);

(nn)    *A.M. v. Wyndham Hotels & Resorts, Inc.*, 728 F. Supp. 3d 787, 795 (S.D. Ohio 2024);

(oo)    *Brown v. Gardner*, 513 U.S. 115, 119 (1994);

(pp)    *U.S. v. Bhimani*, Crim. No. 3:17-cr-00324-MEM (M.D. Pennsylvania) ECF 167;

(qq)    *Ricchio v. McLean*, 853 F.3d 553 (1st Cir. 2017);

(rr)    *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021);

(ss)    *A.G. v. Northbrook Indus., Inc.*, No. 25-10816, 2026 WL 864178 (11th Cir. Mar. 30, 2026);

10

(tt)    *Doe v. Fulton-DeKalb Hosp. Auth.*, 628 F.3d 1325, 1333–34 (11th Cir. 2010);

(uu)    *Piedmont Hosp., Inc. v. Palladino*, 276 Ga. 612, 614 (2003);

(vv)    *Georgia CVS Pharmacy, LLC v. Carmichael*, 316 Ga. 718 (2023);

(ww)    *Georgia CVS Pharmacy v. Carmichael*, 362 Ga. App. 59 (2023);

(xx)    *Sturbridge Partners, Ltd. v. Walker*, 267 Ga. 785, 786 (1997);

(yy)    *TGM Ashley Lakes, Inc. v. Jennings*, 264 Ga. App. 456, 462 (2003) (en banc);

(zz)    *Six Flags Over Ga. II, L.P. v. Martin*, 335 Ga. App. 350, 361 (2015);

(aaa)    *Walker v. Aderhold Props., Inc.*, 303 Ga. App. 710, 713 (2010) (en banc);

(bbb)    *Wade v. Findlay Mgmt., Inc.*, 253 Ga. App. 688, 690 (2002);

(ccc)    *Wallace v. Boys Club*, 211 Ga. App. 534, 536 n.2 (1993);

(ddd)    *Frazier v. Godley Park Homeowners Ass'n, Inc.*, 342 Ga. App. 608, 609 (2017);

(eee)    *McGarity v. Hart Elec. Membership Corp.*, 307 Ga. App. 739, 744 (2011);

(fff)    *Handberry v. Stuckey Timberland, Inc.*, 345 Ga. App. 191, 195 (2018).

11