**Attachment D – Defendant Lincoln Bancorp, LLC's Outline of the Case**

**I.    Brief Factual Summary of Defenses**

Defendant Lincoln Bancorp, LLC ("Lincoln Bancorp") owned the subject Super 8 located at 4979 Old National Highway, College Park, Georgia 30349 ("Super 8") from December 30, 2019, through December 6, 2021.  Plaintiff J.R. brings this civil action against Lincoln Bancorp under the provisions of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a), Masha's Law or the Child Abuse Victims' Rights Act ("CAVRA"), 18 U.S.C. § 2255, negligence, and Georgia's nuisance law.

On the question of liability related to the TVPRA, Lincoln Bancorp intends to demonstrate that it is not liable to Plaintiff J.R. under the TVPRA because Lincoln Bancorp did not (1) knowingly benefit (2) from participating in a venture, (3) which venture violated the TVPRA as to Plaintiff J.R.; and/or that (4) Lincoln Bancorp did not have actual or constructive knowledge of the alleged trafficking of Plaintiff J.R. Lincoln Bancorp will also contend that alleged wrongful employee conduct and the knowledge of any such rogue employee is not imputable to Lincoln Bancorp.

On the question of liability related to Masha's Law or CAVRA, Lincoln Bancorp intends to demonstrate that it is not liable to Plaintiff J.R. under CAVRA because (1) it did not commit the predicate trafficking or exploitation offense, (2) it lacked the requisite knowledge required under Masha's Law or CAVRA, and (3)

Plaintiff J.R. cannot impute the conduct of guests, third parties, or independent actors to Lincoln Bancorp as the alleged traffickers were not Lincoln Bancorp's agents or employees acting within the scope of employment, and Lincoln Bancorp did not authorize, ratify, or control their conduct.

On the question of liability for negligence under O.C.G.A. § 51-3-1, Plaintiff J.R. seeks to hold Lincoln Bancorp liable as an owner of land that allegedly failed to exercise ordinary care in keeping its premises safe, thereby permitting the alleged trafficking of Plaintiff J.R. at the Super 8. Lincoln Bancorp denies these contentions and intends to demonstrate:

1. **No breach of the statutory duty of care.** O.C.G.A. § 51-3-1 requires only ordinary care, not that the owner act as an insurer of an invitee's safety, and this duty is only owed to invitees.  Plaintiff cannot establish that she was an invitee on the premises, and, even so, the management team exercised ordinary care in the operation, maintenance, security, and management of the premises and complied with all applicable standards. The management team posted anti-trafficking signage, trained employees on sex trafficking per its franchise agreements, assisted local police patrolling the property, conducted property walks and room checks, and supported state inspections, including the required completion of sex-trafficking training.

2. **No actual or constructive knowledge.** Liability under O.C.G.A. § 51-3-1 requires superior knowledge of the alleged hazard or criminal activity. Lincoln Bancorp lacked actual or constructive knowledge of the specific conduct alleged, had no knowledge superior to Plaintiff J.R.'s, and the alleged conduct was not reasonably foreseeable.

3. **Intervening criminal conduct of third parties.** Plaintiff J.R.'s alleged injuries, if any, were caused by the intentional, criminal, and unforeseeable acts of independent third parties – i.e., her trafficker – over whom Lincoln Bancorp had no control. Such conduct is the sole proximate cause of the alleged injuries and breaks any causal connection to Lincoln Bancorp.

4. **No proximate causation.** Plaintiff J.R. cannot establish that any act or omission of Lincoln Bancorp proximately caused the alleged injuries, or that any alleged failure contributed to them.

5. **Comparative and contributing fault of others.** Any injuries or damages were caused, in whole or in part, by persons or entities other than Lincoln Bancorp, and any recovery must be reduced or barred accordingly.

On the question of false imprisonment, Lincoln Bancorp intends to demonstrate that it did not detain, confine, or restrain Plaintiff J.R., and used no force, threat, barrier, or assertion of legal authority to deprive Plaintiff J.R. of personal liberty. Plaintiff J.R. was at all times free to move about and to leave the

premises. Accordingly, no element of false imprisonment under Georgia law is satisfied.

On the question of nuisance under O.C.G.A. § 41-1-2, Lincoln Bancorp maintains that Plaintiff failed to allege, and cannot establish, a public nuisance. To the extent Plaintiff alleges a private nuisance under O.C.G.A. § 41-2-1 (which is not alleged), Lincoln Bancorp denies liability and specifically denies creating, maintaining, or permitting a nuisance. Lincoln Bancorp had no knowledge of and no control over the alleged trafficking of Plaintiff J.R., which was the independent, intervening criminal act of third parties.

As to Plaintiff J.R.'s claim for damages against Lincoln Bancorp, it will argue that it is entitled to seek apportionment of such damages against other actors, and that it is entitled to set-off in the amount of any prior settlements received by Plaintiff for the damages alleged herein.

Lincoln Bancorp will argue that its acts or omissions were not the proximate cause of damage to Plaintiff J.R. Instead, Plaintiff J.R.'s injury and damage were caused, in whole or in part, by pre-existing and subsequent conditions and events and/or the intervening tortious or criminal conduct of persons other than Lincoln Bancorp, and/or Plaintiff J.R.'s own acts or omissions.

On the question of punitive damages, Plaintiff has not made the showing required for the imposition of punitive damages. Moreover, any such damages are

subject to a statutory cap. On the question of attorneys' fees, Lincoln Bancorp will argue that Plaintiff has not satisfied the statutory requirements for recovery of attorneys' fees.

Plaintiff also intends to demonstrate that Plaintiff's recovery is limited or barred under the doctrines of superior knowledge, assumption of the risk, last clear chance, avoidance of consequences, and/or comparative fault/contributory negligence, as she made no effort to escape her alleged trafficker, returned to her alleged trafficker after being out of his presence, and because she could have avoided her alleged damages through the use of reasonable care but failed to do so.

## II.    Relevant Rules, Regulations, Statutes, Ordinances and Illustrative Case Law

18 U.S.C. § 1591

18 U.S.C. 2255

O.C.G.A. § 51-3-1 et seq

O.C.G.A. § 41-1-2 (and § 41-2-1)

O.C.G.A. § 51-12-33

O.C.G.A. § 51-12-15

O.C.G.A. § 51-12-5.1

O.C.G.A. § 13-6-11

O.C.G.A. § 9-11-68

O.C.G.A. § 9-15-14

**TVPRA cases**:

*A.G. v. Northbrook Indus.,* 171 F.4th 1257 (11th Cir. 2026)

*Doe #1 v. Red Roof Inns, Inc.,* 21 F.4th 714 (11th Cir. 2021)

*K.H. v. Riti, No. 23-11682, 2024 WL 505063* (11th Cir. Feb. 9, 2024)

*A.D. v. Best Western International, Inc., 2023 WL 2955711, *7* (M.D. Fla. April 14, 2023)

*K.O. v. G6 Hosp., LLC,* 728 F. Supp. 3d 624, 661 (E.D. Mich. 2024)

*G.G. v. Salesforce.Com, Inc.*, 76 F.4th 544, 559 (7th Cir. 2023)

*C.C. v. H.K. Group of Co., Inc., Civil Action File No. 1:21-cv-1345-TCB, 2022 WL 467813* (N.D. Ga. Feb. 9, 2022)

*A.B. v. H.K. Group of Co., Inc., Civil Action File No. 1:21-cv-1344-TCB, 2022 WL 467786* (N.D. Ga. Feb. 9, 2022)

*G.W. v. Northbrook Indus., Inc., No. 1:20-CV-05232-JPB, 2024 WL 3166083* (N.D. Ga. June 14, 2024)

*Ricchio v. McLean, 853 F.3d 553 (1st Cir. 2017).*

**Vicarious liability/imputation of knowledge**:

*Carter v. Riggins*, 748 S.E.2d 117 (Ga. App. 2013)

*Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998)

*Estes v. Standard Fire Ins. Co.*, 66 Ga. App. 775 (1942)

*Am. Oil Co. v. McCluskey*, 119 Ga. App. 475 (1969)

*Cadet v. Fla. Dep't of Corr.*, 85 F.3d 1216 (11th Cir. 2017)

*Roylston v. Bank of Am., N.A.*, 660 S.E.2d 412 (Ga. App. 2008)

**Public Nuisance:**

*Star Residential, LLC v. Hernandez*, 311 Ga. 784 (2021)

*Edison v. Ramsey*, 146 Ga. 767 (1917)

*BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 817 F.3d 1271 (2008).

**Apportionment:**

*Burlington N. & Santa Fe Ry. Co. v. U.S.*, 556 U.S. 599 (2009)

Restatement (Second) of Torts, § 433A

**Assumption of Risk/Avoidance of Consequences:**

*Pattee v. Georgia Ports Authority*, 512 F.Supp.2d 1372 (S.D. Ga. 2007)

Restatement (Second) of Torts, § 918

*Richey v. Kroger Co.*, 845 S.E.2d 351 (Ga. App. 2020)

**Additional caselaw addressing and interpreting the statutes cited above, general principles of duty, breach, and proximate causation and the elements of the claims asserted by Plaintiff**

**All authorities relied on by Plaintiff J.R. and any related or distinguishing cases.**