UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

J.R.,

     Plaintiff,

v.

LINCOLN BANCORP, LLC,

     Defendant.

CIVIL ACTION FILE

NO. 1:25-cv-4629-JPB

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS, ANIQUE WHITMORE, AND BRIEF IN SUPPORT**

**INTRODUCTION**

Defendant asks the Court to impose the extraordinary sanction of excluding Plaintiff's expert witness, Anique Whitmore, MA, LPC, even though Defendant has not been prejudiced in any way. Plaintiff disclosed Whitmore and produced her report on May 11, 2026. Defendant then waited approximately thirty days before raising any issue, waiting longer still before providing deposition availability, and ultimately filed this Motion despite Plaintiff's prior agreement to produce Ms. Whitmore for a deposition. Defendant chose not to disclose a rebuttal witness.

Exclusion is not warranted. The timing of Plaintiff's disclosure was substantially justified because Ms. Whitmore's opinions necessarily address the factual record actually developed in discovery, not hypothetical scenarios. Once the critical

depositions concluded, Plaintiff retained Ms. Whitmore, who reviewed the completed discovery record and prepared her report, which Plaintiff disclosed before discovery expired. Any delay was also harmless because Defendant received Whitmore's report, had the opportunity to depose her (and will depose her) and had the opportunity to retain a rebuttal expert but chose not to.

## PROCEDURAL BACKGROUND

This case is one of four related lawsuits pending against Defendant Lincoln Bancorp: *J.R. v. Lincoln Bancorp, LLC* (No. 1:25-cv-4629-JPB) (N.D. Ga.), *T.H. v. Lincoln Bancorp, LLC* (No. 1:25-cv-4310-AT) (N.D. Ga.), *N.N. v. Lincoln Bancorp, LLC* (No. 1:25-cv-4313-MHC) (N.D. Ga.), and *D.B. v. Lincoln Bancorp, LLC d/b/a Super 8 by Wyndham and Lincoln Property Management, LLC* (No. 1:25-cv-5391-AT) (N.D. Ga.).[1] Each plaintiff asserts claims in her own case and also serves as a fact witness in the other three. Because of that overlap, the parties coordinated discovery and deposition scheduling across the related actions to avoid duplicative discovery and accommodate the different case schedules. Ex. 1.

## STATEMENT OF FACTS

For six months, Plaintiff drove discovery in this case. Plaintiff served her initial disclosures on November 10, 2025, including a witness list and more than 1,500 pages of documents—including the names and declarations of witnesses Santana

---

[1] The undersigned represents Plaintiffs T.H., N.N., and J.R.

Phillips and T.E. [Doc. 44]. Two days later, Plaintiff made available for inspection and duplication nearly 9,000 pages of documents. Ex. 2 at 1–2. On December 1, 2025, this Court entered its Scheduling Order, denying the parties' request for an eight-month discovery period and ordering instead a six-month discovery track, with Discovery to close on May 11, 2026. [Doc. 17] On January 9, 2026, Plaintiff served written discovery requests on Defendant. [Doc. 18].

Defendant did not move with similar diligence. On February 5, 2026, Defendant admitted that it had been in a "holding pattern" because it expected the cases to settle. Ex. 1. Defendant did not serve written discovery until February 18, 2026.[2] On February 20, 2026, Plaintiff reached out to Defendant to schedule the depositions of Defendant, witness Louis Vu, J.R., N.N., and T.H. Ex. 3 at 7; Ex. 4 at 3. Working around *Defendant's* schedule, Plaintiff and Defendant agreed to take the depositions of Defendant, Louis Vu, and J.R. on April 1 and 2. Ex. 3 at 6–7; Ex. 4 at 1. [Docs. 25–27, 29].

Those depositions yielded critical testimony. Defendant's corporate representative admitted Defendant may have observed prostitution occurring on the property, while Louis Vu testified that he was concerned prostitution was occurring at

---

[2] On March 17, 2026, Plaintiff served her responses to Defendant's written discovery, including the name and declaration of Winkeisha Vanterpool. [Doc. 24]

the hotel and invoked the Fifth Amendment when asked whether he knew prostitution or sex trafficking was occurring there. Ex. 5 at 155; Ex. 6 at 52, 89.

Plaintiff retained Ms. Whitmore on May 1, 2026. Ex. 7. On May 11, 2026, Plaintiff disclosed Ms. Whitmore and produced her expert report. That same day, discovery closed. [Doc. 32]

Defendant's response to Ms. Whitmore's disclosure mirrored its approach to discovery throughout this case: delay. After spending approximately four months postponing discovery—first by remaining in a self-described "holding pattern" awaiting settlement and then by delaying party depositions until the final weeks of discovery—Defendant took no prompt action after receiving Ms. Whitmore's report. It did not immediately request Ms. Whitmore's deposition, disclose a rebuttal expert, or otherwise seek relief. Instead, Defendant waited until June 10, 2026—the deadline for dispositive motions and approximately thirty days after receiving Ms. Whitmore's report—to raise any objection with Plaintiff. Ex. 8 at 10–11. When the parties conferred on June 16, 2026, Plaintiff agreed to produce Ms. Whitmore for deposition. Ex. 8 at 2, 9. Plaintiff did not, however, agree to reopen discovery generally.

Defendant then waited until June 22, 2026, to advise that its earliest availability to depose Ms. Whitmore was the second half of July. Ex. 8 at 7–8. Three days

later, on June 25, 2026, Defendant filed this Motion to Exclude.[3] [Doc. 39]. That same day, the Court ordered the parties to file the consolidated pretrial order by no later than July 2, 2026. [Doc. 40]. On July 2, 2026, the consolidated pretrial order was filed. [Docs. 42–43].

## ARGUMENT

Federal Rule of Civil Procedure 26(a)(2) requires a party to disclose the identity of any expert witness who might be used at trial, along with a written report. The written report must include, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(a)(2)(B)(i)−(ii); *see also Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 717 (11th Cir. 2019). "[T]he expert disclosure rule is intended to provide opposing parties' reasonable opportunity to prepare for effective cross examination and perhaps arrange for [rebuttal] expert testimony from other witnesses." *Reese v. Hebert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (internal quotations omitted).

---

[3] By the time Defendant filed this Motion, it had already deposed T.H. outside the discovery period in this case (*T.H. v. Lincoln Bancorp, LLC*, No. 1:25-cv-4310-AT, ECF Nos. 37, 39), and Plaintiff had agreed to produce Santana Phillips, T.E., and Winkeisha Vanterpool for depositions outside the discovery period. Ex. 8 at 9. Defendant had also unilaterally issued out-of-time subpoenas to entities it had known about since at least March 17, without first conferring with Plaintiff. [Doc. 38]. In short, Defendant had already obtained—or had been offered the opportunity to obtain—the very discovery it claims is necessary.

Under Local Rule 26.2(C), a court may authorize the use of a late-disclosed expert witness "upon a showing that the failure to comply was justified." N.D. Ga. LR 26.2(C). And Rule 37(c) provides that a district court may admit such reports if the failure was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Substantially justified means that reasonable people could differ as to the appropriateness of the contested action." *Knight ex rel. Kerr v. Miami-Dade Cty.*, 856 F.3d 795, 812 (11th Cir. 2017). "A harmless failure to disclose exists when there is no prejudice to the party entitled to receive the disclosure." *Northrup v. Werner Enter., Inc.,* No. 8:14-cv-1627, 2015 WL 4756947, at *1 (M.D. Fla. Aug. 11, 2015) (internal quotations omitted).

## I.    The timing of Plaintiff's expert disclosure was substantially justified.

Plaintiff disclosed Ms. Whitmore only after the factual record necessary for her opinions had been developed. Under these circumstances, the timing of the disclosure was substantially justified.

Ms. Whitmore's opinions depend on the factual record developed through deposition testimony, including testimony from Defendant's corporate representative and former employee. Ms. Whitmore did not simply evaluate Plaintiff's psychological condition in isolation. She was asked to evaluate Plaintiff's injuries and circumstances in light of the factual record concerning Defendant's conduct and Plaintiff's trafficking experience. Critical portions of that factual record—including tes-

timony from Defendant's 30(b)(6) representative regarding Defendant's knowledge of prostitution at the hotel and testimony from Defendant's manager Louis Vu— were not developed until April 1, 2026. Those depositions informed the factual basis underlying Ms. Whitmore's opinions.[4]

Plaintiff then promptly retained Ms. Whitmore after those depositions concluded. Ms. Whitmore then reviewed thousands of pages of discovery, deposition transcripts, and Plaintiff's records before completing her report, which Plaintiff served within the discovery period.

Disclosure on the final day of discovery, after those critical depositions were completed, is the type of timing courts have found substantially justified. *See OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1364−65 (11th Cir. 2008) (finding the party's failure to timely disclose substantially justified where, among other things, no trial date for the case had been set and the party reasonably needed deposition testimony of critical witnesses before it produced its expert report). Here, the timing was the result of the coordinated discovery conducted across four related actions, and the completion of critical depositions late in that process. Plaintiff's disclosure of Ms. Whitmore was substantially justified.

---

[4] In fact, Ms. Whitmore would have faced the opposite criticism had she not considered that testimony before rendering her opinions. Defendant would almost certainly have argued that her opinions were unreliable because they failed to account for critical deposition testimony.

## II.    Any delay in Ms. Whitmore's disclosure was harmless.

Defendant's motion largely ignores Rule 37's harmlessness inquiry. Aside from a footnote acknowledging that it requested Ms. Whitmore's deposition and that Plaintiff agreed to produce her, Defendant makes no meaningful attempt to explain why exclusion is warranted despite the absence of any conceivable prejudice. That concession substantially undermines Defendant's motion.

The purpose of the expert disclosure requirements is to afford the opposing party a reasonable opportunity to prepare for effective cross-examination. Fed. R. Civ. P. 26(a)(2) advisory committee's note to 1993 amendment. That purpose has been fully satisfied here. Defendant has Ms. Whitmore's report. Defendant is in the process of scheduling her deposition. And Defendant had the opportunity to disclose a rebuttal expert and chose not to do so. Defendant has suffered no prejudice that a lesser remedy does not fully cure. *See Haines v. Webb*, No. 1:13-cv-1783-AT, 2014 WL 12828962, at *8 (N.D. Ga. Sept. 26, 2014) (finding that defendants failed to point to any actual prejudice caused by plaintiff's untimely disclosure where defendants were given the opportunity to depose the expert and offer rebuttal testimony); *Ferguson v. Bombardier Servs. Corp.*, 244 F. App'x 944, 950 (11th Cir. 2007) (no prejudice where defendant had "ample time to prepare for [the expert's] testimony" before trial). Thus, any legitimate prejudice has been wholly eliminated.

Although Local Rule 26.2(C) speaks in terms of justification, the Eleventh Circuit has recognized that the absence of prejudice bears on whether exclusion is warranted under the Rule. *Salkic v. Heartland Express, Inc.*, 813 F. App'x 444, 449 (11th Cir. 2020) (affirming denial of motion to exclude where there was no suggestion of "surprise or prejudice").  And courts in this district routinely analyze harmlessness where questions arise as to whether late disclosure of an expert warrants exclusion. *See Hull v. Safeco Ins. Co. of Ind.*, No. 1:24-cv-4929, 2026 WL 1811470, at *3–4 (N.D. Ga. May 18, 2026); *Ayers v. Ford Motor Co.*, No. 2:22-cv-0064, 2025 WL 3684601, at *2–3 (N.D. Ga. Nov. 5, 2025); *Pass v. Berkel & Co. Contractors, Inc.*, No. 1:24-cv-1053, 2025 WL 3006187, at *2 (N.D. Ga. Oct. 27, 2025); *Sullivan v. FP Glenwood, LLC*, No. 1:24-cv-1439, 2026 WL 1105013, at *3 (N.D. Ga. Mar. 9, 2026); *Winders v. State Farm Fire & Cas. Co.*, 359 F. Supp. 3d 1274, 1281–82 (N.D. Ga. 2018).

Moreover, any prejudice Defendant claims is largely of its own making. Plaintiff disclosed Ms. Whitmore on May 11, 2026. In the 59 days since that disclosure, Defendant has neither deposed Ms. Whitmore nor disclosed a rebuttal expert. Defendant waited until June 10 to object to the disclosure, waited until June 22 to provide (limited) deposition availability, and then filed this Motion on June 25. Defendant cannot manufacture prejudice through inaction and then rely on that self-created prejudice to seek the extraordinary sanction of exclusion. By agreeing to produce

9

Ms. Whitmore, Plaintiff voluntarily offered the remedy Rule 37 often employs, short of exclusion. Nevertheless, Defendant insists on the harshest available sanction not because lesser remedies are inadequate, but because exclusion would improve its litigation position. But Rule 37 is remedial, not tactical.

Because Plaintiff has already agreed to every measure necessary to eliminate any arguable prejudice, exclusion is unwarranted.

## CONCLUSION

Plaintiff's disclosure of Ms. Whitmore was substantially justified because her opinions necessarily depended on the factual record developed through discovery, including critical deposition testimony that was not available until the final weeks of the discovery period. Any delay was also harmless. Defendant has Ms. Whitmore's report, will have the opportunity to depose her, and elected not to disclose a rebuttal expert. Plaintiff has already agreed to every remedy Rule 37 would ordinarily provide short of exclusion. Exclusion is an extraordinary tool for a party that manufactured delay at every stage of this litigation. For these reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Exclude Plaintiff's Expert Witness, Anique Whitmore.

Respectfully submitted on July 9, 2026.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jennifer M. Webster*

10

PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile

11

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jennifer M. Webster*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile