UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

J.R.,

    Plaintiff,

v.

LINCOLN BANCORP, LLC,

    Defendant.

CIVIL ACTION FILE
NO. 1:25-cv-04629-JPB

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS, ANIQUE WHITMORE

COMES NOW Defendant, Lincoln Bancorp, LLC, (hereinafter "Defendant") and hereby replies to Plaintiff's Opposition to Defendant's Motion to Exclude Plaintiff's Expert Witness, Anique Whitmore, showing the Court as follows

## I.

## INTRODUCTION

The issue before the Court is straightforward. The Plaintiff's expert disclosure was untimely (which Plaintiff has now conceded), and Defendant is therefore unable to retain a rebuttal expert within the discovery period set by the Court. Plaintiff rejected Defendant's proposal to extend discovery and will not agree to Defendant retaining a rebuttal expert outside of discovery. According to Plaintiff, the only option currently available to Defendant is to accept Ms.

1

Whitmore's late disclosure and live with the related prejudice created thereby.  But, Defendant is not limited to this Hobson's choice; not when Plaintiff's disclosures have violated the applicable rules and the Court's scheduling order.  Where an expert disclosure is untimely (as it is here), those experts **must** be struck, absent a showing of justification, which has not been demonstrated herein.  *See* N.D. Ga. LR 26.2(C).  This is **not** an extreme measure, as Plaintiff proclaims.  Rather, it is the necessary and proper remedy to ensure an unfair advantage is not gained through improper disclosure.  ***Diaz v. P'ship, Inc.***, 2023 U.S. Dist. LEXIS 236586, *8 (N.D. Ga. April 26, 2023) ("Where a party fails to timely disclose an expert, prejudice is presumed, and ***exclusion of the expert is the proper remedy*** unless the delay was 'justified.'") (emphasis added).[1]  And, despite the feigned surprise in Plaintiff's brief that Defendant would dare file such a motion, Plaintiff must have known such a motion was coming when she forced Defendant to seek the only relief left available.

## II.

## <u>ARGUMENT</u>

### A. *Plaintiff's Allegations of Delay do not Appear to be Supported by the Record and are Irrelevant to the Issue at Hand.*

Plaintiff begins her Opposition alleging that discovery was delayed by the Defendant early on in this case, with depositions being scheduled and written

---

[1] A copy of the Diaz opinion is attached at ***Exhibit "A"***.

discovery being served in February, April and May of 2026.  ***Doc. 45***, p. 3.  The undersigned was not involved in this case at the time, but notes that the emails touted by Plaintiff suggest parties working together on scheduling, as opposed to any sandbagging or sabotage, and, as far as Defendant is aware, Plaintiff never raised any discovery concerns with the Court.  Nevertheless, the only relevance that any of this could potentially have to Ms. Whitmore's late disclosure is if it somehow prevented Plaintiff from disclosing Ms. Whitmore sooner.  It didn't (which is discussed more thoroughly below).

**B.    *Defendant's Motion is the Result of Plaintiff's Late Expert Disclosure.***

Defendant's Motion to Exclude Plaintiff's expert was born out of necessity, not legal gamesmanship.  It cannot be denied that, when Ms. Whitmore was disclosed on day discovery expired, Defendant could not complete her deposition within the discovery period set by the Court.  While the Parties have agreed to take Ms. Whitmore's deposition outside of the discovery period, that agreement carries some risk and, more importantly, it does not afford Defendant full relief from the prejudice created by her late disclosure.

First, Your Honor's Standing Order provides that "[t]he Court will not enforce any private agreements between the parties and/or their counsel to conduct discovery beyond the conclusion of the discovery period."  ***Standing Order***, p. 17.  Thus, agreements among lawyers notwithstanding, if Ms. Whitmore is not

3

ultimately produced, Defendant is without any recourse to compel it. Given the serious nature of Plaintiff's claims, Defendant must take steps to mitigate against this risk, no matter how slight.[2]

Second, taking Ms. Whitmore's deposition outside of discovery does not permit Defendant any opportunity to follow up on her opinions. Most obviously, Defendant cannot retain and disclose a rebuttal expert – as, per the Court's Scheduling Order, any such disclosure was due on the same day that Ms. Whitmore was identified and her report produced.

Accordingly, Defendant was left with two choices – it could seek to extend discovery or it could move to strike Ms. Whitmore. As for extending discovery, the undersigned did broach that issue with Plaintiff's attorneys, but they would not agree. And, as the Court's Standing Order requires motions for extension to be brought prior to the expiration of discovery (*id.*), a unilateral motion was not feasible. Thus, Defendant exercised its sole remaining option – moving to strike Ms. Whitmore based on Plaintiff's untimely disclosure.

---

[2] The undersigned does ***not*** mean to imply that Plaintiff's attorneys cannot be trusted to produce Ms. Whitmore as indicated. Counsel in this case have good relationship and have worked well together on this case and others. Defendant has no doubt that the Ms. Whitmore will be produced for her deposition in the coming weeks, as promised.

It should also be noted that none of this came as a surprise to Plaintiff, as Defendant's attorney specifically stated that, absent a discovery extension, Defendant would be compelled to move to exclude Ms. Whitmore, stating:

> In J.R., y'all disclosed Whitmore on 5/11 – the day that discovery expired.  How do y'all want to handle that?  I don't think the disclosure would be considered timely, as the scheduling order states that fact and expert discovery should be completed by 5/11.  I know the initial discovery period was pretty short at 6 months.  Are y'all agreeable to reopening discovery to permit us to depose Whitmore and potentially retain (and prepare) a rebuttal expert?  I think my only alternative to that would be to move to strike her.

*See **Doc 45-8***, pp. 10-11.[3]

### C.    *Ms. Whitmore's Late Disclosure was not Justified.*

In her Opposition, Plaintiff concedes that her expert disclosure was untimely. ***Doc. 45***, p. 6.  She argues, however, that late disclosures are permitted when they are substantially justified – *i.e.* where "reasonable people could differ as to the appropriateness of the contested action." ***Id.*** (*citing **Knight ex rel. Kerr v. Miami-Dade Cty.***, 856 F.3d 797, 812 (11th Cir. 2017)).  As will be pointed out below, that

---

[3] The undersigned would note that, in the email chain at ***Doc. 45-8***, Plaintiff's counsel agrees to permit Defendant the opportunity to retain a rebuttal expert. However, that agreement is in the sister cases of T.H. and N.N.  The undersigned confirmed with Jonathan Tongue over the phone that Plaintiff J.R. does ***not*** consent to Defendant disclosing a rebuttal expert in ***this*** case, which is also made clear by virtue of Plaintiff's Opposition failing to mention any such agreement in regard to Plaintiff J.R.

is not the appropriate standard for determining justification. Nevertheless, Plaintiff fails to meet even this low bar.

Specifically, Plaintiff claims Ms. Whitmore's opinions were disclosed late, because she needed the have the testimony of Defendant's 30(b)(6) representative and Defendant's manager as it related to "Defendant's knowledge of prostitution at the hotel". *Id.*, pp. 6-7. Since those depositions were not completed until April 1, 2026, Plaintiff argues she moved quickly to retain Ms. Whitmore, and that Ms. Whitmore, in turn, moved quickly to review the information, interview the Plaintiff, and publish her opinions. *Id.* Thus, Plaintiff posits that Ms. Whitmore's untimely disclosure on May 11, 2026, was substantially justified. Plaintiff's position, however, is belied by Ms. Whitmore herself, who authored a lengthy and detailed report which is all but devoid of any reference to the deposition testimony Plaintiff now contends necessitated this delay.

Ms. Whitmore is a psychotherapist. In her report, she states that her assignment was to examine and determine if the "vulnerabilities, methods of exploitation, inability to escape, impacts and environment" of Plaintiff's trafficking are "consistent with those common in sex trafficking incidents." **Whitmore Report**, p. 4.[4] Over half of her report is general in nature – Ms. Whitmore defines

---

[4] Ms. Whitmore's report was previously attached as an Exhibit to Defendant's Motion at **Doc. 39-5**.

and describes trafficking, what makes people vulnerable to trafficking, methods employed by traffickers, why victims might not escape traffickers, and the psychological consequences of trafficking on trafficking victims – none of which relates to or even references Plaintiff or this case specifically. *Id.*, pp. 4-13. The second half of Ms. Whitmore's report is based upon her "clinical assessment" of Plaintiff, which Ms. Whitmore conducted, via ZOOM, on May 4, 2026. *Id.*, pp. 14-15.[5] Over the next several pages, Ms. Whitmore relies almost exclusively upon the account provided by Plaintiff during this clinical assessment to opine on Plaintiff's vulnerabilities, the methods of exploitation used by Plaintiff's traffickers, Plaintiff's inability to escape, and the impact of the trafficking upon Plaintiff. *Id.*, pp. 16-23.

Ms. Whitmore mentions the depositions at issue only once in her 32 page report – stating on the final page of her opinions:

> The Super 8's manager, Louis Vu, also reported that he saw younger girls at the hotel. In addition, the Super 8 acknowledged that women engaged in prostitution regularly frequented the property.

*Id.*, p. 24. Notably, Ms. Whitmore's interpretation of the subject testimony is dubious at best[6], but, more important for the issue at bar, it is clear from Ms.

_____

[5] Ms. Whitmore was retained on May 1, 2026.

[6] Defendant's 30(b)(6) witness, Tony Tran, and Louis Vu both repeatedly *denied* witnessing prostitution at the hotel, with Mr. Tran conceding that he may have

Whitmore's report that these depositions did **not** inform the factual basis underlying her opinions, as Plaintiff claims. **Doc. 45**, p. 7. The fact that "young girls" were seen at the hotel (as they are in public and private facilities every day) or that prostitutes frequented the hotel (even if such a concession had been made) have nothing to do with Ms. Whitmore's general proclamations on trafficking and trafficking victims or her specific musings on Plaintiff (*i.e.* what happened to Plaintiff and how affected her). Moreover, Plaintiff herself (in her Complaint, in her deposition, and, based on Ms. Whitmore's report, in her interview with Ms. Whitmore) as well as the affiants Santana Phillips and T.E., (whose declarations were provided in Plaintiff's initial disclosures and are on file at **Doc. 44**) had already alleged that prostitution, involving young girls, was observable to hotel management. So, even if Ms. Whitmore's account of the testimony of Mr. Tran and Mr. Vu were accurate (which it isn't), the underlying information she claims to have gleaned from those depositions had been available to her for months.[7]

---

received complaints about prostitution "a couple of times". *See* Tran Depo. Trans., attached at **Exhibit "B"**, pp. 49-51, 53-55, 60, 153-55; 162-63; Vu Depo. Trans., attached at **Exhibit "C"**, pp. 52-54, 69, 70, 80. And, as to the alleged concession that they saw "young girls" at the hotel, the context of that testimony reveals that they stated that younger people (girls and boys) and older people stayed at the hotel, not that they witnessed young girls they suspected to be prostitutes or trafficking victims. **Exhibit "B"**, pp. 190-92; **Exhibit "C"**, pp. 75-77, 85-86.

[7] Defendant does not concede that said allegations are accurate, only that they were a part of the record independent of Mr. Tran and Mr. Vu's deposition testimony.

Perhaps more glaringly, Plaintiff ignores the well settled axiom that late disclosure of an expert is unjustified where the plaintiff was aware of the need for expert testimony before the very end of discovery. *Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, 2017 U.S. Dist. LEXIS 91738, *7-8 (N.D. Ga. Feb. 1, 2017) ("A party's failure to comply with Local Rule 26.2(C)'s disclosure requirements is not justified when the party knew or should have known that an expert was necessary before the late stages of the discovery period."); *Vision Airlines, Inc. v. SST Air, LLC*, 2013 U.S. Dist. LEXIS 182838, *12 (N.D. Ga. Feb. 27, 2013) (finding an untimely expert dislosure to be unjustified where the plaintiff "could plausibly foresee the need for expert testimony" before the end of the discovery period.).[8]

Plaintiff cannot legitimately claim that she did not foresee the need to retain Whitmore until the waning days of the discovery period – and, indeed, *she makes no such contention*. The subject areas on which Ms. Whitmore opines were present in this case since it's inception and certainly did not become manifest through the testimony of Mr. Vu or Mr. Tran. Moreover, Plaintiff's firm is very well acquainted with Ms. Whitmore; these lawyers have retained her time and time

---

[8] The *Luxottica* and *Vision* opinions are attached at *Exhibits "D"* and *"E".*

again to offer similar opinions in prior trafficking cases.[9]  Any suggestion that they did not foresee the need to use her in *this* case strains all credulity.  Plaintiff simply cannot show that Ms. Whitmore's untimely disclosure was justified, and Defendant's Motion should be granted.

**D.     *Prejudice is Assumed where there is a Late Disclosure, and Ms. Whitmore's Late Disclosure was not Harmless.***

Plaintiff next argues that Defendant's Motion should be denied, since Defendant has shown no prejudice stemming from Ms. Whitmore's late disclosure. ***Doc. 45***, pp. 8.  Again, this is an incorrect statement of both law and fact.  *See* ***Diaz***, ***supra***; *see also* ***Harrell v. United States Fire Ins. Co.***, 2019 U.S. Dist. LEXIS 147725, *4 (N.D. Ga. Feb. 28, 2019) (In deciding whether to strike untimely expert testimony, "this Court does not ask whether the opposing party is prejudiced by the delay. … Rather, prejudice is presumed because the very point of this Court's expert-disclosure rule 'is for the opposing party to have an adequate

---

[9] Ms. Whitmore's list of prior testimony, attached at ***Exhibit "F"***, shows that she was retained by Anderson, Tate & Carr in no less than ***twelve*** prior trafficking cases – ***Doe v. Suresh & Durga, Inc.***, ***D.H. v. Tucker Inn***, ***WK v. RRI*** (Red Roof), ***H.M. and L.B. v. Radheshvar, LLC***, ***T.O. v. Janki Motel, Inc.***, ***S.D. v. Janki Motel, Inc.***, ***K.W. v. Janki Motel, Inc.***, ***T.O. v. Janki Hotels***, ***K.W. v. Janki Hotels***, ***S.D. v. Janki Hotels***, ***Heidi Brand and J.S. v. Suresh & Durga, Inc***., ***H.M. & I.B. v. Radheshvar***.  And these are only the cases where she was retained directly by Anderson, Tate & Carr.  There may be other cases in which Anderson, Tate & Carr was involved and Ms. Whitmore was retained by co-counsel.

opportunity to depose the expert and name its own counter-expert.'") (internal cites omitted).[10]

But, even if prejudice to the Defendant was a factor for the Court to consider, it is clear that prejudice exists here. Plaintiff notes that the Parties have agreed to depose Ms. Whitmore (which is true) and then states "Defendant had the opportunity to disclose a rebuttal expert and chose not to do so" (which is not true). Disclosure of a defense rebuttal expert on the same day as the disclosure of the plaintiff's witness he or she is going to rebut is a practical impossibility. And, as noted above, Plaintiff rejected the Defendant's request to enlarge discovery so that a rebuttal expert could be procured, disclosed and deposed. Simply put, Ms. Whitmore's late disclosure made it impossible to comply with the Court's scheduling order, and the Plaintiff rejected Defendant's request to seek relief from the Court's scheduling order. Plaintiff's argument that Defendant has not been prejudiced falls apart under the slightest scrutiny, as the prejudice here is the very same prejudice that naturally flows from a late disclosure. *See **Diaz** and **Harrell**,* supra.

To the extent Plaintiff is critical of Defendant for failing to go ahead and disclose a rebuttal expert after Ms. Whitmore's disclosure, such a move is proscribed under the rules. *See **Doc. 49**,* p. 9 ("In the 59 days since [Ms.

---

[10] A copy of the ***Harrell*** opinion is attached at ***Exhibit "G"***.

11

Whitmore's] disclosure, Defendant has neither deposed Ms. Whitmore nor disclosed a rebuttal expert.").[11]   Under Fed. R. Civ. Pro. 26(a)(2)(D) expert disclosures are to be made pursuant to the scheduling order, when there is one, and, when there's not a scheduling order, rebuttal experts are to be disclosed within 30 days of the disclosure of the other party's expert.  And, per LR 26.2(C), a party who wants to use expert testimony "shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to close of discovery."[12]

Here, there was a scheduling order in place, and Defendant was therefore unable to unilaterally disclose a rebuttal expert in violation of that order.  Thus, if Plaintiff is thinking that Defendant could have simply gone ahead and disclosed a rebuttal expert, she is mistaken, as violating the Federal and Local Rules (even if it is trading one violation for another) is not a viable option.

---

[11] Defendant would note that counsel have discussed deposing Ms. Whitmore in August, though a date is not yet set.

[12] Moreover, as noted above, per Your Honor's Standing Order, private agreements to conduct discovery outside the Court's deadlines will not be enforced by the Court.

## III.

## <u>CONCLUSION</u>

Based on the above, Defendant respectfully requests the Court issue an

Order excluding Plaintiff's expert from appearing at trial.

Respectfully submitted, this 16th day of July, 2026.

> **WEINBERG, WHEELER,
> HUDGINS, GUNN & DIAL, LLC**
>
> */s/ Christopher T. Byrd*
> Christopher T. Byrd
> GA Bar No. 100854
> Shubhra R. Mashelkar
> GA Bar No. 475388
> 3344 Peachtree Road, N.E.
> Suite 2400
> Atlanta, Georgia 30326
> (404) 876-2700
> cbryd@wwhgd.com
> smashelkar@wwhgd.com
>
> *Counsel for Defendant Lincoln
> Bancorp, LLC*

13

**RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Under Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that this submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

*/s/ Christopher T. Byrd*
Christopher T. Byrd

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 16, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing by electronic mail to all counsel or parties of record.

**WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854