# EXHIBIT D

# *Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*

United States District Court for the Northern District of Georgia, Atlanta Division

February 1, 2017, Decided; February 1, 2017, Filed

CIVIL ACTION NO. 1:15-cv-1422-AT

**Reporter**
2017 U.S. Dist. LEXIS 91738 *

LUXOTTICA GROUP, S.p.A., an Italian Corporation, and OAKLEY, INC., a Washington Corporation, Plaintiffs, v. AIRPORT MINI MALL, LLC, a Georgia Limited Liability Company doing business as Old National Discount Mall, YES ASSETS, LLC, a Georgia Limited Liability Company, CHIENJUNG YEH, also known as Jerome Yeh, DONALD YEH, JENNY YEH, and ALICE JAMISON, Individually, Defendants.

**Prior History:** *Allstate Ins. Co. v. Airport Mini Mall, LLC, 2015 U.S. Dist. LEXIS 190583 (N.D. Ga., Nov. 23, 2015)*

**Counsel:  [*1]** For Luxottica Group, S.p.A., an Italian corporation, Oakley, Inc., a Washington corporation, Plaintiffs: David Rosemberg, LEAD ATTORNEY, Broad and Cassel, PL -M. Fl, Miami, FL; George G. Mahfood, LEAD ATTORNEY, PRO HAC VICE, Broad and Cassel, PL -M. Fl, Miami, FL; John David Farrish, LEAD ATTORNEY, Quintairos, Prieto, Wood & Boyer, P.A.- ATL, Atlanta, GA; John Jason Smith, LEAD ATTORNEY, Bryan Scott Kaplan, Kitchens Kelley Gaynes, P.C., Atlanta, GA; Rachel R. Krause, LEAD ATTORNEY, Lewis, Brisbois, Bisgaard & Smith, LLP-GA, Atlanta, GA.

For Airport Mini Mall, LLC, a Georgia limited liability company, doing business as Old National Discount Mall, Yes Assets, LLC, a Georgia limited liability company, Chienjung Yeh, also known as Jerome C. Yeh, Donald C. Yeh, individually, Defendants: Melissa Cordell Patton, LEAD ATTORNEY, Andrei Vlad Ionescu, Marvin Dewayne Dikeman, Webb Zschunke Neary & Dikeman, LLP, Atlanta, GA; Daniel J. Huff, Huff Powell & Bailey, LLC, Atlanta, GA.

For Jenny Yeh, Alice Jamison, Defendants: Daniel J. Huff, Huff Powell & Bailey, LLC, Atlanta, GA; Marvin Dewayne Dikeman, Webb Zschunke Neary & Dikeman, LLP, Atlanta, GA.

For Allstate Insurance Company, Movant: Samuel Hancock **[*2]** Sabulis, LEAD ATTORNEY, Erica L. Parsons, Lueder, Larkin & Hunter, LLC -Atl, Atlanta, GA.

**Judges:** Amy Totenberg, United States District Judge.

**Opinion by:** Amy Totenberg

# Opinion

## ORDER

Plaintiffs' Motion to Exclude ***Expert*** Testimony and Report of Louis Levenson [Doc. 96] is pending before the Court. Plaintiffs seek to exclude the ***expert*** testimony of Louis Levenson on the grounds that Defendants' ***disclosure*** of Mr. Levenson as an ***expert*** witness was untimely and because all of the opinions in Mr. Levenson's report constitute inadmissible legal conclusions. For the reasons set forth below, the motion is **GRANTED.**

## I. BACKGROUND

Christopher Byrd

Pursuant to the August 19, 2015 Scheduling Order, the six-month discovery period in the case ended on January 16, 2016. On January 20, 2016, four days after the close of discovery, Defendants filed the **_expert_** report of Louis Levenson. Mr. Levenson had not previously been disclosed as an **_expert_** during the discovery period.

Mr. Levenson, a practicing attorney and former Magistrate Judge in Georgia, provided a report based on his professional experience on "landlord tenant issues (specifically, but not limited to burdens and duties upon landlords to evict tenants against whom it is alleged some sale of unlicensed **[*3]** retail products)." (Doc. 96-2 at 3.) The totality of Mr. Levenson's **_expert_** opinions are as follows:

> Based on my investigation, and cognizant of review of the pleadings and the conversations with Mr. Dikeman, I am comfortable with forming an opinion that an eviction proceeding would not be feasible, successful or supported by competent evidence, or, for that matter, even ethically appropriate under Georgia's landlord tenant statutes (*OCGA 44-7-50 et. Seq*) unless the licensor of the licensed goods alleged to be sold unlawfully were established by professional or **_expert_** testimony to be unlicensed goods. In other words, if the licensor of the goods, in this case "sunglasses" provides non hearsay evidence to establish a prima facie case of lease violation and thereafter participates with the owner of the "mall" at the trial court, to prove to the court that the tenant or subtenant has violated the lease by selling unlicensed goods, then in that event, the owner of the mall would be capable of moving successfully to dispossess the party (subtenant) at trial such that a writ of possession might issue. Though the Magistrate Court of Fulton County is not bound by the *Civil Practice Act*, the **[*4]** rules of evidence still do apply and it is my opinion that *without competent, direct and non hearsay evidence, the mall owner or management simply alleging that the unlicensed goods are being sold and distributed at the mall would he grossly insufficient to set forth a valid cause of action for a writ to issue and to evict the lease violator,

*Id.* at 4.)

## II. DISCUSSIO

Plaintiffs move under *Local Rule 26.2(C)* to exclude Mr. Levenson's **_expert_** testimony at trial because Defendants failed to disclose his identity as an **_expert_** and provide his **_expert_** report before the close of the discovery period. Defendants counter in their response that Mr. Levenson's report was timely filed because: (1) *Federal Rule of Civil Procedure 26* provides that **_expert_** **_disclosures_** be made at least 90 days before the date set for trial absent a stipulation or court order as to the time for disclosing **_expert_** testimony; (2) the parties did not stipulate to any other time for disclosing **_experts_** or producing **_expert_** reports; (3) the Court's Scheduling Order does not change the 90-day window for **_disclosure_**; and (4) Defendants produced Mr. Levenson's *Rule 26* Report more than one year before the scheduled February 2017 trial date. Alternatively, to the extent the Court considers Levenson's **[*5]** **_disclosure_** to be untimely, Defendants assert that his testimony cannot be excluded without a showing of harm by Plaintiffs.[1]

*Federal Rule of Civil Procedure 26(a)(2)* governs the **_disclosure_** requirements for **_expert_** testimony. *Rule 26(a)(2)* provides that a party must make its **_expert_** witness **_disclosures_** "at the times and in the sequence that the court orders." *Fed. R. Civ. P. 26(a)(2)(D)* (further providing that only when there is no stipulation or a court order, the **_disclosures_** must be made at least 90 days before the date set for trial). The *Guidelines to Parties and Counsel in Cases Proceeding Before the Honorable Amy Totenberg* entered in this case on May 15, 2015 at Doc. 9 provide, "[t]his order, in combination with the Local Rules of this court and the Federal Rules of Civil Procedure, shall govern this case." (Doc. 9 at 1.); *see also* *LR 1.1(B)*&*(C)*, NDGa. ("The Local Rules of the Northern District of Georgia govern all civil actions pending in the Court and "supplement the Federal Rules of Civil Procedure and shall be

---

[1] Defendants also assert that Plaintiffs' Motion to Exclude under *Daubert* should be denied as untimely because under the Scheduling Order approving the parties' Joint Preliminary Report and Discovery Plan, *Daubert* motions were due to be filed on November 15, 2016, the same date the proposed pretrial order was due. Defendants' position is meritless. Plaintiffs' Motion to Exclude was filed on November 15, 2016 at 9:50 A.M., six hours before the parties filed the proposed pretrial order.

construed so as to be consistent with those Rules and to promote the just, efficient, and economical determination of every action and proceeding" except where inconsistent.)

Local Rule 26.2(C) governs the timing of **expert** **disclosures** and provides:

> Any party who desires to **[\*6]** use the testimony of an **expert** witness shall designate the **expert** **sufficiently early in the discovery period** to **permit** the opposing party the opportunity to depose the **expert** and, if desired, to name its own **expert** witness **sufficiently in advance of the close of discovery** so that a similar discovery deposition of the second **expert** might also be conducted **prior to the close of discovery**.

> Any party who does not comply with the provisions of the foregoing paragraph shall not be **permitted** to offer the testimony of the party's **expert**, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

LR 26.2(C), NDGa. (emphasis added). The Eleventh Circuit has held that Federal Rule of Civil Procedure 26(a)(2) "correlates with local rule 26.2, which mandates that **expert** opinions must be disclosed sufficiently early in the discovery period to allow the opposing party to react before the close of discovery, under penalty of exclusion." Mann v. Taser Intern., Inc., 588 F.3d 1291, 1310 (11th Cir. 2009) (citing LR 26.2(C), NDGa.); Reese v. Herbert, 527 F.3d 1253, 1264 (11th Cir. 2008) (holding that Rule 26's **expert** **disclosure** rule "is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination and perhaps arrange for **expert** testimony from other witnesses," and that Local Rule 26.2 accords with the purpose of Federal Rule 26 by **[\*7]** requiring parties to designate **expert** witnesses sufficiently early in the discovery process). "Because the **expert** witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." Reese, 527 F.3d at 1266 (quoting Cooper v. S. Co., 390 F.3d 695, 728 (11th Cir. 2004), overruled on other grounds by Ash v. Tyson Foods, Inc., 546 U.S. 454, 457-58, 126 S. Ct. 1195, 163 L. Ed. 2d 1053 (2006)).

Accordingly, Defendants were required to disclose their **expert** witnesses and produce **expert** reports before the close of discovery. Id.; see also Watkins v. KFC U.S. Properties, Inc., 1:09-CV-1007-JEC, 2011 U.S. Dist. LEXIS 98181, 2011 WL 3875986, at \*5 (N.D. Ga. Aug. 31, 2011) (stating that "at the least, a party is expected to disclose his **expert** witness at some point during the discovery period" in order to comply with Local Rule 26.2(C)). Under Local Rule 26.2(C), Defendants are therefore precluded from offering Mr. Levenson's **expert** testimony unless their failure to comply was justified. LR 26.2(C), NDGa.; Mann, 588 F.3d at 1310-11 (finding district court properly excluded untimely **expert** affidavit where party failed to show that the failure to disclose the **expert**'s opinions in a timely fashion was justified); Reese, 527 F.3d at 1265-66; The Lamar Co., L.L.C. v. City of Marietta, Ga., 538 F. Supp. 2d 1366, 1377-79 (N.D. Ga. 2008) (excluding **expert** testimony absent party's justification for failure to designate **expert** "sufficiently early in the discovery period" under LR 26.2(C)).

A party's failure to comply with **[\*8]** Local Rule 26.2(C)'s **disclosure** requirement is not justified when the party knew or should have known that an **expert** was necessary before the **late** stages of the discovery period. Morrison v. Mann, 244 F.R.D. 668, 672-73 (N.D. Ga. 2007) (Carnes, J.) (citing APA Excelsior III, L.P. v. Windley, 329 F.Supp.2d 1328, 1338 (N.D. Ga.2004) (denying untimely request to name **expert** witnesses after the close of discovery and finding party's failure to comply with Local Rule 26.2(C) was unjustified, where the "need for an **expert** should have been apparent during discovery")); The Lamar Co., L.L.C., 538 F. Supp. 2d at 1379 (finding that defendants had ample opportunity to designate **expert** and that defendants "were on notice of the damages issue from the commencement of this litigation"). Plaintiffs' claim for contributory liability as to the owners and operators of the flea market at which counterfeit merchandise is sold by the vendors is premised on Defendants' role as landlords and their resultant ability to control the use of their property by tenants under the terms of their lease agreements. As Defendants have been aware of the basis of the lawsuit throughout the litigation, the need for an **expert** on "landlord/tenant" issues was apparent during the discovery period. Defendants could have sought more time for discovery in order to hire their **expert**, but instead opposed any reopening of discovery in connection **[\*9]** with Plaintiffs' motion to add claims against Ms. Yeh and Ms. Jamison. (See Doc. 55 at 10-11.)

Defendants offer no excuse for the untimely *__disclosure__* of Mr. Levenson's *__expert__* testimony or their failure to seek a discovery extension so as to *__permit__* a proper *__disclosure__*. Defendants have not even attempted to make a showing that their failure to make their *__expert__* *__disclosures__* within the discovery period was justified. Ignoring completely their obligation to comply with *Local Rule 26.2(C)*, Defendants instead assert that must show harm before the *__expert__* testimony can be excluded. Defendants' argument is not persuasive.

First, *Local Rule 26.2(C)* does not require that Defendants demonstrate prejudice in order to have Mr. Levenson excluded as an *__expert__* witness. *Durkin v. Platz, 920 F. Supp. 2d 1316, 1327-28 (N.D. Ga. 2013)* (explaining that the standard for striking untimely *__expert__* testimony is not whether the opposing party is prejudiced, but whether the proffering party's failure to comply was justified); *Fedrick v. Mercedes-Benz USA, LLC, 366 F. Supp. 2d 1190, 1193-95 (N.D.Ga. 2005)* (excluding testimony of plaintiff's *__expert__* witness because, inter alia, plaintiff's failure to *__identify__* *__expert__* witness in compliance with *Local Rule 26.2(C)* was not justified and finding plaintiff's "material prejudice" argument without merit based on plain language of *Local Rule 26.2(C)*); *Williams v. Energy Delivery Servs., Inc., Civ. Action N0. 1:04-cv-3101-CC, 2005 U.S. Dist. LEXIS 45974, 2005 WL 5976570, at *3 (N.D. Ga. Sept. 6, 2005)* **[*10]** (Cooper, J.); *Mann v. Taser Int'l, Inc., Civil Action No. 4:05-cv-273-HLM, Doc. 478, 2008 U.S. Dist. LEXIS 125927 (July 29, 2008)* (Murphy, J.), *aff'd* *588 F.3d 1291, 1310-11 (11th Cir. 2009)*.

Second, the delay created by a party's failure to timely disclose her *__experts__* during the discovery period is itself prejudice warranting exclusion of the *__expert__* from testifying at trial. *See, e.g., Reese, 527 F.3d at 1265-66* (where the local rules require *__disclosure__* that is "sufficiently early in the discovery period" so as to *__permit__* the other party to depose the *__expert__* and the opportunity to name a *__rebuttal__* *__expert__* "sufficiently in advance of the close of discovery" so that the *__expert__* could also be deposed during the discovery period, the *__disclosure__* of an *__expert__* affidavit after the close of discovery forecloses the opposing party's opportunity to depose the *__expert__* and to obtain an *__expert__* of their own); *Durkin, 920 F. Supp. 2d at 1328* (excluding *__late__* disclosed *__expert__* testimony and explaining that by filing their *__expert__* *__disclosures__* after the close of discovery, defendants deprived plaintiffs of an adequate opportunity to depose the *__expert__* and name their own counter-*__expert__*); *Watkins v. KFC U.S. Properties, Inc., No. 1:09-CV-1007-JEC, 2011 U.S. Dist. LEXIS 98181, 2011 WL 3875986, *5-6 (N.D. Ga. 2011)* **[*11]** (Carnes, J.) ("If the Court were to *__permit__* the defendant to utilize this witness, it would then have to direct the defendant to provide a report that complies with *Rule 26*. After that report was received, discovery would then have to be reopened for the plaintiff to depose the *__expert__*. All of this would create delay and unnecessarily prejudice the plaintiff, who has timely performed her obligations under the local rules.").

As a result of Defendants' failure to designate Mr. Levenson as an *__expert__* within the discovery period, Plaintiff was foreclosed from deposing him and designating a *__rebuttal__* *__expert__* during the discovery period, without being forced to seek an extension of discovery and a delay in the case. In order to *__permit__* Defendants to offer Mr. Levenson's testimony at trial, the Court would be required to "reopen discovery" to allow Plaintiffs the opportunity to take his deposition and designate a *__rebuttal__* *__expert__* within the few weeks remaining before the scheduled trial date. Such delay, in the absence of any justification by Defendants, is grounds to exclude Mr. Levenson's testimony at trial. Accordingly, the Court **GRANTS** Plaintiffs' Motion to Exclude *__Expert__* Testimony **[*12]** and Report of Louis Levenson as untimely under *Local Rule 26.2(C)*.

Even assuming Defendants had complied with *Local Rule 26.2(C)*'s *__disclosure__* requirement, the Court finds that Mr. Levenson's report fails to satisfy the report requirements of *Fed. R. Civ. P. 26(a)(2)(B)*, and his proposed *__expert__* legal opinion is not admissible under *Fed. R. Evid. 702*. *See* *Montgomery v. Aetna Cas. & Sur. Co., 898 F.2d 1537, 1541 (11th Cir. 1990)* (finding that district court abused its discretion by allowing *__expert__* to testify about the scope of insurer's duty to defend under the insurance policy); *Plantation Pipeline Co. v. Continental Cas. Co., 1:0-CV-2811-WBH, 2008 U.S. Dist. LEXIS 109216, 2008 WL 4737163, *7 (N.D.Ga. July 31, 2008)* (Hunt, J.) (concluding that *__expert__* opinions regarding coverage under an insurance policy are inadmissible as *__expert__* legal opinion); *Nova Cas. Co. v. Waserstein, 2005 U.S. Dist. LEXIS 45882, 2005 WL 5955694 (S.D. Fla. Sept. 7, 2005)*; *Fed. R. Civ. P. 26(a)(2)(A)*&*(B)* (requiring that *__expert__* report must contain, among other things: "(i) a complete statement of all opinions the witness will express and the basis and reasons for them, (ii) the facts or data considered by the witness in forming them, and (iii) any exhibits that will be used to summarize or support them").

2017 U.S. Dist. LEXIS 91738, *12

Defendants assert in their opposition to the motion to exclude that "any trial testimony from Mr. Levenson will be tailored so as to avoid statements of legal conclusions," and that his testimony is intended to help the jury understand the facts in the case. (*See* Doc. **[\*13]** 103 at 11-12.) While the Court recognizes that background legal *__expert__* testimony may in special circumstances be helpful to the jury, Mr. Levenson's report is conclusory as to the basis of his *__expert__* opinions and fails to set forth specifically what documents, information, or facts he considered to support his opinions. Mr. Levenson's proposed testimony is devoid of any facts and is framed entirely as legal conclusions. Defendants themselves concede the report, "is not intended to be a perfect recitation of Mr. Levenson's trial testimony." (*Id.* at 10.) As a result, Plaintiffs and the Court are left to speculate as to the nature and substance of any proper or potentially admissible testimony by Mr. Levenson. Thus, if the Court were inclined to allow Defendants to offer some form of testimony, it would be necessary to first require Defendants to provide a report that complies with *Rule 26*. These additional reasons further support the exclusion of Mr. Levenson's proposed testimony at trial.

The individual Defendants themselves can testify regarding what actions they took as to the tenants accused of selling counterfeit goods, including their understanding, based on any independent legal counsel they sought, **[\*14]** regarding their available legal options under the terms of their lease agreements, including whether to pursue a dispossessory action in court.[2]

### III. CONCLUSION

While Plaintiffs' motion to exclude is technically timely under the Scheduling Order as it relates to the filing of *Daubert* motions, the Court would have expected Plaintiffs to move to strike Mr. Levenson's post-discovery *__expert__* designation as untimely well before the eve of trial. The nature of Plaintiffs' eleventh hour request places Defendants and the Court at a disadvantage at this *__late__* date with the trial scheduled mere weeks away. But this is also a disadvantage resulting from Defendants' own mode of proceeding here. Had Plaintiffs brought the problem to the Court's attention when it arose, the Court potentially could have addressed the issue by allowing some limited discovery rather than having to impose the ultimate sanction of excluding the testimony in its entirety. Had Defendants moved for or agreed to a discovery extension in connection with an *__expert__* witness, this could have precluded the problem they now face too.

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Exclude *__Expert__* Testimony and Report **[\*15]** of Louis Levenson as untimely under *Local Rule 26.2(C)*.

**IT IS SO ORDERED** this 1st day of February, 2017.

/s/ Amy Totenberg

**Amy Totenberg**

**United States District Judge**

---

End of Document

---

[2] To the extent Defendants testify they relied on advice of counsel they would waive any confidentiality privilege they have as to their communications with counsel as to their legal options in dealing with their tenants' lease or license.