# EXHIBIT E

## *Vision Airlines, Inc. v. SST Air, LLC*

United States District Court for the Northern District of Georgia, Gainesville Division

February 27, 2013, Decided; February 27, 2013, Filed

CIVIL ACTION NO. 2:12-CV-00021-WCO

**Reporter**
2013 U.S. Dist. LEXIS 182838 *; 2013 WL 6908935

VISION AIRLINES, INC., Plaintiff, v. SST AIR, LLC, Defendant.

**Subsequent History:** Summary judgment granted by *Vision Airlines v. Sst Air, 2013 U.S. Dist. LEXIS 206506 (N.D. Ga., Mar. 7, 2013)*

**Counsel:** **[*1]** For Vision Airlines, Inc., Plaintiff, Counter Defendant: David A. Anton, Office of David A. Anton, Alpharetta, GA; Jack B. Albanese, Jack B. Albanese, Attorney at Law, Alpharetta, GA.

For SST Air, LLC, Defendant: David William Boone, Simone Rachel Siex, Boone & Stone-Atl, Atlanta, GA; E. Alan Armstrong, Alan Armstrong, Attorney at Law, Atlanta, GA.

For SST Air, LLC, Counter Claimant: David William Boone, Boone & Stone-Atl, Atlanta, GA; E. Alan Armstrong, Alan Armstrong, Attorney at Law, Atlanta, GA.

**Judges:** WILLIAM C. O'KELLEY, Senior United States District Judge.

**Opinion by:** WILLIAM C. O'KELLEY

# Opinion

<u>ORDER</u>

The court has before it for consideration defendant's "Motion to Strike *Expert* Witness" [53].

### I. Procedural History

This action arises from a contract entered into between plaintiff and defendant on September 21, 2011. On December 16, 2011, plaintiff filed a complaint in the Superior Court of Forsyth County, Georgia. The complaint asserted a claim for breach of contract against defendant and sought damages in the amount of $3,055,000.00. (Notice of Removal 1, ECF No. 1.) Defendant removed this action on January 20, 2012. Plaintiff's initial *disclosures* were due at or within thirty (30) days of that date. *LR 26.1,* **[*2]** NDGa. According to defendant, these *disclosures* were never made. (Def.'s Mot. Strike 2, ECF No. 53.) On February 23, 2012, the court approved the parties' Joint Preliminary Report and Discovery Plan, which provided that the discovery period would close on June 27, 2012. (Prelim. Report and Disc. Plan, ECF No. 7.) Discovery proceeded as scheduled.

On February 22, 2012, defendant served its First Interrogatories on plaintiff, which included the following interrogatory request:

> **Interrogatory 2:** *Identify* each person the Plaintiff expects to call as an *expert* witness at trial, state the subject manner [sic] on which the *expert* is expected to testify, and state the substance of the facts and opinions to which the *expert* is expected to testify and a summary of the grounds for each opinion held by that *expert* witness.

Christopher Byrd

(Boone Aff. Ex. A, at 1-2, ECF No. 53-2.) On March 28, 2012, plaintiff responded with the following objection:

> **Response:** Plaintiff objects to this interrogatory on the grounds that discovery has just begun and Plaintiff has not made a decision as to whom, if anyone, will be called as an **_expert_** witness at trial. Plaintiff will timely supplement its response to this interrogatory in **[*3]** the event a decision is made to call an **_expert_** witness to testify at the trial of this action.

(Boone Aff. Ex. B, at 3, ECF No. 53-3.) Also on February 22, 2012, defendant served its First Request for Production of Documents on plaintiff, which included the following two production requests:

> **19.** A copy of the C.V. of each **_expert_** witness you expect to call at the trial of this action.

> **20.** A copy of any and all reports prepared by each **_expert_** witness you expect to call at the trial of this action.

(Boone Aff. Ex. C, at 7, ECF No. 53-4.) Plaintiff raised the same objection to both requests:

> **Response:** Plaintiff objects to this request on the grounds that discovery has just begun and no decision has been made as to whether to call an **_expert_** witness to testify at the trial of this action. In the event responsive information becomes available Plaintiff will timely supplement its response hereto.

(Boone Aff. Ex. D, at 10, ECF No. 53-5.)

On June 11, 2012, defendant filed its Supplemental Initial **_Disclosures_** in which it disclosed its **_experts_**, with several available deposition dates and copies of their **_expert_** reports and resumes pursuant to _Federal Rule of Civil Procedure 26(a)(2)(B)_. (Def.'s Mot. Strike **[*4]** 3.) On June 26, 2012, at 4:13 p.m., plaintiff served its First Supplemental Objections and Responses to defendant's First Interrogatories, in which it supplemented its response to Interrogatory 2 as follows:

> **Response:** Plaintiff **_identifies_** Larry Brown, 9896 Bridgeview Drive, Reno, Nevada 89521. Larry Brown is a consultant in the field of FAA rule and regulation compliance, interpretations and application. The subject matter upon which Mr. Brown is expected to testify relates to Vision Airlines, Inc.'s Air Carrier Certificate and operational specifications, and the relationship of that certain aircraft **_identified_** as N250MY with regard thereto during all periods relevant to this litigation.

(Boone Aff. Ex. E, at 3, ECF No. 53-6.) "Plaintiff did not supplement its response to Defendant's Request for Production or produce an **_expert_** report, resume, or any other document regarding the opinions, qualifications, testimony or compensation of Mr. Brown." (Def.'s Mot. Strike 4.)

Discovery expired on the following day, June 27, 2012. One month **_later_**, defendant filed the instant motion to strike plaintiff's **_expert_** witness, Larry Brown ("Brown"). In this motion, defendant argues that the court should **[*5]** strike Brown as an **_expert_** witness because he was not disclosed in a timely manner and his **_late_** **_disclosure_** prejudiced defendant.

## II. Relevant Rules Governing _Expert_ _Disclosure_

The Federal Rules of Civil Procedure require parties to designate "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses . . . ." _Fed. R. Civ. P. 26(a)(1)(A)(i)_. Under _Local Rule 26.1_, the parties must "make the initial **_disclosures_** required by _Federal Rule of Civil Procedure 26(a)(1)_ at or within thirty (30) days" of the date the removed case is filed in this court, or by February 20, 2012. _LR 26.1_, NDGa. "In addition to the **_disclosures_** required by _Rule 26(a)(1)_, a party must disclose to the other parties the identity" of any **_expert_** witness who may testify at trial "at the times and in the sequence that the court orders." _Fed. R. Civ. P. 26(a)(2)(A)_, _(a)(2)(C)_. A party then has a duty to supplement or correct the **_disclosures_** under _Rule 26(a)_:

in a timely manner if the party learns that in some material respect the ***disclosure*** or response is incomplete **[\*6]** or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]

*Id.* *26(e)(1)(A)*.

*Local Rule 26.2(C)* further expounds upon the duty to disclose ***expert*** witnesses under *Federal Rule of Civil Procedure 26(a)(2)*. The Rule requires that:

> Any party who desires to use the testimony of an ***expert*** witness shall designate the ***expert*** sufficiently early in the discovery period to ***permit*** the opposing party the opportunity to depose the ***expert*** and, if desired, to name its own ***expert*** sufficiently in advance of the close of discovery so that a similar discovery deposition of the second ***expert*** might also be conducted prior to the close of discovery.

> Any party who does not comply with the provisions of the foregoing paragraph shall not be ***permitted*** to offer the testimony of the party's ***expert***, unless expressly authorized by court order based upon a showing that the failure to comply was justified.

*LR 26.2(C)*, NDGa. An ***expert*** ***disclosure*** "must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide ***expert*** testimony in the case or one whose **[\*7]** duties as the party's employee regularly involve giving ***expert*** testimony." *Fed. R. Civ. P. 26(a)(2)(B)*.

If a "party fails to provide information or ***identify*** a witness as required by *Rule 26(a)* (initial ***disclosures***), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id.* *37(c)(1)*. "'The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party.'" *Mitchell v. Ford Motor Co., 318 F. App'x. 821, 825 (11th Cir.2009)* (*per curiam*) (quoting *Leathers v. Pfizer, Inc., 233 F.R.D. 687, 697 (N.D. Ga.2006))*.[1] "[T]he appropriateness of a party's justification turns upon whether the party knew or should have known that an ***expert*** was necessary before the ***late*** stages of the discovery period." *Morrison v. Mann, 244 F.R.D. 668, 673 (N.D. Ga. 2007)* (Carnes, J.) (citing *APA Excelsior III, L.P. v. Windley, 329 F.Supp.2d 1328, 1338 (N.D.Ga. 2004)* (Story, J.)). The failure to provide an ***expert*** report with the required information provides an independent ground for excluding an ***expert***'s testimony. *See Mitchell, 318 F.App'x at 824-25* **[\*8]** (striking testimony where testimony reached areas undisclosed in the ***expert*** report or deposition, which left defendant unable to depose the ***expert*** fully or question the basis for his opinions).

## III. Analysis

Plaintiff's ***expert*** ***disclosure*** was clearly untimely because it did not occur until the afternoon before discovery expired. *Cf. Gainor v. Douglas Cnty., Ga., 59 F.Supp.2d 1259, 1296-97 (N.D. Ga. 1998)* (Carnes, J.) (excluding

---

[1] The Local Rules simply require the party that failed to timely disclose to show that the failure was "justified." *See LR 26.2(C)*, NDGa ("Any party who does not comply with the provisions of the foregoing paragraph shall not be ***permitted*** to offer the testimony of the party's ***expert***, unless expressly authorized by court order based upon a showing that the failure to comply was justified."). In light of this, some courts in this district have relied only on whether the failure was justified and ignore whether it was harmless. *See Durkin v. Platz, 920 F. Supp. 2d 1316, 2013 WL 388430, at \*6 (N.D. Ga. 2013)* (Batten, Sr., J.) ("[T]he standard for striking ***expert*** testimony is not whether the opposing party is prejudiced, but whether the proffering party's failure to comply was justified."); *Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1195 (N.D. Ga. 2005)* (Duffey, J.) (rejecting argument that ***expert*** should be ***permitted*** to testify due to lack of prejudice because "[t]he [local] rule **[\*9]** clearly provides Plaintiff must demonstrate her failure to comply was justified to avoid the exclusion of her ***expert*** witness"). This varies from *Rule 37*, which ***permits*** the ***expert*** to testify only if "the failure was *substantially justified or is harmless.*" *Fed. R. Civ. P. 37(c)(1)*. As the court finds that the ***late*** ***disclosure*** in this case was neither substantially justified nor harmless, the court need not address this distinction between the local and federal rules. Instead, the court follows the approach articulated by the Eleventh Circuit and the Federal Rules of Civil Procedure.

*expert* as untimely where extensive *expert* report was not filed until one month and three days before the close of discovery); *Collins v. Beazer Homes USA, Inc., 334 F.Supp.2d 1365, 1371 (N.D. Ga. 2004)* (Story, J.) (finding *expert* *disclosure* timely where there were over forty days of discovery remaining and three months before motions for summary judgment were due). This was **[\*10]** not "sufficiently early in the discovery period to *permit* the opposing party the opportunity to depose the *expert*" as required by *Local Rule 26.2*. *LR 26.2*, NDGa. Thus, plaintiff's *expert* must be stricken unless plaintiff can establish that the failure to disclose was substantially justified or harmless. *Id.*; *Fed. R. Civ. P. 37(c)(1)*.

Plaintiff argues that its failure to timely disclose was justified because it was a direct result of defendant's own *late* *expert* *disclosure*, which occurred just 16 days prior to the close of discovery. (Pl.'s Resp. Mot. Strike 5-6, ECF No. 64.)[2] This argument is considered an inadequate justification for a *late* *disclosure* if the party knew or should have known that an *expert* would be necessary before the *late* stages of the discovery period. *See APA Excelsior III, L.P., 329 F.Supp.2d at 1337-38* (rejecting argument that need for *expert* did not become apparent until *late* in discovery due to the complex nature of the case). Plaintiff asserts that because this is a breach of contract action, it had no idea that *expert* testimony would be needed until defendant's own *experts* were disclosed. (Pl.'s Resp. Mot. Strike 6-8.) To support this contention, plaintiff submitted **[\*11]** the affidavit of David Anton, its counsel in this case, attesting that it did not plan to retain, *identify*, or use an *expert* witness in this case until the defendant's *disclosure* of its own *expert* witnesses. (Anton Aff. ¶¶ 4, 7, ECF No. 64-2.)

While it is true that this is a breach of contract action, plaintiff stated that Brown was expected to testify regarding plaintiff's "Air Carrier Certificate and operational specifications, and the relationship of that certain aircraft *identified* as N250MY with regard thereto during all periods relevant to this litigation." (Boone Aff. Ex. E, at 3.) This evidence directly relates to one of the main issues in this case, whether plaintiff failed to comply with certain conditions precedent *identified* **[\*12]** in the contract. This issue was raised for the first time in defendant's answer and counterclaim, which was filed with the court on January 26, 2012. From that date on, plaintiff should have been aware of the possibility that *expert* testimony might be needed to explain whether the condition precedent *identified* in the counterclaim was satisfied in this case. As plaintiff could plausibly foresee the need for *expert* testimony to explain these regulations to a jury or at least their effect on the underlying contractual responsibilities at issue, the court finds plaintiff's argument unpersuasive. *See Reese v. Herbert,  2006 U.S. Dist. LEXIS 46403, 2006 WL 1892026 (N.D. Ga. Jun. 10, 2006)* (Vining, J.) (noting *expert*'s inability to render an accurate report until after the close of discovery was not an excuse for failing to disclose his name under *Rule 26(a)*), *aff'd in relevant part by 527 F.3d 1253, 1266 (11th Cir. 2008)* ; *Morrison, 244 F.R.D. at 674* (noting defendant's *late* *disclosure* did not justify plaintiffs' because plaintiffs should have known that an *expert* would be necessary to prove their cause of action).

Plaintiff also appears to argue that defendant's *late* *disclosure* justifies its own, as "Defendant waited **[\*13]** until there were only 16 days left in the discovery period in order to *identify* its *experts* for the first time." (Pl.'s Resp. Mot. Strike 5.) Plaintiff notes that "at no time to date was the discovery period requested to be extended for the purposes of deposing Plaintiff's *expert* witness, nor was the deposition of Plaintiff's *expert* ever requested by Defendant to be taken outside of the discovery period." (*Id.* at 6.) Despite being on notice of plaintiff's alleged discovery failures, plaintiff alleges defendant allowed "as much time to transpire as possible before moving the Court to strike Plaintiff's *expert* so that Defendant could then use that passage of time in support of its 'untimeliness' argument." (*Id.* at 9.) Plaintiff argues that "[s]uch strategies and tactics should not be rewarded, particularly when it was Defendant's own untimely *disclosure* of its *expert* witnesses which precipitated the entire series of events which have led to the presumed undesirable predicament in which Defendant now finds itself." (*Id.* at 9-10.)

---

[2] Plaintiff argued in its response that defendant "should not be *permitted* to offer the testimony of its *expert*(s)" due to defendant's own *late* *disclosure* and stated that it "intend[ed] to move this Court in a separate pleading to strike or otherwise disallow Defendant's *experts* for non-compliance with *LR 26.2*." (Pl.'s Resp. Mot. Strike 6 n.1.) Plaintiff has yet to file such a motion, and the court will consider only the issues properly before it at this time.

Even if defendant's *__disclosure__* was itself untimely, that fact alone is not considered a sufficient justification for failing to timely disclose an *__expert__* witness. **[\*14]** In *American General Life Insurance Co. v. Schoenthal Family, LLC, 248 F.R.D. 298 (N.D. Ga. 2008)* (Duffey, Jr., J.), *affirmed by 555 F.3d 1331 (11th Cir. 2009)*, the defendant designated its *__expert__* on the last day of the discovery period. *Id. at 307*. This was considered a "clear violation of the Local Rule." *Id.* Although the defendant argued that the plaintiff's own *__late__ __disclosures__* forced it to provide untimely *__disclosures__*, the court found this to be an insufficient justification for an untimely *__disclosure__* and excluded the *__expert__* from testifying. *See id. at 307-08* (noting that even if plaintiff's *__expert__ __disclosure__* affected the timing of defendant's, the proper course would be to notify the court and request an extension of discovery, not to also violate *Local Rule 26.2*). Here, plaintiff has offered no justification for its failure to request additional time to designate an *__expert__* or otherwise apprise the court of this discovery issue. No new facts or issues of law have arisen since defendant filed its answer and counterclaim, and Brown was not designated as a *__rebuttal__* witness when he was disclosed. *Cf. Hines v. Dean, No. 1:02-CV-3390-MH, 2005 U.S. Dist. LEXIS 44792, 2005 WL 589803, at \*3 (N.D. Ga. Mar. 10, 2005)* **[\*15]** (Shoob, J.) (*__permitting__ __late__ __disclosure__* where testimony of defendant's *__expert__* related to a claim that was added to the case just three weeks before the close of discovery). In short, plaintiff has offered no justification for its failure to timely disclose Brown to defendant.

Further, plaintiff cannot show that its failure was harmless. The non-disclosing party's inability to adequately prepare its case by deposing the *__expert__* witness during the discovery period is a recognized harm. *See, e.g., Leathers, 233 F.R.D. at 699*. Here, defendant was harmed by plaintiff's untimely *__disclosure__* because it was denied any opportunity to depose plaintiff's *__expert__* prior to the close of discovery or before filing its motion for summary judgment. (Def.'s Mot. Strike 13.) As plaintiff cannot justify its *__late__ __disclosure__* and defendant has been prejudiced thereby, plaintiff cannot use Brown's testimony in this case. *LR 26.2(c)*, NDGa; *Fed. R. Civ. P. 37(c)(1)*.

As a final note, defendant also argues that Brown should be excluded as an *__expert__* witness because plaintiff never provided an *__expert__* report as required by *Federal Rule of Civil Procedure 26(a)(2)(B)*. (Def.'s Mot. Strike 10-11.) An *__expert__ __disclosure__* "must **[\*16]** be accompanied by a written report—prepared and signed by the witness." *Fed. R. Civ. P. 26(a)(2)(B)*. The failure to provide an *__expert__* report with the required information provides an independent ground for excluding an *__expert__*'s testimony. *See Mitchell v. Ford Motor Co., 318 F.App'x 821, 824-25 (11th Cir. 2009)* (*per curiam*) (striking testimony where testimony reached areas undisclosed in the *__expert__* report or deposition, which left defendant unable to depose the *__expert__* fully or question the basis for his opinions). However, a report is required only "if the witness is one retained or specially employed to provide *__expert__* testimony in the case or one whose duties as the party's employee regularly involve giving *__expert__* testimony." *Fed. R. Civ. P. 26(a)(2)(B)*. Plaintiff argues that no report is needed for Brown because he was not retained for the purpose of giving *__expert__* testimony. "Rather, [Brown] regularly provides opinions to Vision Airlines as a subject matter *__expert__* in his field relating to day to day operations and compliance issues which arise at Vision Airlines." (Albanese Aff. ¶ 2, ECF No. 64-3.)

Even if the court assumes that Brown was exempt from the *__expert__* report requirement, **[\*17]** that does not excuse plaintiff from its duty to disclose both "(i) the subject matter on which [Brown was] expected to present evidence . . . *and* (ii) a summary of the facts and opinions to which [Brown was] expected to testify." *Fed. R. Civ. P. 26(a)(2)(C)(i)—(ii)* (emphasis added). While plaintiff's *__disclosure__* provided the subject matter upon which Brown was expected to testify, it did not provide a summary of "the facts and opinions" that would form the substance of Brown's testimony. (*See* Boone Aff. Ex. E, at 3, ECF No. 53-6 (noting the "subject matter upon which Mr. Brown is expected to testify" but not the substance of that testimony). Such information was clearly required by *Rule 26* and defendant's interrogatory request. As plaintiff's *__disclosure__* did not comply with *Rule 26(a)(2)(C)*, Brown could be stricken on this ground alone. *See Fed. R Civ. P. 37(c)(1)* ("If a party fails to provide information or *__identify__* a witness as required by *Rule 26(a)* . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.").

## IV. Conclusion

For the foregoing reasons, the **[\*18]** court hereby **GRANTS** defendant's "Motion to Strike" [53].

2013 U.S. Dist. LEXIS 182838, *18

**IT IS SO ORDERED**, this 27th day of February, 2013.

/s/ *William C. O'Kelley*

WILLIAM C. O'KELLEY

Senior United States District Judge

---

**End of Document**