# EXHIBIT G

## *Harrell v. United States Fire Ins. Co.*

United States District Court for the Northern District of Georgia, Rome Division

February 28, 2019, Decided; February 28, 2019, Filed

CIVIL ACTION FILE NO. 4:18-CV-00110-HLM

**Reporter**
2019 U.S. Dist. LEXIS 147725 *; 2019 WL 3772644

DENNIS HARRELL, Plaintiff, v. UNITED STATES FIRE INSURANCE COMPANY, Defendant.

**Prior History:** *Harrell v. United States Fire Ins. Co., 2019 U.S. Dist. LEXIS 141055 (N.D. Ga., Feb. 15, 2019)*

**Counsel:  [*1]** For Dennis Harrell, Plaintiff: Katherine Rutledge Silver, LEAD ATTORNEY, Strain & Rutledge, Rome, GA USA; Matthew Walker Hurst, LEAD ATTORNEY, Hendrick Lafayette Cromartie, III, H.L. Cromartie III, P.C., Rome, GA USA.

For United States Fire Insurance Company, Defendant: Ashley Denise Alfonso, Eleanor Gammage Jolley, LEAD ATTORNEYS, Swift, Currie, McGhee & Hiers, LLP, Atlanta, GA USA.

**Judges:** Harold Murphy, SENIOR UNITED STATES DISTRICT JUDGE.

**Opinion by:** Harold Murphy

## Opinion

ORDER

This case is before the Court on Defendant's Motion to Strike Expert Report and Declaration and to Exclude Expert Testimony of Sandra H. Atkinson [44].

**I. Background**

Plaintiff initially filed this action for breach of contract in the Superior Court of Polk County, Georgia on March 20, 2018. (See Compl. (Docket Entry No. 1-1).) Defendant removed the case to this Court on May 11, 2018. (Notice of Removal (Docket Entry No. 1).) The Court issued a Scheduling Order on June 12, 2018 and placed this action on a four-month discovery track. (Scheduling Order (Docket Entry No. 6).)

Plaintiff filed his Initial Disclosures on June 28, 2018. (Docket Entry No. 8.) In those disclosures, Plaintiff did not identify any expert witnesses that he expected to use **[*2]** at a trial of this case. (Id. ¶ 4.)

The Parties filed a Joint Motion to Extend Discovery on October 2, 2018. (Docket Entry No. 19.) The Court granted that Motion and extended the discovery period until December 10, 2018. (See Order of October 2, 2018 (Docket Entry No. 21).)

After the close of discovery, both Parties filed timely Motions for Summary Judgment on January 9, 2019. (Docket Entry No. 31; Docket Entry No. 32.) While those Motions were pending, Plaintiff filed Supplemental Initial Disclosures on January 25, 2019. (Docket Entry No. 35.) These additional disclosures did not identify any expert witnesses that Plaintiff expected to use at a trial of this case. (See id.)

Christopher Byrd

On January 28, 2019, Plaintiff filed several materials pertaining to witness named Sandra H. Atkinson. As part of his response to Defendant's Motion for Summary Judgment, Plaintiff filed a Declaration of Sandra Atkinson as "Exhibit F." (Docket Entry No. 37-9.) On that same day, Plaintiff also filed an "Expert Report of Sandra Atkinson," disclosing Ms. Atkinson as an expert witness for his case. (Docket Entry No. 36.) Defendant filed the instant Motion on February 7, 2019. (Docket Entry No. 44.)

## II. Legal Standard

*Federal Rule of Civil Procedure 26(a)* requires **[\*3]** litigants to disclose the identity of any expert witnesses whose testimony they will use at trial. *Fed. R. Civ. P. 26(a)(2)(A)*. Such disclosures "must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case. . . ." *Id. 26(a)(2)(B)*. The expert's report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;

> (ii) the facts or data considered by the witness in forming them;

> (iii) any exhibits that will be used to summarize or support them;

> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Id.

The parties must make their expert disclosures "at the times and in the sequence that the court orders." *Fed. R. Civ. P. 26(a)(2)(D)*. On that score, the Local Rules of this Court provide:

> "Any party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to **[\*4]** permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar deposition of the second expert might also be conducted prior to the close of discovery.

> Any party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by court order based upon a showing that the failure to comply was justified."

*N.D.Ga. R. 26.2C*.

In deciding whether to strike untimely expert testimony, this Court does not ask whether the opposing party is prejudiced by the delay. *Durkin v. Platz, 920 F. Supp. 2d 1316, 1328 (N.D. Ga. 2013)* (citing *Frederick v. Mercedes-Benz USA, LLC, 366 F. Supp. 2d 1190, 1195 (N.D. Ga. 2005))*. Rather, prejudice is presumed because the very point of this Court's expert-disclosure rule "is for the opposing party to have an adequate opportunity to depose the expert and name its own counter-expert." Id. Failing to disclose an expert witness within the discovery period deprives the other side of this opportunity. Id. (citing *Reese v. Herbert, 527 F.3d 1253, 1266 (11th Cir. 2008)*. Thus, the standard of the Local Rule is whether the late disclosure was justified. Id.

## III. Discussion

Defendant moves to exclude the testimony of Plaintiff's expert, on the grounds that **[\*5]** Plaintiff failed to disclose her within the time allowed by the Local Rules.

Plaintiff does not dispute that his expert disclosure was untimely, but he responds that this failure "was not intended to surprise or ambush Defendant." (Pl.'s Resp. (Docket Entry No. 49) at 1.) He further offers two justifications for his delay. First, Plaintiff argues that he was unable to file Ms. Atkinson's report within the discovery period because she did not send it to him until January 14, 2019. (Id. at 2.) Second, Plaintiff asserts that he wrongly believed his disclosure to be timely under *Federal Rule of Civil Procedure 26*, which permits filing of expert disclosures until ninety days before trial. (Id.)

Neither of these reasons justifies the late disclosure. With respect to Plaintiff's first justification, Ms. Atkinson's delay in providing her expert report did not entitle Plaintiff to file it after the close of discovery. As the end of the discovery period started to approach, Plaintiff should have recognized that his time to disclose an expert witness was running short. Plaintiff's proper course in that circumstance was to move for an extension of discovery before time expired, not to sit back and wait for Ms. Atkinson to finish her report. **[\*6]** Had Plaintiff done so, there would have been ample time for the parties to schedule an expert deposition of Ms. Atkinson, as contemplated by *Local Rule 26*. Thus, Ms. Atkinson's slowness to provide her expert report does not explain or justify Plaintiff's failure to extend discovery.

As for Plaintiff's second justification, a party's ignorance of the Local Rules simply cannot excuse his or her failure to disclose. Plaintiff's counsel was correct to inform him that, as a default, *Rule 26* permits expert disclosures to be made as late as "90 days before the date set for trial . . . ." *Fed. R. Civ. P. 26(a)(2)(D)*. This default deadline only applies, however, "absent a stipulation or court order . . . ." Id. The stricter time-frame of *Local Rule 26* thus applies to all cases in this Court, in place of the ninety-day fallback.

Although the Court regrets that Plaintiff was misled as to his deadline for filing expert disclosures, even unrepresented litigants must comply with the Local Rules. SEE *Moss v. City of Atlanta Fire Dep't, Civil Action File No. 1:14-CV-01442-WSD-AJB, 2016 U.S. Dist. LEXIS 142882, 2016 WL 5539682, at \*4 (N.D. Ga. Apr. 26, 2016)*. Free access to the Local Rules is publicly available on the Court's website. As such, Plaintiff's mistake does not justify his late disclosure of Ms. Atkinson, however honest or unfortunate **[\*7]** that mistake may be.

Plaintiff therefore has failed to show justification for his failure to comply with *Local Rule 26*. The Court therefore must foreclose Plaintiff from using Ms. Atkinson's testimony at trial.

In his response brief, Plaintiff requested the Court to "impose a sanction short of excluding the expert's testimony from trial." (Pl.'s Resp. at 2.) Under the Local Rules, however, the Court may not select another sanction. See *N.D. Ga. R. 26.2C* ("Any party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's expert. . . .") (emphasis added).

Plaintiff is correct, as a general matter, that district courts have wide discretion to impose "other appropriate sanctions" for discovery violations, rather than the default sanction of excluding evidence. See *Fed. R. Civ. P. 37(c)(1)*. In the specific context of expert disclosures, however, *Local Rule 26* limits that discretion by selecting one sanction—exclusion of the expert witness—as the only appropriate sanction for this type of violation. Thus, under the Local Rules, this Court must exclude Ms. Atkinson's untimely testimony, even if it might otherwise be inclined to consider another sanction.

As a final alternative, **[\*8]** Plaintiff requests the Court to reopen discovery, so that Defendant may depose Ms. Atkinson in accordance with the Local Rules. (Pl.'s Resp. at 2.) Alas, the Local Rules once again stand in the way. *Local Rule 26.2B* provides that "[m]otions requesting extensions of time for discovery must be made prior to expiration of the existing discovery period . . . ." *N.D. Ga. R. 26.2B*. Accordingly, because the original period for discovery has expired, the Court may no longer entertain any motions to extend discovery.

Thus, in summary, the Court will prohibit Plaintiff from offering the testimony of Ms. Atkinson at trial. Plaintiff has failed to justify the belated disclosure of his expert, and no sanction other than full exclusion is permitted by the Local Rules.

### IV. Conclusion

ACCORDINGLY, the Court **GRANTS** Defendant's Motion to Strike Expert Report and Declaration and to Exclude Expert Testimony of Sandra H. Atkinson [44].

The Court **DIRECTS** the Clerk to **STRIKE** Ms. Atkinson's expert report [36] and all related filings. Plaintiff may not use these documents at trial or reference Ms. Atkinson's opinions.

IT IS SO ORDERED, this 28th day of February, 2019.

/s/ Harold Murphy

SENIOR UNITED STATES DISTRICT JUDGE

---

**End of Document**