UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.R.,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN BANCORP, LLC,<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. 1:25-cv-4629-JPB |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OR REFERENCE TO PLAINTIFF'S AND NONPARTY WITNESSES' UNRELATED CRIMINAL HISTORY, CONVICTIONS, AND POLICE REPORTS**

## INTRODUCTION

This case should not become a trial of Plaintiff's or her witnesses' unrelated encounters with the criminal justice system. The records at issue span arrests and charges that never resulted in convictions, stale convictions, offenses that do not involve dishonesty or false statement, a successfully completed First Offender disposition, and police reports concerning events having nothing to do with Defendant or its hotel. The Federal Rules of Evidence sharply limit the use of such evidence. Fed. R. Evid. 404, 608, 609.

Rule 609 permits impeachment by conviction only within defined limits. Arrests and charges are not convictions. *Michelson v. United States*, 335 U.S. 469, 482 (1948); *see also United States v. Vigliatura*, 878 F.2d 1346, 1351 (11th Cir. 1989);

*United States v. Hames*, No. 5:18-cv-1055, 2024 WL 290294, at *6–7 (N.D. Ala. Jan. 25, 2024). Lesser convictions are admissible only when the offense involves dishonesty or false statement, and stale convictions face Rule 609(b)'s heightened standard and "strong presumption" against admission. Fed. R. Evid. 609(a)(2), (b); *United States v. Sellers*, 906 F.2d 597, 603 (11th Cir. 1990); *United States v. Moore*, 76 F.4th 1355, 1367 (11th Cir. 2023). And even a qualifying felony conviction remains subject to Rule 403 in a civil case. Fed. R. Evid. 609(a)(1)(A); *Jackson v. Catanzariti*, 159 F.4th 874, 884 (11th Cir. 2025).

The Rules likewise do not permit unrelated conduct to become a backdoor attack on a witness's character. Fed. R. Evid. 404(b)(1), 403; *see Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278, 1325 (11th Cir. 2022). That concern carries particular force here. Much of the evidence has nothing to do with Defendant, its property, or what occurred there, yet carries an obvious risk that the jury will judge Plaintiff and her witnesses for collateral events rather than decide this case on its merits. Once that evidence reaches the jury, the prejudice is difficult to undo. As the former Fifth Circuit colorably observed, "[y]ou can throw a skunk into the jury box and instruct the jurors not to smell it, but it doesn't do any good." *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1309 (5th Cir. 1977).

Plaintiff asks the Court to exclude the unrelated criminal-history and police-report evidence identified below. Alternatively, if the Court permits impeachment

with any qualifying conviction, Plaintiff asks that the inquiry be limited to the date and offense of conviction, without reference to its underlying facts or circumstances. Plaintiff further requests that any proposed criminal-history evidence be raised outside the jury's presence before it is mentioned or otherwise presented at trial.

## ARGUMENT

### I. Runaway, missing-person, and other unrelated police reports concerning Plaintiff should be excluded.

Defendant may seek to introduce as evidence certain police reports concerning events in J.R.'s life that have nothing to do with Defendant or its hotel. Many record occasions when J.R. was reported as a runaway or missing juvenile, and another identifies her as the victim of an unrelated domestic battery. Some runaway and missing-person reports coincide with periods during which J.R. was being trafficked. That temporal overlap, however, does not make the reports, or the collateral circumstances they document, relevant to the claims against Defendant.

Evidence is relevant only if it tends to make a fact of consequence more or less probable. Fed. R. Evid. 401. The fact that J.R. was reported as a runaway or missing juvenile on a particular occasion does not establish what Defendant knew or should have known about the trafficking occurring at its hotel, nor does it bear on Defendant's conduct while J.R. was there. And even when a report corresponds with one of J.R.'s trafficking periods, the date itself does not make the circumstances surrounding that particular runaway or missing-person episode relevant. Defendant

may test J.R.'s testimony about when and where she was trafficked through cross-examination; it does not need collateral police reports concerning why she was reported missing or as a runaway to do so.

The records also cannot be admitted to attack Plaintiff's character or credibility. Rule 404(b) prohibits evidence of other acts offered to prove a person's character to show that, on a particular occasion, the person acted in accordance with that character. Fed. R. Evid. 404(b)(1). Thus, whatever relevance Plaintiff's runaway status may have to her vulnerability to trafficking, it does not permit use of unrelated incidents to suggest that Plaintiff had a propensity to engage in misconduct or otherwise behave badly. And "being an actual victim of [a] crime is not a character trait that would affect [a witness's] credibility." *United States v. Smith*, 697 F. App'x 944, 950 (11th Cir. 2017).

Finally, whatever marginal relevance these reports might have is substantially outweighed by the dangers identified in Rule 403. Introducing them would invite collateral inquiries into why J.R. left on each reported occasion. The domestic-battery report would likewise introduce an entirely separate incident in which J.R. was the victim. None of those collateral disputes would assist the jury in determining Defendant's liability. They would instead risk confusing the issues, unfairly prejudicing J.R., and diverting the trial into unnecessary sideshows concerning events having nothing to do with Defendant or its hotel. Fed. R. Evid. 403.

The Court should therefore exclude the runaway, missing-person, and other unrelated police reports concerning J.R., as well as evidence concerning the collateral circumstances documented in those reports.

## II. Plaintiff's 2022 shoplifting matter, and the associated incident reports and surveillance footage, are inadmissible.

Plaintiff's 2022 shoplifting matter is not admissible under Rule 609 because it did not result in a conviction. Plaintiff was sentenced under the Georgia First Offender Act, O.C.G.A. § 42-8-60 *et seq.*, and successfully completed her sentence. The Act permits first-offender treatment "before an adjudication of guilt" and "without entering a judgment of guilt." § 42-8-60(a). Upon successful completion, the defendant is discharged and exonerated of guilt and "shall not be considered to have a criminal conviction." § 42-8-60(e), (i).

The Georgia Supreme Court has likewise made clear that a first-offender disposition without an adjudication of guilt is not a conviction for purposes of impeachment. *Manner v. Georgia*, 808 S.E.2d 681, 690 (Ga. 2017). As the court explained, "without an adjudication of guilt, there is no conviction," and a rule permitting impeachment by prior conviction therefore does not apply. *Id.* at 691. Accordingly, J.R.'s first-offender disposition cannot be admitted as a conviction under Rule 609.[1]

---

[1] Georgia's evidentiary rule governing impeachment by conviction is construed consistent with Federal Rule of Evidence 609. *Redding v. Georgia*, 907 S.E.2d 258, 264–65 (Ga. 2024). The Georgia Supreme Court's treatment of a completed First

Even if the shoplifting matter had resulted in a conviction, it would not qualify for admission under Federal Rule of Evidence 609(a)(2). The Eleventh Circuit has specifically held that theft and shoplifting offenses do not involve the type of dishonesty contemplated by the Rule. *Sellers*, 906 F.2d at 603 ("It is established in this Circuit . . . that crimes such as theft, robbery, or shoplifting do not involve 'dishonesty or false statement' within the meaning of Rule 609(a)(2)."). Because shoplifting is not probative of J.R.'s character for truthfulness, the underlying incident is not a permissible subject of impeachment. Plus, Federal Rule of Evidence 608(b) prohibits Defendant from proving the incident through extrinsic evidence such as surveillance video or an incident report.

Finally, the shoplifting incident should be excluded under Federal Rule of Evidence 403. Litigating a collateral incident from 2022 would require the parties to address the circumstances of the event, the surveillance footage, the resulting charge, J.R.'s First Offender disposition, and her successful completion of that sentence—all to establish conduct that has little or no bearing on her credibility or the issues the jury must decide. Any marginal probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and undue delay. Fed. R. Evid. 403.

---

Offender disposition as a nonconviction under Georgia law is persuasive authority that the Court should do the same under Federal Rule of Evidence 609.

For these reasons, the Court should exclude the 2022 shoplifting matter and the associated surveillance footage and incident reports in their entirety.

## III. Witnesses' criminal histories are largely inadmissible under Rule 609.

Federal Rule of Evidence 609 permits impeachment with qualifying convictions, not criminal history generally. Whether a particular record is admissible therefore depends first on whether it reflects a conviction and, if so, the nature and age of that conviction. Fed. R. Evid. 609. Those requirements dispose of nearly all the records at issue.

### A. Arrests, charges, and unresolved matters are not convictions.

Rule 609 does not permit impeachment with a mere arrest, charge, or other disposition that never resulted in an adjudication of guilt. "Only a conviction . . . may be inquired about to undermine the trustworthiness of a witness"; "[t]he mere existence of an arrest is not admissible." *Michelson v. United States*, 335 U.S. 469, 482 (1948); *Vigliatura*, 878 F.2d at 1351; *Gibson v. Wash Box, LLC*, No. 1:17-cv-1965, 2019 WL 13330953, at * 2–3 (N.D. Ga. July 15, 2019) (excluding evidence of a party's prior arrests because a party "may not impeach . . . under Rule 609 using evidence of an arrest because that is not evidence of a conviction").

That rule disposes of numerous records here. D.B.'s 2024–2025 Georgia arrests for battery, reckless conduct, and simple assault reflect no adjudication of guilt and are inadmissible under Rule 609. The same is true of N.N.'s pending 2025–2026

obstruction charge and her 2024–2025 failure-to-appear and driving-related charges; T.H.'s 2023 DeKalb County charges and 2025 Wisconsin resisting-an-officer charge; and Santana Phillips's 2015 battery charge, 2021 cruelty-to-children, child-endangerment, and terroristic-threats matter, and 2022 criminal-trespass and property-damage charges.

Unless Defendant establishes that one of these matters resulted in a qualifying conviction, Rule 609 provides no basis to put it before the jury.

**B. Rule 609 strongly disfavors permitting the use of stale convictions.**

Even a conviction faces a heightened standard once "more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." Fed. R. Evid. 609(b). Such a conviction is admissible only if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect and the proponent provides the required written notice. *Id.* This ten-year limit "creates a strong presumption against the use . . . of stale convictions." *Moore*, 76 F.4th at 1367 (quoting *United States v. Pope*, 132 F.3d 684, 687 (11th Cir. 1998)).

Winkeisha Vanterpool's record dates entirely from 2009–2013, including her December 2012 guilty pleas to criminal trespass and misdemeanor obstruction. Phillips's pre-2015 record likewise includes a 2010 failure-to-appear conviction and a 2009 disorderly conduct conviction. These convictions fall outside Rule 609(b)'s

ten-year window. The Court should exclude them unless Defendant first satisfies Rule 609(b)'s heightened standard and provides the required notice.

### C. Lesser convictions are admissible only if they involve dishonesty or false statement.

Rule 609(a)(1) reaches only convictions for crimes punishable by more than one year of imprisonment. Fed. R. Evid. 609(a)(1). A lesser conviction is admissible only if "establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement." Fed. R. Evid. 609(a)(2).

That is a narrow category. The Eleventh Circuit has expressly held that "crimes such as theft, robbery, or shoplifting do not involve 'dishonesty or false statement' within the meaning of Rule 609(a)(2)." *Sellers*, 906 F.2d at 603. Likewise, burglary is not a crime involving dishonesty or false statement. *United States v. Pritchard*, 973 F.2d 905, 909 n.6 (11th Cir. 1992). Courts applying the same rule have reached the same conclusion as to battery, assault, disorderly conduct, traffic violations, and ordinary obstruction offenses. *Green v. Croft*, 347 F. Supp. 3d 1156, 1161−62 (S.D. Fla. 2018) (battery); *United States v. Meserve*, 271 F.3d 314, 328 (1st Cir. 2001) (assault and disorderly conduct); *United States v. Harvey*, 588 F.2d 1201, 1203 (8th Cir. 1978) (assault); *United States v. Jones*, 965 F.2d 1507, 1513–14 (8th Cir. 1992) (traffic violations); *Williams v. Ryals*, No. 3:21-cv-00113, 2022 WL 17820350, at *5 (D. Nev. Dec. 20, 2022) (obstructing and resisting an officer); *cf. United States v. Jefferson*, 623 F.3d 227, 234 (5th Cir. 2010) (obstruction qualifies

under Rule 609(a)(2) only where its elements or the charging documents establish an act of deceit).

None of the lesser convictions reflected in the records of J.R., D.B., N.N., T.H., Phillips, or Vanterpool otherwise identified here qualify under Rule 609(a)(2). Battery, criminal trespass, obstruction, disorderly conduct, and traffic offenses do not require proof of a dishonest act or false statement and therefore cannot be used to impeach a witness under that provision.

Accordingly, the Court should exclude the arrests, charges, stale convictions, and lesser convictions identified above from impeachment under Rule 609. Should any remaining record reflect a qualifying felony conviction under Rule 609(a)(1), its admissibility and permissible scope remain subject to Rule 403.

## IV. Any qualifying felony conviction remains subject to Rule 403 and should be strictly limited.

Even a qualifying felony conviction is not automatically admissible in a civil case. Rule 609(a)(1)(A) expressly subjects such convictions to Rule 403. Fed. R. Evid. 609(a)(1)(A); *Jackson v. Catanzariti*, 159 F.4th 874, 884 (11th Cir. 2025). Thus, a qualifying conviction must still be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury," and its probative value "necessarily varies with [its] nature and number." *United States v. Burston*, 159 F.3d 1328, 1335 (11th Cir. 1998).

Here, that issue principally concerns Phillips. Her record reflects several felony charges for which the available records do not clearly establish the disposition, including cruelty to children, terroristic threats, and tampering with evidence. Unless Defendant establishes that those charges resulted in qualifying convictions, they are inadmissible under Rule 609.

Even if Defendant makes that showing, the convictions have limited impeachment value. Cruelty to children and terroristic threats do not bear on Phillips's character for truthfulness. And although tampering with evidence may sound more closely related to credibility, the offense can encompass conduct that does not require deceit or false statement. O.C.G.A. § 16-10-94(a); *see, e.g., United States v. Parker*, 17 F. Supp. 3d 676 (W.D. Ky. 2014) (declining to permit impeachment with a tampering-with-evidence conviction under Rule 609(a)(2) because the offense, reaching acts such as hiding contraband, can be committed without any element of deceit). The offense label alone therefore does not establish that any conviction for tampering with evidence is particularly probative of Phillips's truthfulness.

The danger of prejudice and confusion, by contrast, is substantial. These offenses are unrelated to the events at issue in this case, and inquiry into their underlying facts would invite the jury to judge Phillips based on unrelated criminal conduct while creating collateral disputes over events having nothing to do with Defendant's conduct or Plaintiff's trafficking. Their limited impeachment value is

therefore substantially outweighed by the danger of unfair prejudice, confusion of the issues, and undue delay. Fed. R. Evid. 403.

At minimum, any impeachment permitted should be strictly limited. Courts routinely impose such limitations where the nature and details of a conviction add little legitimate impeachment value. In *Croft*, the court permitted proof that a witness had felony convictions but excluded that they were for battery and resisting with violence because those offenses were "not crimes inherently involving dishonesty, fraud, or making false statements." 347 F. Supp. 3d at 1160–61. Their impeachment value was therefore "fairly low," while the risk of jury confusion or undue prejudice was "extremely high." *Id.* Likewise, in *McCorvey v. Alabama River Cellulose, LLC*, the court permitted proof that a witness "has a felony conviction" and its date but excluded the nature of the crime. No. 1:13-cv-118, 2014 WL 5528219, at *3 (S.D. Ala. Nov. 3, 2014).

Here, however, identifying only the existence of an unspecified felony conviction risks inviting speculation about the nature of the offense. If the Court permits impeachment, the better balance is to permit only the date and offense of conviction while excluding inquiry into the underlying facts or circumstances. That limitation avoids leaving the jury to speculate about an unidentified felony while preventing collateral inquiries into unrelated criminal conduct that adds little, if anything, to the jury's assessment of Phillips's credibility.

None of the lesser convictions reflected in the records of J.R., D.B., N.N., T.H., Phillips, or Vanterpool otherwise identified here qualify under Rule 609.

## V. The Court should require a proffer outside the jury's presence permitting criminal-history evidence.

Should the Court not categorically exclude the evidence addressed above, no party should be permitted to mention an arrest, charge, conviction, or question a witness about it without first raising the matter outside the presence of the jury.

The admissibility of these records depends on threshold questions, including whether a charge resulted in a qualifying conviction, whether Rule 609 applies, and, where applicable, whether the evidence survives Rule 403. Several of the records at issue contain unclear or incomplete disposition information. Once an inadmissible arrest, charge, or offense is disclosed to the jury, the resulting prejudice cannot readily be undone. *Palmer v. Robbins*, No. CV419-167, 2022 WL 1063607, at *3; *O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1309 (5th Cir. 1977).

The Court should therefore direct the parties to raise any proposed criminal-history evidence outside the jury's presence before mentioning it, questioning a witness about it, or otherwise presenting it to the jury, so that the Court can determine admissibility and, if appropriate, the permissible scope of any impeachment.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court exclude evidence of or reference to the unrelated criminal history, convictions, arrests, charges,

and police reports. To the extent the Court permits impeachment with any qualifying felony conviction, Plaintiff requests that such impeachment be limited to the date and offense of conviction, without inquiry into the underlying facts or circumstances. Plaintiff further requests that the Court direct the parties to raise any proposed criminal-history evidence outside the presence of the jury before mentioning, questioning a witness about, or otherwise presenting such evidence at trial.

Respectfully submitted on September 1, 2026.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jennifer M. Webster*

PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile
*Attorneys for Plaintiff*

**CERTIFICATE OF COMPLIANCE**

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jennifer M. Webster*

PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile
*Attorneys for Plaintiff*