UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

J.R.,

Plaintiff,

v.

LINCOLN BANCORP, LLC,

Defendant.

CIVIL ACTION FILE

NO. 1:25-cv-4629-JPB

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE NOT PRODUCED IN DISCOVERY**

Plaintiff asks this Court to exclude all evidence responsive to Plaintiff's discovery requests that Defendant did not produce in discovery or through a timely supplement. The days of trial by ambush are over. That's what discovery prohibits and what supplementation protects. Defendant has shirked its obligations.

In the Standing Order entered in August 2025, the Court notified both parties that it "does not allow evidence at trial which was requested and not revealed during the discovery period." Doc. 3 at 17. Per the Scheduling Order, discovery closed on May 11, 2026. Doc. 17 at 1.

Defendant served its discovery responses on February 6, 2026, Doc. 21, and produced documents in response to Plaintiff's requests on April 27, 2026. That was the last Plaintiff heard of any documents in Defendant's possession responsive to her discovery requests. Then, on August 21, *more than* three months after discovery

closed and just a month before trial, Defendant dumped documents (reports and videos) that, according to an email, were produced in response to Defendant's Open Records Act requests to several Georgia police departments.

After dumping these documents on Plaintiff, Defendant did not supplement its discovery responses. Worse, Defendant did not even produce all relevant documents. Conspicuously missing from the document dump were (1) Defendant's ORA requests, (2) the ORA responses of each police department, and (3) a certificate of authenticity for these documents. Plaintiff requested those documents from Defendant; but as of today, Defendant has not responded.

There is no doubt that any ORA documents Defendant possessed are responsive to Plaintiff's discovery requests. Plaintiff's request for production No. 5 says: "Please produce all documents that you receive in response to your discovery requests, subpoenas, or open record requests to non-parties." Yet Defendant continues to conceal its ORA requests and the responses from Plaintiff. Why?

The dumped documents themselves suggest two answers. *First*, Defendant did not send the ORA requests during discovery despite having ample opportunity to do so. *Second*, and even worse, Defendant's ORA requests returned responsive documents in late June or early July, but Defendant sat on them for almost *two* months, springing them on Plaintiff only after the Court set the trial date. That's discovery abuse.

Here are four documents that support Plaintiff's theory.[1]

- Defendant produced a PDF named "21-007540." This purports to be an Incident Report from the Union City Police Department relating to an incident on July 7, 2021. The report itself states that it was printed on June 22, 2026.

RPTID: 229000531
AGENCY: GA0600600

**- INCIDENT REPORT -**
*UNION CITY POLICE DEPARTMENT*

CASENO: 21-007540
*Print Date:* *06/22/2026 08:18:05 AM*

EVENT

INCIDENT TYPE: [redacted]

COUNTS: 1
INCIDENT CODE: [redacted]

PREMISE TYPE
☐ 1- HIGHWAY ☐ 2- SVC.STATION
☐ 3- CONVENIENCE STORE ☐ 4- BANK
☐ 5- COMMERCIAL ☐ 6- RESIDENCE
☐ 7- SCHOOL/ CAMPUS ☐ 8- ALL OTHER

INCIDENT LOCATION: [redacted]

LOC. CODE

WEAPON TYPE
☐ 1- GUN ☐ 2- KNIFE CUTTING TOOL
☐ 3- HANDS/FIST/ETC. ☐ 4- OTHER

INCIDENT DATE: 07/07/2021 TIME: 1720 TO DATE: 07/07/2021 TIME: 1745

STRANGER TO STRANGER: YES ☐ NO ☐ UNK ☑

That is consistent with the PDF's metadata, which lists its creation date as June 22, 2026.

**Properties**

| | |
|---|---|
| File | 21-007540.pdf |
| Title | Add a title |
| Author | Add an author |
| Subject | Add a subject |
| Base URL | Add base url |
| Key words | Add keywords |
| Application | Power PDF Create |

**Important Dates**

| | |
|---|---|
| Last Modified | 2026-08-24 11:01:28 |
| Created | 2026-06-22 09:18:06 |

[1] Redacted versions of the four PDFs discussed below are attached as Exhibit 1.

- Defendant produced a PDF named “2019-70103.” This purports to be a Bibb County Sheriff’s Office Compact relating to an incident on July 2, 2019. The report itself states that it was printed on June 23, 2026.

**Bibb County Sheriff's Office**
**Compact**

| | | | |
|---|---|---|---|
| **Print Date/Time:** | 06/23/2026 13:10 | | Bibb County Sheriff's Office |
| **Login ID:** | maconbibb\pdavis | **ORI Number:** | GA0110000 |
| **Case Number:** | 2019-00070103 | | |

**Case Details:**

| | | | |
|---|---|---|---|
| **Case Number:** | 2019-00070103 | **Incident Type:** | [redacted] |
| **Location:** | [redacted] | **Occurred From:** | 07/02/2019 22:00 |
| | | **Occurred Thru:** | 07/03/2019 02:00 |
| | | **Reported Date:** | 07/03/2019 01:52 Wednesday |
| **Reporting Officer ID:** | 2930-Purcell, W | **Status:** | Ex. Cleared |
| **Status Date:** | 07/03/2019 | | |

That is consistent with this PDF’s metadata, which lists its creation date as June 23, 2026.

**Properties**

| | |
|---|---|
| File | 2019-70103.pdf |
| Title | Add a title |
| Author | Add an author |
| Subject | Add a subject |
| Base URL | Add base url |
| Key words | Add keywords |
| Application | Power PDF Create |

**Important Dates**

| | |
|---|---|
| Last Modified | 2026-08-24 11:01:16 |
| Created | 2026-06-23 13:10:49 |

- Defendant produced a PDF named “Incident_2105615.” This purports to be a College Park Police Department Incident/Investigation Report relating to an

incident on July 6, 2021. The report itself states that it was printed on July 2, 2026.

INCIDENT/INVESTIGATION REPORT

| | | |
|---|---|---|
| Agency Name: *College Park Police Department* | | Case# *21-05615* |
| ORI: *GA 0600100* | | Date / Time Reported: *07/06/2021 20:15 Tue* |
| | | Last Known Secure: *07/06/2021 20:15 Tue* |
| [redacted] | | At Found: *07/06/2021 20:15 Tue* |

I N C I D E N T

[redacted]

Status [redacted]

R_CS1IBR Printed By: IBALLARD, Sys#: 493828 07/02/2026 20:33

That is consistent with this PDF's metadata, which lists its creation date as July 2, 2026.

**Properties**

| | |
|---|---|
| File | Incident_2105615.pdf |
| Title | Add a title |
| Author | Add an author |
| Subject | Add a subject |
| Base URL | Add base url |
| Key words | Add keywords |
| Application | Power PDF Create |

**Important Dates**

| | |
|---|---|
| Last Modified | 2026-08-24 11:01:25 |
| Created | 2026-07-02 20:33:41 |

- Defendant produced a PDF named "630-2026." This purports to be a Riverdale Police Department Deputy Incident Report relating to an incident

on September 26, 2022. The report itself appears to include a print date of July 7, 2026.

**Riverdale Police Department**

Deputy Report for Incident 22P01535

[redacted]

| | | | | | |
|---|---|---|---|---|---|
| **Received By:** | POTTER K | **How Received:** | T | **Agency:** | RPD |
| **Responding Officers:** | POTTER K | | | | |
| **Responsible Officer:** | POTTER K | [redacted] | | | |
| **When Reported:** | 16:10:00 09/26/22 | **Occurred Between:** | 15:50:00 09/26/22 and 16:10:00 09/26/22 | | |

07/07/26

That is consistent with this PDF's metadata, which lists its creation date as July 7, 2026.

**Properties**

| | |
|---|---|
| File | 630-2026.pdf |
| Title | Add a title |
| Author | Add an author |
| Subject | Add a subject |
| Base URL | Add base url |
| Key words | Add keywords |
| Application | Power PDF Create |

**Important Dates**

| | |
|---|---|
| Last Modified | 2026-08-24 11:01:28 |
| Created | 2026-07-07 12:03:53 |

To be clear, Plaintiff is guessing about what happened because Defendant has concealed its ORA requests and responses (along with any certificates of authentication). But the dumped documents themselves suggest that Defendant did not comply with its obligations to supplement and correct its discovery responses "in a timely manner" under Rule 26(e)(1)(A). Assuming that's correct, these late-dumped documents cannot be used at trial unless Defendant shows that its abuse of the discovery rules was "substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). The Court can impose other sanctions for Defendant's discovery abuse. Fed. R. Civ. P. 37(c)(1)(A)–(C). Plaintiff asks the Court to exclude the documents and to impose any other sanction the Court deems just.

Respectfully submitted on September 1, 2026.

ANDERSEN, TATE & CARR, P.C.

*/s/ Rory A. Weeks*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile
*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Rory A. Weeks*

PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile
*Attorneys for Plaintiff*