UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

J.R.,

Plaintiff,

v.

LINCOLN BANCORP, LLC,

Defendant.

CIVIL ACTION FILE

NO. 1:25-cv-4629-JPB

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE SETTLEMENT AND OTHER-HOTEL EVIDENCE**

Plaintiff J.R. moves in limine to exclude: (1) evidence concerning the settlement agreement resolving claims against Defendant's primary liability carrier (the "Agreement"), including the payment and judgment credit; and (2) evidence concerning lawsuits or settlements involving any testifying witness and hotels other than the Super 8 at 4979 Old National Highway.

## ARGUMENT

### I. Evidence of the settlement should be excluded.

#### A. The contractual credit is for the Court, not the jury.

Plaintiff and witnesses T.H., N.N., and D.B. compromised claims against Defendant's primary insurance carrier (the "Agreement"). Defendant was not released. Instead, the Agreement gives Defendant an automatic first-dollar credit against the satisfaction of any judgment. The credit does not vary with the verdict and requires

no jury finding. That is consistent with the one-satisfaction rule. Settlement proceeds are credited against the judgment by the court. *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 517 F.3d 1271, 1278 & n.7 (11th Cir. 2008). In *BUC*, the defendants learned the settlement terms after trial and still obtained the credit through a post-judgment motion. *Id.* at 1276–79. Thus, the jury has no reason to consider the Agreement. The jury will simply determine damages; the Court will apply the credit.

**B. Rule 408 bars the settlements from merits or damages use; any purported bias is already apparent.**

Rule 408 bars settlement evidence offered to prove or disprove the validity or amount of a disputed claim or to impeach by contradiction. Fed. R. Evid. 408(a). It applies to third-party compromises arising from the same transaction when there is an actual dispute over the claim. *Dallis v. Aetna Life Ins. Co.*, 768 F.2d 1303, 1306–07 (11th Cir. 1985) (recognizing the principle, holding it inapplicable to payment from a different transaction). The Agreement expressly compromises disputed claims. Any use of it to suggest that Plaintiff's claim is worth less, has already been paid, or is contradicted by the settlement is improper. *See Blu-J, Inc. v. Kemper C.P.A. Grp.*, 916 F.2d 637, 641–42 (11th Cir. 1990).

Plaintiff recognizes that Rule 408(b) permits settlement evidence offered for bias. But the bias here is already manifestly apparent. Plaintiff is the plaintiff suing Defendant. T.H., N.N., and D.B. each have pending lawsuits against Defendant arising from this same hotel. Plaintiff does not seek to exclude those facts. The fact of

their claims directly exposes their financial interest. The completed carrier payment adds little: it is fixed and complete, and nothing in the Agreement conditions payment on testimony, cooperation, or any verdict.

*ML Healthcare Services, LLC v. Publix Super Markets, Inc.*, 881 F.3d 1293 (11th Cir. 2018), is different. There, physicians received referrals from a litigation-finance company whose business depended on *successful* plaintiff recoveries, creating an otherwise-hidden incentive to give favorable causation opinions. *Id*. at 1302–03. Here there is no referral pipeline, no continuing payment, and no hidden interest beyond the witnesses' claims.

If the Court nevertheless permits evidence that a settlement payment was made, Plaintiff must be allowed enough context to prevent the false impression that *Defendant* made the payment or that Plaintiff or a witness has already been compensated, in whole or in part. *ML Healthcare* itself relied on explanatory context to reduce that danger. *Id*. at 1303–04.

**C. Rule 403 strongly favors exclusion.**

The central prejudice is simple: a juror who hears that Plaintiff has already received money may reduce the damages award because of it. Then, the Court will separately apply Defendant's contractual credit. That creates a risk of a double reduction—one by the jury and one by the Court.

*ML Healthcare* confirms the line between bias and compensation. Defense argument that the plaintiff was not "at risk" because someone else had paid her bills had "nothing to do with potential bias" and exceeded the limited purpose for which the evidence was admitted. 881 F.3d at 1304. The same is true here: compensation is not bias.

The settlement would also require collateral explanations about who paid, what was resolved, who was released, and how the credit and agreement work. That confusion and prejudice substantially outweigh whatever marginal bias value remains after the jury learns of the witnesses' pending claims. Fed. R. Evid. 403.

## II. Lawsuits and settlements involving other hotels should be excluded.

### A. Completed matters with unrelated hotels do not show bias in this case.

A witness who sued or settlement with different hotels gives that witness no stake in the verdict in this case and shows no particular animus toward Defendant. Any current financial interest in litigation against Defendant is already shown by the witness's pending claim against Defendant.

Other-hotel litigation is also irrelevant to the merits. Liability in this case turns on what happened at 4979 Old National Highway and what Defendant knew or should have known about it. Claims against owners of other properties do not bear on those questions. Fed. R. Evid. 401.

### B. A "serial claimant" theory is improper character impeachment.

If Defendant's point is that someone who has pursued trafficking claims against multiple hotels is the kind of person who pursues hotels for money and should not be believed, that is propensity reasoning barred by Rule 404(a)(1). Rule 608 leads to the same result: the mere filing or settling of a civil claim is not conduct probative of truthfulness. Fed. R. Evid. 608(b). A person trafficked at more than one hotel may have more than one claim; that says nothing about whether she is telling the truth.

### C. The evidence would create collateral mini-trials.

Admitting other-hotel litigation would invite disputes over different properties, owners, time periods, liability theories, and often-confidential settlement terms. Those disputes would consume trial time and unnecessarily confuse the jury about whose conduct is at issue. Fed. R. Evid. 403. Claims about trafficking at this hotel may bear directly on Defendant's notice. Claims against unrelated hotels do not. That is the Rule 401 line.

## CONCLUSION

Plaintiff requests that the Court grant this motion and enter an order:

(a) excluding all evidence, testimony, questions, argument, and reference concerning the Agreement, including its existence, its terms, the identity of the parties to it, the sums paid, and the judgment credit;

(b) excluding all evidence, testimony, questions, argument, and reference concerning lawsuits filed by or settlements obtained by Plaintiff or any testifying witness involving hotels other than the Super 8 at 4979 Old National Highway;

(c) directing counsel for Defendant to advise its witnesses of the Court's ruling before they testify; and

(d) directing that Defendant raise the issue outside the presence of the jury, and obtain a ruling, before offering any evidence, question, or argument on either subject, including any contention that testimony or argument at trial has opened the door to evidence covered by this Motion.

Respectfully submitted on September 1, 2026.

ANDERSEN, TATE & CARR, P.C.

*/s/ Rory A. Weeks*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097

(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile
*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Rory A. Weeks*

PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile
*Attorneys for Plaintiff*