UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

J.R.,

Plaintiff,

v.

LINCOLN BANCORP, LLC,

Defendant.

CIVIL ACTION FILE
NO. 1:25-cv-04629-JPB

**DEFENDANT'S MOTION FOR LEAVE TO AMEND THE CONSOLIDATED PRETRIAL ORDER TO ASSERT A STATUTE OF LIMITATIONS DEFENSE**

Defendant Lincoln Bancorp, LLC ("Defendant") respectfully moves for leave to amend the Consolidated Pretrial Order ("CPTO") (Doc. 43) to add its statute-of-limitations ("SOL") affirmative defense to Plaintiff's state-law tort claims. The Court entered the Consolidated Pretrial Order on July 2, 2026, but the final pretrial conference has not yet occurred. The proposed defense turns on facts which are not in dispute and upon common legal principals already known to Plaintiff: *i.e.* when the alleged trafficking ended, when Plaintiff reached the age of majority, when this action was filed, and whether O.C.G.A. § 9-3-99 tolls the otherwise applicable two-year SOL. No additional discovery concerning these issues is requested or even warranted, and amendment to include the SOL would

not delay or even alter trial. Thus, the requested amendment would not prejudice the Plaintiff or inconvenience the Court. However, permitting the amendment ***will*** avoid an injustice, as it will permit Defendant to assert a SOL defense against claims which may be barred under Georgia law.

I.

**ARGUMENT**

***A. The Basis of Defendant's SOL Defense.***

Plaintiff alleges that she was trafficked at the hotel formerly operated by Defendant and that the alleged trafficking ended no later than July 2021. She filed this action on August 15, 2025, and asserts, among other claims, state-law claims for wrongful imprisonment, premises liability/negligence, and public nuisance. All of Plaintiff's state-law claims have two-year SOLs.[1] And, while she was a minor at the time of her alleged injury, Plaintiff turned 18 on July 4, 2022. Thus, unless her state-law claims were tolled, they expired on July 4, 2024.

Where a tort claim is brought by a victim of an alleged crime and arises out of the facts and circumstances relating to the commission of that crime, O.C.G.A. § 9-3-99 tolls the SOL "until the prosecution of such crime or act has become final or otherwise terminated", provided that such time does not exceed six years. In this case, Plaintiff has presented no evidence that her traffickers were ever arrested,

[1] "[A]ctions for injuries to the person shall be brought within two years after the right of action accrues." O.C.G.A. § 9-3-33.

let alone prosecuted. ESA's position is that, where there is no underlying criminal prosecution, the tolling under Section 9-3-99 is not initiated, and Plaintiff's state-law claims are therefore untimely.[2]

### *B. Amendment of the CPTO Should be Permitted, Because it will not Prejudice or Injure the Plaintiff and it will not Inconvenience the Court.*

While the SOL is an affirmative defense, failure to include it one's answer does not waive the defense if it is included in the pretrial order. ***Hargett v. Valley Fed. Sav. Bank***, 60 F.3d 754, 763 (1995). Here, Defendant did not include a SOL defense in its Answer ***or*** in the CPTO. Thus, unless the CPTO is amended, Defendant's SOL defense is waived.

However, leave to amend a pretrial order can and should be granted when justice requires it.

---

[2] See, for example, the District Court for the Northern District of Georgia's opinion in ***Williamson v. Sayers*** , 2023 U.S. Dist. LEXIS 157007, *3-4 (N.D. Ga. July 17, 2023). There, the Court was faced with determining whether O.C.G.A. § 9-3-99 applied to toll the plaintiff's civil action arising from an underlying traffic accident. The Court, however, was unable to determine if the tolling statute was triggered, because it was unclear if a traffic citation had been issued. ***Id.***, *4 ("If Defendant received a uniform traffic citation related to the collision … the time for Plaintiff to file a civil action would have been tolled until the citation was terminated. … Here, the Court cannot ascertain whether the tolling statute was triggered or when tolling would have ended if it did apply."). If Section 9-3-99 applied in the absence of a prosecution, the District Court would have found that it had indeed been triggered simply by virtue of the underlying crime, since the plaintiff's allegations that the underlying crime had occurred were accepted as true.

> The trial judge is vested with broad discretion to preserve the integrity and purpose of a pretrial order. Basically, these orders and stipulations, freely and fairly entered into, are not to be set aside except to avoid manifest injustice. Fed.R.Civ.P. 16. However, in the interest of justice and sound judicial administration, an amendment of a pretrial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight.

***United States v. Varner***, 13 F.3d 1503, 1507 (11th Cir. 1994) (citing ***Sherman v. United States***, 462 F.2d 577, 579 (5th Cir. 1972)). In fact, the 11th Circuit has held that, where there is no finding of substantial injury or prejudice to the opposing party and or inconvenience to the Court, "[t]here is a presumption that a pretrial order will be amended". ***Id.*** And, even where there ***is*** a finding of prejudice or inconvenience, the pretrial order should nevertheless be amended to avoid manifest injustice. ***Id.***

Here, amendment of the CPTO to allow Defendant to assert an SOL defense would cause no substantial injury or prejudice to Plaintiff. As noted above, the SOL's application here turns on the application of law to undisputed facts, all of which were known to Plaintiff at the time she filed suit (*i.e.* Plaintiff's date of birth, the date she initiated this action, and the absence of any prosecution of her alleged traffickers). Thus, amendment of the CPTO to include a SOL defense requires Plaintiff to do nothing – it does not alter her case in any way. *See* ***Varner***,

13 F.3d at 1508 (noting the proposed amendment of the pretrial order did not cause the opposing party injury or prejudice where it did not significantly alter his case).

Likewise, amending the CPTO wold not cause inconvenience to the Court. Amending the CPTO to permit the SOL requires no substantial changes to the CPTO – it requires no new exhibits and no additional witnesses. It would not inject new issues into the trial, materially change the parties' theories, or require additional discovery. In addition, the proposed amendment would not delay the trial of this matter or even lengthen it[3]. Rather,

So, since the amendment causes no prejudice to Plaintiff and no inconvenience to the Court, it should be permitted by the Court.

***C. Amendment of the CPTO is Necessary to Prevent Injustice.***

Without amendment, Defendant would be unable to assert its SOL defense against multiple state-law tort claims – claims which, if Defendant is correct about the application of O.C.G.A. § 9-3-99, are ***barred*** per applicable SOL. The result would be to deny Defendant a valid and potentially dispositive affirmative defense, based upon a procedural omission rather than the merits.

[3] Defendant would seek the Court's ruling on this issue in a Rule 50(a) Motion for Judgment as a Matter of Law, along with .

## III.

## RELIEF REQUESTED

Based upon the above, Defendant respectfully requests that the Court grant this motion to amend and permit Defendant to amend Attachment D to the CPTO to add the following defense and authorities:

> Statute of Limitations. Plaintiff's state-law tort claims, including her claims for false imprisonment, premises liability/negligence and public nuisance, are barred, in whole or in part, by the applicable statutes of limitation, including O.C.G.A. § 9-3-33. Defendant disputes that O.C.G.A. § 9-3-99 or any other tolling provision or doctrine renders those claims timely.

Lincoln Bancorp further requests that the Court permit add to the authorities identified in Attachment D:

O.C.G.A. §§ 9-3-33; 9-3-99; ***Williamson v. Sayers*** , 2023 U.S. Dist. LEXIS 157007 (N.D. Ga. July 17, 2023); ***Forbes v. Smith***, 338 GA. App. 546 (2016); and ***Coombs v. Morehead***, 2019 U.S. Dist. LEXIS 138802 (M.D. Ga. Aug. 16, 2019).

Respectfully submitted, this 1st day of September, 2026.

**WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854
Shubhra R. Mashelkar
GA Bar No. 475388
Patrick B. Moore
GA Bar No. 520390
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
(404) 876-2700
cbyrd@wwhgd.com
smashelkar@wwhgd.com

*Counsel for Defendant Lincoln
Bancorp, LLC*

## RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE

Under Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that this submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

*/s/ Christopher T. Byrd*
Christoper T. Byrd

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 1, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing by electronic mail to all counsel or parties of record:

Jonathan Tonge, Esq.
Patrick J. Mcdonough, Esq.
Jennifer Webster, Esq.
ANDERSEN, TATE & CARR, PC
One Sugarloaf Centre
1960 Satellite Blvd, Ste. 4000
Duluth, GA 30097
jwebster@atclawfirm.com
jtonge@atclawfirm.com
pmcdonough@atclawfirm.com

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854