UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.R.,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN BANCORP, LLC,<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. 1:25-cv-4629-JPB |

**PLAINTIFF'S MOTION IN LIMINE REGARDING THE ADMISSIBILITY OF OTHER INCIDENT EVIDENCE**

**INTRODUCTION**

This case cannot be tried in a vacuum limited to the specific days Plaintiff was trafficked at Defendant's hotel, the Super 8. What occurred at the hotel before, during, and after her trafficking bears directly on what Defendant knew, the conditions under which it operated the property, and whether Plaintiff's trafficking was foreseeable.

Evidence of other sex trafficking, prostitution, and related criminal activity at the Super 8 is therefore relevant for multiple independent purposes. It impeaches Defendant's witnesses' sweeping denials of knowledge of illegal sex activity at the property; bears on whether the Super 8 constituted a public nuisance per se; supports Defendant's knowledge and participation under the Trafficking Victims Protection Reauthorization Act ("TVPRA"); and establishes notice and foreseeability for

Plaintiff's negligence claim. That evidence includes testimony and records concerning other children trafficked for sex at the Super 8, including T.H., N.N., and D.B., as well as guest reviews and incident reports spanning Defendant's ownership and operation of the hotel from December 30, 2019, through December 6, 2021.

The fact that a particular incident occurred outside the specific days Plaintiff was trafficked—or involved another victim—does not render it irrelevant. Because this evidence bears directly on issues the jury must decide, it should not be categorically excluded based on timing or the identity of the victim.

## ARGUMENT

### I. Other-incident evidence is relevant impeachment evidence.

Defendant's own corporate representative and on-site manager have already minimized or denied knowledge of criminal activity at the Super 8. Defendant testified that it never suspected prostitution or sex trafficking at the property and was unaware of any sex crime occurring there. Ex. 1, 30(b)(6) Dep. 50:13–51:24, 55:6–56:9. And it acknowledged only occasional disputes between guests and, on rare occasions, gun-related incidents. *Id.* at 50:6–12, 54:14–55:5, 150:6–152:15. The Super 8's on-site manager similarly testified that he never suspected sex trafficking or prostitution and was unaware of any other sex crime at the Super 8, before invoking his Fifth Amendment privilege when asked directly whether he personally knew that

sex trafficking or prostitution was occurring there. Ex. 2, Vu Dep. 53:8-54:21, 89:4–10.

Those sweeping denials may be impeached by evidence showing otherwise. "Impeachment evidence is evidence that is 'offered to discredit a witness . . . to reduce the effectiveness of [the] testimony by bringing forth evidence which explains why the jury should not put faith in [them] or [their] testimony.'" *F.T.C. v. Nat'l Urological Grp., Inc.*, 645 F. Supp. 2d 1167, 1180 (N.D. Ga. 2008) (quoting *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993)), *aff'd*, 356 F. App'x 358 (11th Cir. 2009). And "[a]ny party, including the party that called the witness, may attack the witness's credibility." Fed. R. Evid. 607; *see also Prater v. United Mine Workers of Am., Dists. 20 & 23*, 793 F.2d 1201, 1212 (11th Cir. 1986).

Bias and contradiction are both recognized means of attacking a witness's credibility. 27 Wright & Miller's Federal Practice & Procedure § 6094. Evidence demonstrating bias is relevant because it gives the jury a reason to question the witness's account. *United States v. Abel*, 469 U.S. 45, 50–51 (1984). Here, evidence that Defendant permitted or facilitated illegal sex activity at the Super 8 bears directly on bias. Both witnesses have an obvious self-protective interest in minimizing their own knowledge of and involvement in criminal activity that occurred at the Super 8 while it was under their watch. Bias may be established through extrinsic evidence and is no less a proper subject of impeachment in a civil case. *See*

*Wilmington Tr. Co. v. Mfrs. Life Ins. Co.*, 624 F.2d 707, 709 (5th Cir. 1980); *United States v. Robinson*, 530 F.2d 1076, 1079 (D.C. Cir. 1976).

The evidence is also independently admissible to contradict Defendant's witnesses' testimony. Where the contradiction concerns a material rather than collateral matter, it may be established through extrinsic evidence. 27 Wright & Miller's Federal Practice & Procedure § 6095 (2d ed.); *United States v. Lambert*, 463 F.2d 552, 557 (7th Cir. 1972). Defendant's knowledge of illegal sex activity and other criminal activity at the Super 8 is anything but collateral; it is a central issue under Plaintiff's TVPRA, public nuisance per se, and negligence claims. Evidence that trafficking, prostitution, gun violence, or related sex crimes occurred at the Super 8—and that Defendant or its employees encountered, observed, permitted, or facilitated that activity—therefore bears directly on material issues in this case. It is also admissible to contradict testimony minimizing or denying Defendant's knowledge of those conditions.

And that impeachment evidence does not become irrelevant merely because the underlying incident occurred before or after the specific days Plaintiff was trafficked. Defendant's witnesses did not testify merely that they lacked knowledge of illegal sex activity *while Plaintiff was present*; they denied knowledge of such activity at the Super 8 altogether. Evidence contradicting those denials is relevant

regardless of whether the incident involved Plaintiff or occurred on the precise days she was there.

Accordingly, the Court should permit evidence of criminal activity at the Super 8 that bears on Defendant's knowledge of conditions at the property or impeaches or contradicts its witnesses' testimony concerning those conditions.

## II. Other-incident evidence is admissible to prove the existence of a public nuisance per se.

A house or business operated as a place of prostitution is a public nuisance per se under Georgia law: "A lewd house is *per se* a 'public nuisance.'" *Brindle v. Copeland*, 89 S.E. 332, 332 (Ga. 1916). That rule applies to hotels. *Fitzgerald v. Georgia*, 72 S.E. 541, 542 (Ga. Ct. App. 1911). And a hotel constitutes a lewd house where its operator furnishes lodging to persons engaged in prostitution. *Id.*

Other incidents of trafficking and prostitution at the Super 8 are evidence of the condition that makes the Super 8 a nuisance per se. Whether the Super 8 was operated as a lewd house cannot be determined by artificially limiting the evidence to what occurred during the specific days Plaintiff was trafficked there. Evidence that other trafficking and prostitution occurred at the same hotel during Defendant's ownership tends to establish the character of the Super 8 as a place where commercial sex activity was occurring and, in turn, whether it constituted a lewd house and public nuisance per se. It also bears directly on whether Defendant knew or should have known of that condition. *See* Order at 21–26, *J.G. v. Northbrook Indus., Inc.*,

No. 1:20-cv-5233 (N.D. Ga. July 2, 2025) (Geraghty, J.), ECF No. 204 (holding evidence of other trafficking and commercial-sex crimes at defendant's hotel relevant to hotel's knowledge of trafficking occurring at property).

Evidence of other trafficking and prostitution at the same hotel during Defendant's ownership is directly relevant and admissible to Plaintiff's public nuisance per se claim. That evidence does not become irrelevant merely because a particular incident occurred before or after Plaintiff's trafficking or involved another victim. Accordingly, the Court should permit evidence of other trafficking and prostitution at the Super 8 during Defendant's ownership, even if a particular incident occurred before or after Plaintiff's trafficking or involved another victim.

## III. Other-incident evidence is admissible to prove Defendant's modus operandi and knowledge under the TVPRA.

Evidence of other trafficking and prostitution at the Super 8 is independently relevant to Defendant's knowledge and participation under the TVPRA. Courts have recognized that knowledge may be established through evidence of an established modus operandi or pattern of conduct. *See Ardolf v. Weber*, 332 F.R.D. 467, 475 (S.D.N.Y. 2019); *United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010) ("What the [TVPRA] requires is that the defendant know in the sense of being aware of an established modus operandi that will in the future cause a person to engage in prostitution"); *Boyce v. Weber*, No. 1:19-cv-3825, 2021 WL 2821154, at *4–6 (S.D.N.Y. July 7, 2021).

Courts in this District have applied that principle in hotel sex-trafficking cases by considering evidence of other trafficking and prostitution at the same hotel in determining an operator's knowledge. In *I.R. v. I Shri Khodiyar, LLC*, the court relied on affidavits from other women trafficked at the defendant's hotel—including one trafficked months before the plaintiff and another at roughly the same time—as evidence supporting the hotel's knowledge under § 1595. 723 F. Supp. 3d 1327, 1333, 1341 (N.D. Ga. 2024). Likewise, in *Does 1–4 v. Red Roof Inns, Inc.*, the court considered prior prostitution at the hotels, together with reviews, police activity, and employee observations, in evaluating what the defendants knew or should have known. 688 F. Supp. 3d 1247, 1253–55 (N.D. Ga. 2023).

The same reasoning applies here. The evidence will show other instances of trafficking and prostitution at the same hotel, during Defendant's ownership, involving similar indicators of commercial sex activity that Super 8 staff had the opportunity to observe. Those incidents are relevant not because they establish Defendant's character or propensity, but because their recurrence tends to show that Plaintiff's trafficking was not an isolated or unknowable event. Rather, the jury may consider that pattern in determining what Defendant knew or should have known about the illegal sex activity occurring at its Super 8 and whether Defendant knowingly benefited from participation in the venture that trafficked Plaintiff.

Nor is that evidence necessarily irrelevant because an incident occurred after Plaintiff's trafficking. Courts have recognized that subsequent conduct may be probative of an established modus operandi or practice. *See* Order at 27, *J.G. v. Northbrook Indus., Inc.*, No. 1:20-cv-5233, ECF No. 204 (declining to categorically exclude post-trafficking evidence and recognizing that post-event evidence may be relevant to establish a practice or modus operandi); *see also Turner v. United States*, 426 F.2d 480, 483–84 (6th Cir. 1970); *Treminio v. Crowley Mar. Corp.*, No. 3:22-cv-174, 2024 WL 382400, at *6 (M.D. Fla. Feb. 1, 2024). Thus, although subsequent incidents cannot provide Defendant with prior notice of Plaintiff's trafficking, they may be relevant for other purposes, including to demonstrate the practices under which the Super 8 operated and to rebut Defendant's contention that the trafficking occurring there was unknown or anomalous.

Accordingly, the Court should permit evidence of other trafficking and prostitution at the Super 8 that bears on Defendant's knowledge or participation in the venture, including subsequent incidents relevant to an established practice or modus operandi.

## IV. Other-incident evidence is admissible to prove foreseeability and notice on Plaintiff's negligence claim.

Georgia law expressly recognizes the relevance of prior criminal activity to establish notice and foreseeability. And the Georgia Supreme Court has made clear that there is no "bright-line rule requiring evidence of a 'substantially similar' prior

crime" to establish foreseeability. *Georgia CVS Pharmacy, LLC v. Carmichael*, 890 S.E.2d 209, 225−26 (Ga. 2023). Prior similar crimes are probative, and differences between prior crimes and the crime at issue do not necessarily render the prior incidents irrelevant. *Id.* at 224−25. Rather, the inquiry is "necessarily case-specific" and turns on "whether the totality of the circumstances establish reasonable foreseeability such that the proprietor has a duty to guard against that criminal activity." *Id.* at 224, 226.

Georgia courts have applied these foreseeability principles in the hotel sex-trafficking context. In *Suresh & Durga, Inc. v. Doe*, the Georgia Court of Appeals held that a jury could find a child's sex trafficking at a motel reasonably foreseeable based on evidence that included prior prostitution and other crimes at the property, police knowledge of prostitution and sex trafficking there, and testimony that motel employees knew of and permitted prostitution. 894 S.E.2d 602, 606, 608–09 (Ga. Ct. App. 2023).

The same types of evidence are at issue here. Other instances of trafficking, prostitution, and related criminal activity at the Super 8 before Plaintiff's trafficking—including incidents known to or observable by Super 8 employees—are relevant circumstances bearing on whether Defendant knew or should have known of the risk of sex trafficking at its hotel and whether Plaintiff's trafficking was reasonably foreseeable. That evidence need not involve Plaintiff, an identical trafficking

scheme, or an identical crime to be relevant. Under *Carmichael*, it forms part of the totality of the circumstances the jury may consider in determining foreseeability. 890 S.E.2d at 226.

Indeed, this case presents more than generalized evidence of criminal activity in the area. In May 2020, during Defendant's ownership, the City of South Fulton Police Department opened a sex-trafficking investigation at the Super 8 identifying three victims and four suspects. Ex. 3, S. Fulton PD Human Trafficking Investigation. A detective investigating that sex trafficking interviewed the Super 8's on-site manager about the room and individuals involved, and the manager acknowledged that he had seen young girls staying at the hotel. Ex. 2, Vu Dep. 74: 11–20, 83:24–85:25. A police investigation of sex trafficking at the hotel during Defendant's ownership is relevant to whether Defendant could foresee the same type of criminal conduct later harming Plaintiff.

Thus, as to Plaintiff's negligence claim, the fact that an incident predates Plaintiff's trafficking is not a basis for exclusion. It is precisely what gives the incident significance as notice. And *Carmichael* forecloses any categorical argument that other-incident evidence is irrelevant merely because it is not identical or "substantially similar" to Plaintiff's trafficking.

Accordingly, the Court should permit evidence of criminal activity at the Super 8 that bears on Defendant's notice and the foreseeability of Plaintiff's trafficking,

without requiring that the prior incidents involve Plaintiff or be substantially similar to her trafficking.

**V. The probative value of the other-incident evidence is not substantially outweighed by any danger of unfair prejudice.**

The other-incident evidence is highly probative of issues central to Plaintiff's claims, including Defendant's knowledge, notice, participation, and whether the Super 8 constituted a public nuisance per se. It also bears directly on the credibility of Defendant's witnesses' sweeping denials of knowledge of illegal sex activity at the Super 8. For the reasons discussed, the evidence is not offered to show that unrelated bad acts occurred at the Super 8. It is offered to prove facts the jury must decide.

Nor does the fact that this evidence may be damaging to Defendant make it unfairly prejudicial. Federal Rule of Evidence 403 is concerned with unfair prejudice, not the legitimate force of probative evidence. Here, the other incidents involve the same Super 8, the same period of Defendant's ownership, and the same type of illegal sex activity at issue in Plaintiff's claims. Their probative force therefore arises from the very similarities that make them relevant to Defendant's knowledge, notice, practices, and whether the Super 8 constituted a public nuisance per se.

Courts have accordingly declined to categorically exclude similar other-victim evidence in trafficking cases under Rule 403. *See* Order at 21–23, *J.G. v. Northbrook Indus., Inc.*, ECF No. 204 (rejecting Rule 403 challenge to evidence of other victims' trafficking at the defendant's hotel)*; Treminio v. Crowley Mar. Corp.*, No.

3:22-cv-174, 2024 WL 382400, at *6 (M.D. Fla. Feb. 1, 2024). To the extent the Court determines that particular evidence presents a risk of confusion or misuse, that concern can be addressed through a timely objection or appropriate limiting instruction rather than exclusion of an otherwise highly probative category of evidence.

## CONCLUSION

For these reasons, Plaintiff respectfully asks the Court to hold that evidence of other instances of sex trafficking, prostitution, and related sexual offenses at the hotel is not subject to categorical exclusion merely because the conduct occurred outside the specific dates of Plaintiff's trafficking or involved individuals other than Plaintiff. Such evidence arising during Defendant's ownership and operation of the hotel from December 30, 2019, through December 6, 2021, is admissible for the independent purposes set forth above.

Respectfully submitted on September 1, 2026.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jennifer M. Webster*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com
JENNIFER M. WEBSTER

Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile
*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jennifer M. Webster*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile
*Attorneys for Plaintiff*