UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.R.,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN BANCORP, LLC,<br><br>Defendant. | CIVIL ACTION FILE<br>NO. 1:25-cv-04629-JPB |

**DEFENDANT'S EMERGENCY MOTION TO STAY TRIAL PENDING RESOLUTION OF PLAINTIFF'S CONSTITUTIONAL CHALLENGE TO O.C.G.A. § 51-12-33**

Defendant Lincoln Bancorp, LLC ("Defendant" or "Lincoln Bancorp") respectfully moves this Court pursuant to its inherent authority to manage its docket for a stay of the trial currently scheduled for September 21, 2026, and all remaining pretrial deadlines, pending resolution of Plaintiff's constitutional challenge to O.C.G.A. § 51-12-33. In support thereof, Defendant states as follows:

**BACKGROUND**

This action arises from claims by Plaintiff J.R. against Defendant under Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a), and Masha's Law, as well as state-law claims for negligence (premises liability), false imprisonment, and public nuisance. J.R. alleges that she was trafficked at the Super 8 by three individuals—two men known as "Goose" and

"Scar," and a woman named Nachelle Clark (also known as "Star")—during three separate periods: January through March 2020, April through July 2020, and June through July 2021. Plaintiff filed this action in August 2025. Trial is currently scheduled for September 21, 2026.

On September 1, 2026, Plaintiff filed a motion in limine (Doc. 63) to determine the applicability of the Georgia apportionment statute, O.C.G.A. § 51-12-33, to her Georgia claims, which the Defendant is opposing. Specifically, Plaintiff challenged the constitutionality of applying the May 13, 2022, amendment to § 51-12-33 to her causes of action that accrued before that amendment's effective date.

On September 2, 2026, Plaintiff filed a Notice of Constitutional Challenge under Federal Rule of Civil Procedure 5.1 (Doc. 72), formally challenging the constitutionality of applying the 2022 amendment to § 51-12-33 to her pre-amendment causes of action. Plaintiff served the Georgia Attorney General with notice of the constitutional challenge via certified mail and email, as required by Fed. R. Civ. P. 5.1 and O.C.G.A. § 9-4-7(c).

The constitutional challenge concerns whether applying the 2022 amendment to the apportionment statute—which expanded its scope to actions "against one or more persons"—to pre-amendment causes of action violates the Georgia Constitution's prohibition on retroactive laws. *See* Ga. Const. art. I, § I, ¶ X.

Under the prior version of the statute, as interpreted by the Georgia Supreme Court in *Alston & Bird, LLP v. Hatcher Management Holdings, LLC*, 862 S.E.2d 295, 299–302 (Ga. 2021), § 51-12-33(b) did not authorize a reduction in damages based on nonparty fault in an action against only one person. During the first legislative session after *Alston & Bird*, the General Assembly amended subsection (b) so it applies "[w]here an action is brought against one or more persons for injury to person or property." 2022 Ga. Laws 802, 802, § 1. The Act stated it "shall apply to all cases filed after the effective date" of May 13, 2022. *Id.* at 802, § 2; 803, § 4. Defendant contends that the amended statute applies by its terms to this action, which was filed after the amendment's effective date, and is separately filing an opposition to Plaintiff's motion in limine (Doc. 63).

As it stands, Plaintiff's proposed order (Doc. 72-1) requests that the Georgia Attorney General submit his position on the constitutional challenge by November 2, 2026—well after the September 21, 2026 trial date.

## ARGUMENT

### I. The Court Has Broad Discretion to Stay Proceedings.

Federal courts possess inherent authority to manage their dockets and stay proceedings pending resolution of threshold legal issues. ***Landis v. North American Co.***, 299 U.S. 248, 254–55 (1936) (recognizing that the power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the

causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). The Eleventh Circuit likewise recognizes that a variety of circumstances may justify a district court stay pending resolution of related proceeding. ***Ortega Trujillo v. Conover & Co. Communications, Inc.***, 221 F.3d 1262, 1264 (11th Cir. 2000); ***see also Clinton v. Jones***, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

## II. The Constitutional Challenge Is Potentially Dispositive and Cannot Be Resolved Before Trial.

Plaintiff's constitutional challenge is potentially dispositive of a key defense in this case—namely, that nonparties, including Plaintiff's traffickers, bear responsibility for Plaintiff's damages. Defendant contends that the 2022 amendment to § 51-12-33 applies to Plaintiff's claims and seeks to apportion fault to nonparties under the amended statute, which could substantially reduce the damages, if any, to which Plaintiff may be entitled. The resolution of this constitutional question will therefore directly and materially affect the scope of issues to be tried, the jury instructions, and the potential verdict.

Rule 5.1 creates an additional problem with proceeding to trial on September 21, 2026. Plaintiff's proposed order (Doc. 72-1) requests that the Georgia Attorney General be given until November 2, 2026—more than six weeks after the scheduled trial—to submit his position. Rule 5.1(c) provides that, unless the Court sets a later

time, the Attorney General may intervene within 60 days after the notice is filed or the Court certifies the challenge, whichever is earlier. Critically, "[b]efore the time to intervene expires, the court may reject the constitutional challenge, but may not enter a final judgment holding the statute unconstitutional." Fed. R. Civ. P. 5.1(c). Thus, the Court may reject Plaintiff's challenge before trial and apply the amended statute, but if the Court does not reject the challenge, it cannot finally hold the statute unconstitutional before the Attorney General's intervention period expires. Proceeding to trial in the interim would leave unresolved the legal framework governing apportionment—an issue that directly affects the evidence presented, the verdict form, jury instructions, and calculation of any damages. A stay avoids requiring the parties and the Court to try the case while that threshold issue remains unresolved.

## III. Proceeding to Trial Without Resolving the Constitutional Question Would Risk Significant Waste of Resources.

Proceeding to trial on September 21, 2026, without first resolving the constitutional challenge would risk significant waste of resources and potential prejudice to all parties.

First, depending on how the constitutional challenge is resolved, the case may be tried under an incorrect legal framework regarding the apportionment of fault.

Second, resolution of the constitutional issue after trial could necessitate a new trial, wasting the substantial time and resources of the Court, the parties, the witnesses, and the jurors expended in the first trial.

Third, the Georgia Attorney General has a statutory right to participate in the constitutional challenge. *See* 28 U.S.C. § 2403(b) (where the constitutionality of a state statute is drawn into question in any action to which the state is not a party, the court shall certify such fact to the state attorney general, who "is entitled to ... become a party"); Fed. R. Civ. P. 5.1(b)–(c) (requiring court certification and providing that the court "must allow" a reasonable time for intervention after certification); O.C.G.A. § 9-4-7(c). Proceeding to trial before the Attorney General has had a reasonable opportunity to intervene would effectively nullify that statutory right and deprive the Court of the Attorney General's input on the constitutional question.

## IV. The Balance of Equities Favors a Stay and No Undue Prejudice Will Result.

The balance of equities strongly favors a stay. Both parties and the Court benefit from trying this case under the correct legal framework. A stay will conserve judicial resources by ensuring that any trial is conducted under the proper legal standards, avoiding the possibility of a retrial.

Plaintiff will not suffer undue prejudice from a limited stay. Notably, it was Plaintiff herself who raised the constitutional challenge to § 51-12-33 in her motion

in limine and her Notice of Constitutional Challenge. A limited stay merely allows for resolution of the very issue that Plaintiff raised. This case has been pending since August 2025, and a brief continuance of the trial date to permit resolution of the constitutional challenge will not materially prejudice Plaintiff's interests. ***See Landis***, 299 U.S. at 255 (in assessing a stay, courts weigh "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law").

## CONCLUSION

For the foregoing reasons, Defendant Lincoln Bancorp, LLC respectfully requests that this Court (1) stay the trial currently scheduled for September 21, 2026, pending resolution of Plaintiff's constitutional challenge to O.C.G.A. § 51-12-33; (2) Stay all remaining pretrial deadlines pending resolution of the constitutional challenge; (3) reset the trial date and pretrial deadlines after the constitutional challenge has been resolved; and (4) grant such other and further relief as this Court deems just and proper.

Respectfully submitted this 8th day of September, 2026.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*<u>/s/ Christopher T. Byrd</u>*

Christopher T. Byrd
GA Bar No. 100854
Shubhra R. Mashelkar
GA Bar No. 475388
Patrick B. Moore
GA Bar No. 520390
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
(404) 876-2700
cbyrd@wwhgd.com
smashelkar@wwhgd.com

*Counsel for Defendant Lincoln Bancorp, LLC*

## RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE

Under Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that this submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

*/s/ Christopher T. Byrd*
Christopher T. Byrd

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 8, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing by electronic mail to all counsel or parties of record:

Jonathan Tonge, Esq.
Patrick J. McDonough, Esq.
Jennifer Webster, Esq.
ANDERSEN, TATE & CARR, PC
One Sugarloaf Centre
1960 Satellite Blvd, Ste. 4000
Duluth, GA 30097
jwebster@atclawfirm.com
jtonge@atclawfirm.com
pmcdonough@atclawfirm.com

I further certify that I have this day caused the foregoing to be hand-delivered to the Judge Boulee's chambers via courier, per the Standing Order Regarding Civil Litigation for Cases Proceeding Before the Honorable J. P. Boulee.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854