**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| J.R.,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN BANCORP, LLC,<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. 1:25-cv-04629-JPB |

**DEFENDANT LINCOLN BANCORP, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE ON THE INAPPLICABILITY OF THE GEORGIA APPORTIONMENT STATUTE**

Defendant Lincoln Bancorp, LLC ("Lincoln Bancorp" or "Defendant"), by and through undersigned counsel, respectfully submits this Response in Opposition to Plaintiff's Motion in Limine on the Inapplicability of the Georgia Apportionment Statute (***Doc. 63***).

## INTRODUCTION

Plaintiff's Motion in Limine on the Inapplicability of the Georgia Apportionment Statute (Doc. 63) asks this Court to hold that the Georgia apportionment statute, O.C.G.A. § 51-12-33, does not apply to Plaintiff's Georgia state-law claims. Plaintiff advances two arguments: (1) that LLCs are not "persons"

within the meaning of the statute's triggering clauses, and (2) that applying the current version of the statute to claims that accrued before the 2022 amendment would violate the Georgia Constitution's prohibition on retroactive laws. Neither argument is persuasive.

As to the first argument, the statutory definition of "person" in O.C.G.A. § 1-3-3(14)—which provides that "'Person' includes a corporation"—uses the word "includes," a well-recognized term of enlargement, not limitation. The context of the apportionment statute, the Georgia LLC Act, and over a century of consistent practice all confirm that LLCs fall within the statute's reach. As to the second argument, the 2022 amendment is procedural—it governs how fault is allocated at trial, not whether Plaintiff has a cause of action—and thus may constitutionally be applied to cases filed after its effective date. The Court should deny Plaintiff's Motion.

## ARGUMENT

### I. LLCs Are "Persons" Within the Meaning of O.C.G.A. § 51-12-33.

#### A. The Word "Includes" in O.C.G.A. § 1-3-3(14) Is Illustrative, Not Exhaustive.

Plaintiff's primary argument rests on a misreading of the statutory definition of "person." O.C.G.A. § 1-3-3(14) provides that "'Person' includes a corporation."

Under well-established Georgia law, the word "includes" is a term of enlargement, not limitation. ***Federal Land Bank of Columbia v. Bank of Lenox***, 192 Ga. 543, 549 (1941) ("The word 'include' is usually a word of extension or enlargement, and not of limitation or restriction."). *See also* ***Reeves v. State***, 304 Ga. 110 (2018). The definition tells us that "person" encompasses *at least* corporations; it does not tell us that corporations are the *only* entities covered. Plaintiff nevertheless treats an expressly nonexclusive definition as an exhaustive one. Nothing in the text supports that construction.

### B. The Context of § 51-12-33 Confirms That "Persons" Includes LLCs.

Even under Plaintiff's own interpretive framework—looking to context per O.C.G.A. § 1-3-2—the context "clearly requires" a reading broad enough to cover LLCs. Several features of the statute and surrounding law confirm this.

*First*, the apportionment statute itself uses the phrase "persons *or entities*" in subsection (c). Plaintiff argues this disjunction shows that "persons" and "entities" are different categories, but this actually undermines her position: subsection (c) broadens the fault-allocation inquiry to "all persons or entities," demonstrating the General Assembly intended the statute to have expansive reach across all types of defendants and fault-bearing parties. The use of "or entities" as an addendum to

"persons" reflects the legislature's intent to leave no gap in coverage—not to narrow the meaning of "persons" in the triggering clauses.

*Second*, the purpose of the apportionment statute—allocating fault among all responsible actors in tort cases—demands a reading that covers all defendants who can be sued in tort. An interpretation that excludes LLCs would create an absurd result: LLCs, one of the most common business entities in Georgia, would be categorically immune from apportionment in every tort case. Any plaintiff who sued an LLC—and only an LLC—could never face apportionment, regardless of the facts. Georgia courts avoid interpretations that lead to absurd or unreasonable results. ***Telecom*USA, Inc. v. Collins***, 260 Ga. 362, 363 (1990); ***Chase v. State***, 285 Ga. 693, 695 (2009).

*Third*, the Georgia LLC Act at O.C.G.A. § 14-11-202 grants LLCs "the same powers as any person" to carry out their business. LLCs can own property, enter contracts, sue and be sued, and commit torts just as any natural or artificial person can. An entity that has "the same powers as any person" should be treated as a "person" for purposes of a statute governing tort liability allocation.

### C. Plaintiff's Historical Cases Are Inapposite and Pre-Date the LLC Act.

The cases Plaintiff relies upon do not support her position. The partnership cases (***Drucker v. Wellhouse***, 8 S.E. 40 (Ga. 1888); ***Turnipseed v. Georgia***, 188 S.E. 403 (Ga. Ct. App. 1936)), the unincorporated association cases (***Barbour v. Albany Lodge***, 73 Ga. 474 (1884); ***Wilkins v. Wardens & Vestry of St. Marks' Protestant Episcopal Church of Dalton***, 52 Ga. 351 (1874)), and the trade name cases (***W. & Atl. R.R. Co. v. Dalton Marble Works***, 50 S.E. 978 (Ga. 1905)) all predate the creation of LLCs by a century or more. These cases addressed whether entities that lacked statutory authorization to sue or be sued were "persons"—a fundamentally different question from whether a modern LLC, which has express statutory authorization to "sue and be sued" and possesses "the same powers as any person," falls within the apportionment statute's reach.

Georgia's LLC Act was enacted in 1993—after all of these cases. The General Assembly created LLCs as business entities with powers equivalent to those of any person, including the power to sue and be sued. Unlike the unincorporated associations in Plaintiff's nineteenth-century cases, LLCs are creatures of statute with comprehensive governance under title 14. Plaintiff asks this Court to apply nineteenth-century precedent about unincorporated entities to a modern statutory

entity the legislature specifically designed to function like a corporation. That is not what those cases stand for.

The apportionment statute's phrase "persons or entities" expressly contemplates that "entity" may encompass legal actors that do not qualify as "persons"; it does ***not*** establish the converse proposition that no entity can also be a "person." Corporations, after all, are indisputably both entities and "persons" under § 1-3-3(14). Thus, the terms may overlap without being synonymous. ***Georgia Insurers Insolvency Pool v. Elbert County***, 368 S.E.2d 500 (Ga. 1988), cited for support by Plaintiff, actually supports this premise, as the Georgia Supreme Court found the county was a "legal entity", under Section 33-1-2(5), and therefore a "person",

**D. Plaintiff's Argument Based on Other Statutes' Broad Definitions Cuts Both Ways.**

Plaintiff argues that the General Assembly's use of broad definitions of "person" in other statutes shows it knows how to be expansive, and its failure to do so in Section 51-12-33 means it intended to exclude LLCs. But this argument ignores a critical fact: when the General Assembly enacted and amended the apportionment statute (in 1987, 2005, and 2022), LLCs were already ubiquitous business entities in Georgia. If the General Assembly intended to exclude LLCs

from the apportionment statute—a statute that governs the allocation of fault in virtually every tort case in Georgia—it knew how to do so and chose not to. The absence of an exclusion is far more telling than the absence of an explicit inclusion.

Moreover, those other statutes with broad definitions were enacted across different eras and for different purposes. The General Assembly's decision to use a context-specific broad definition in the Insurance Code, the UCC, or the abusive litigation statute does not create a negative inference that the general definition in Section 1-3-3(14) excludes LLCs from all other statutes.

### E. Georgia Courts Have Applied the Apportionment Statute to LLCs Without Objection.

As Plaintiff herself acknowledges, "many Georgia apportionment cases involved LLCs." No Georgia court has ever held that the apportionment statute does not apply because a defendant was an LLC. While Plaintiff relies on ***Alston & Bird, LLP v. Hatcher Management Holdings****, LLC*, 862 S.E.2d 295 (Ga. 2021), for the proposition that these cases did not "actually decide" the issue, the ***Alston & Bird*** court was addressing a different question: whether a single-defendant case triggered the pre-2022 version of subsection (b). The court was not presented with—and did not address—whether an LLC is a "person" under Section 51-12-33. The consistent,

unchallenged application of the apportionment statute to LLCs across numerous cases strongly supports the conclusion that LLCs are "persons" under the statute.

Plaintiff thus asks this federal Court, sitting in diversity as to her state-law claims, to announce a novel rule of Georgia law that no Georgia appellate court has ever adopted: that one of Georgia's most common forms of business organization is categorically excluded from Georgia's principal tort-apportionment statute. Nothing in Georgia law warrants that extraordinary application of Georgia law.

### F. Accepting Plaintiff's Argument Would Produce Untenable Consequences.

Plaintiff's interpretation produces an extraordinary result: two businesses can engage in identical conduct causing identical injuries, yet § 51-12-33 applies to one and not the other – not because of the nature of the conduct or the availability of other responsible parties – but because it organized as a corporation as opposed to an LLC. Nothing in the statute suggests the General Assembly intended the allocation of tort liability to turn on that wholly unrelated distinction. If this Court accepts Plaintiff's argument, the consequences extend far beyond this case. Every LLC (and, apparently LLP) defendant in every Georgia tort case would be exempt from apportionment. This is obviously contrary to the purpose of the apportionment statute, which is to ensure that each tortfeasor bears responsibility only for the fault

attributable to it. *See* ***McReynolds v. Krebs***, 290 Ga. 850, 852 (2012). The General Assembly could not have intended such an arbitrary and unjust result.

## II. The 2022 Amendment to the Apportionment Statute Does Not Violate the Georgia Constitution As Applied Here.

### A. The General Assembly's Effective-Date Provision Is Entitled to Deference

There is no interpretive question about whether the General Assembly intended the amendment to govern this action. It expressly provided that the amendment "shall apply to causes of action filed on or after" May 13, 2022. Plaintiff filed this action years later. Plaintiff therefore asks this Court not to interpret an ambiguous applicability provision, but to declare the General Assembly's express command (i.e. that the changes are procedural and may be applied to cases filed after the effective date, regardless of when the underlying claims accrued) unconstitutional. However, the General Assembly's decision considered judgment about the procedural nature of its own enactment should not be lightly disregarded. *See S. States* ***Chem., Inc. v. Tampa Tank & Welding, Inc.,*** 888 S.E.2d 553 (Ga. 2023) (discussing the general presumption against retroactivity but recognizing the legislature's ability to make procedural changes applicable to pending cases).

**B. The 2022 Amendment Is Procedural, Not Substantive.**

The 2022 amendment to § 51-12-33 is a procedural change, not a substantive one. The amendment did not create a new defense or eliminate a cause of action. It clarified the circumstances under which existing apportionment principles apply—specifically, it addressed the single-defendant gap identified in ***Alston & Bird*** by amending the triggering clause in subsection (a) so that apportionment applies "[w]here an action is brought against one or more persons." The amendment governs how fault is allocated at trial—a procedural matter—not whether a plaintiff has a right to sue or a defendant has liability.

Georgia courts distinguish between substantive and procedural changes. "Substantive law is that law which creates rights, duties, and obligations. Procedural law is that law which prescribes the methods of enforcement of rights, duties, and obligations." ***DaimlerChrysler Corp. v. Ferrante***, 637 S.E.2d 659, 661 (Ga. 2006). The method by which a jury allocates fault among multiple tortfeasors is a matter of procedure—it prescribes the method by which the defendant's obligation is determined—not a matter of substantive right.

Plaintiff's analogies to other retroactivity cases are inapposite. The offer-of-settlement statute at issue in ***Fowler Properties, Inc. v. Dowland***, 646 S.E.2d 197 (Ga. 2007), created a new affirmative obligation—paying opposing counsel's fees—

that did not exist before. The apportionment statute does not create new obligations; it allocates existing ones. The collateral-benefits evidence change at issue in ***Polito v. Holland***, 365 S.E.2d 273 (Ga. 1988), changed the substantive measure of damages recoverable. Apportionment does not change what damages are recoverable; it determines who pays what share. The repeal of the adultery cause of action at issue in ***Brown v. Hauser***, 292 S.E.2d 1 (Ga. 1982), eliminated a substantive right entirely. The 2022 amendment did not eliminate any of Plaintiff's causes of action.

Moreover, Plaintiff's argument assumes that she had a vested right to be free from apportionment. But no such right exists. The amendment does not eliminate any category of damages, impose a new cap, abolish a cause of action, or change the elements Plaintiff must prove. Plaintiff remains entitled to recover every category of compensatory damages available when her claims accrued. Section 51-12-33 addresses a different question: which responsible actor bears what portion of those damages.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion in Limine. The Georgia apportionment statute applies to Defendant Lincoln Bancorp, LLC, because LLCs are "persons" within the meaning of O.C.G.A. § 51-12-33, and the 2022 amendment does not violate the Georgia Constitution as applied to this case.

Defendant respectfully requests that the Court permit Defendant to assert its apportionment defense and present evidence regarding nonparty fault at trial.

Respectfully submitted this 8th day of September, 2026.

**WEINBERG, WHEELER,**
**HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854
Shubhra R. Mashelkar
GA Bar No. 475388
Patrick B. Moore
GA Bar No. 520390
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
(404) 876-2700
cbyrd@wwhgd.com
smashelkar@wwhgd.com

*Counsel for Defendant Lincoln Bancorp, LLC*

**RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Under Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that this submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

*/s/ Christopher T. Byrd*
Christoper T. Byrd

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 8, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing by electronic mail to all counsel or parties of record:

Jonathan Tonge, Esq.
Patrick J. McDonough, Esq.
Jennifer Webster, Esq.
ANDERSEN, TATE & CARR, PC
One Sugarloaf Centre
1960 Satellite Blvd, Ste. 4000
Duluth, GA 30097
jwebster@atclawfirm.com
jtonge@atclawfirm.com
pmcdonough@atclawfirm.com

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854