UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.R.,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN BANCORP, LLC,<br><br>Defendant. | CIVIL ACTION FILE<br>NO. 1:25-cv-04629-JPB |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE SETTLEMENT AND OTHER-HOTEL EVIDENCE**

Defendant Lincoln Bancorp, LLC ("Lincoln Bancorp" or "Defendant"), by and through undersigned counsel, and hereby files this Opposition to Plaintiff's Motion in Limine to Exclude Settlement and Other-Hotel Evidence [Dkt. 66] and requests that the Court deny the Motion in its entirety.

## INTRODUCTION

Plaintiff asks the Court to categorically exclude evidence concerning (1) settlements with Defendant's primary insurer and (2) Plaintiff's and her witnesses' claims and settlements involving other hotels. The requested exclusion is too broad. Defendant does not seek to introduce this evidence simply to show that Plaintiff or her witnesses have received money or filed other lawsuits. Rather, the evidence is relevant to three legitimate issues: causation and damages, the witnesses' testimony concerning conditions at Super 8, and witness bias and impeachment.

# ARGUMENT

## I. OTHER-HOTEL EVIDENCE IS RELEVANT TO CAUSATION, DAMAGES, AND THE WITNESSES' TESTIMONY ABOUT SUPER 8.

Plaintiff seeks substantial damages for psychological and emotional injuries allegedly caused by trafficking at Defendant's hotel, Super 8. But Super 8 was not the only hotel where Plaintiff alleges she was trafficked—she also alleges trafficking at the Travel Lodge. Defendant is entitled to explore whether the conditions for which Plaintiff seeks recovery—including alleged PTSD, depression, anxiety, and emotional distress—were caused in whole or in part by her experiences at other properties. Plaintiff cannot attribute her psychological injury to Super 8 while preventing Defendant from presenting evidence of another trafficking experience that may have caused or contributed to that same injury.

The other witnesses' experiences at other hotels are relevant for a separate reason. T.H., N.N., and D.B. are expected to testify about conditions at Super 8, including the nature and severity of what they experienced there. Defendant must be permitted to explore the basis for those characterizations, including the witnesses' experiences at other properties that provide context. A witness cannot use her experience at Super 8 while Defendant is barred from examining the other-hotel experiences.

This is not an attempt to portray Plaintiff or her witnesses as "serial claimants," nor is it impermissible propensity reasoning under Rule 404(a)(1). It

goes directly to the cause and extent of the injuries for which Plaintiff seeks recovery and to a fair evaluation of the witnesses' testimony about Super 8. The distinction between impermissible character evidence and permissible evidence of causation and bias is well established. ***See United States v. Abel***, 469 U.S. 45, 52 (1984). Plaintiff's reliance on Rule 608(b) is equally misplaced, because other-hotel evidence is offered for causation and bias—purposes outside Rule 608's framework entirely. *See id.* at 50–51.

## II. PLAINTIFF CANNOT USE THE MOTION TO CREATE A MISLEADING IMPRESSION ABOUT HER ABILITY TO OBTAIN TREATMENT.

If Plaintiff contends at trial that she has been unable to obtain therapy or other treatment because she lacks the financial resources to do so, Defendant must be permitted to challenge that assertion.[1] Plaintiff cannot affirmatively place her financial inability to obtain treatment before the jury while simultaneously preventing Defendant from responding with evidence bearing directly on that claim.

Defendant recognizes that Rule 408(a) prohibits using settlement evidence merely to prove the amount or validity of a disputed claim. But evidence offered to rebut testimony that Plaintiff could not afford treatment should be evaluated in

[1] The other witnesses, D.B., T.H., and N.N. should be precluded from testifying about their psychological trauma from the alleged trafficking at Super 8 as this trial is not about their alleged trauma but if the witnesses are permitted to discuss it then Defendant's should be allowed to explore their care and treatment and access to the same.

context—not categorically excluded before trial. At minimum, the Court should reserve ruling on this issue and permit Defendant to raise it outside the presence of the jury if Plaintiff opens the door through testimony or argument about an inability to afford treatment.

## III. THE WITNESSES' PENDING LAWSUITS AND FINANCIAL INTERESTS ARE RELEVANT TO BIAS.

T.H., N.N., and D.B. each have their own pending lawsuit against Defendant. Two are represented by the same counsel, and the witnesses are expected to testify in support of one another's cases. Each witness has a financial interest in her own pending claim and is expected to provide testimony supporting other claimants who may, in turn, testify in support of her case. The jury is entitled to know enough about those relationships to evaluate whether they provide a motive to give favorable testimony.

Rule 408(b) expressly permits settlement evidence offered for bias, including "proving a witness's bias or prejudice." The Eleventh Circuit recognizes a strong presumption in favor of cross-examination concerning possible bias or motive. ***See ML Healthcare Servs., LLC v. Publix Super Mkts., Inc.***, 881 F.3d 1293, 1302–03 (11th Cir. 2018). Plaintiff argues that the bias is "already manifestly apparent" from the witnesses' pending lawsuits but pending lawsuits and completed settlements are qualitatively different. A pending claim shows a general interest in the outcome; a completed settlement reveals a concrete financial relationship with the litigation

enterprise. Plaintiff cannot present these witnesses as disinterested while concealing those payments.

Defendant does not contend that filing lawsuits makes these witnesses dishonest. The evidence concerns their present financial interests, potential bias, and motive—traditional subjects of cross-examination. ***See Abel***, 469 U.S. at 52 ("Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony."); ***Salkic v. Heartland Express, Inc.***, 813 Fed. Appx. 444, 447 (2020) (a jury can infer that a witness was incentivized to provide more favorable testimony because he stood to collect from successful outcome of the case); ***Barrera v. E. I. Du Pont De Nemours & Co., Inc.***, 653 F.2d 915, 921 (5th Cir. Unit A 1981) (holding that "evidence, properly offered and clearly relevant for impeachment purposes, was improperly excluded simply because, under the collateral source rule, it would have been inadmissible as direct evidence").

## IV. A BLANKET PRETRIAL EXCLUSION IS UNWARRANTED.

Plaintiff's Motion seeks a categorical ruling covering evidence that may be admissible for different purposes depending on the testimony presented at trial. Rule 403 does not require such a broad exclusion. Defendant does not seek conduct mini-trials concerning other hotels or ask the jury to subtract settlement payments from its verdict. The Court can limit the evidence to its proper purposes and give an

appropriate limiting instruction if necessary. ***See Zafiro v. United States***, 506 U.S. 534, 540 (1993).

Plaintiff also seeks extraordinary prophylactic restrictions—directing Defendant's counsel to advise its witnesses of the ruling before they testify and requiring Defendant to obtain a ruling outside the jury's presence before offering any evidence on either subject. These provisions would impose unwarranted constraints on Defendant's trial presentation.

The better course is to permit evidence concerning Plaintiff's trafficking at the Travel Lodge where relevant to causation and damages; permit appropriate cross-examination concerning the witnesses' experiences at other hotels when relevant to their testimony about Super 8; permit reasonable cross-examination concerning the witnesses' financial interests and bias; and reserve ruling on specific settlement evidence until the Court can evaluate the purpose for which it is offered and the context in which the issue arises.

## CONCLUSION

For these reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion in Limine. Alternatively, Defendant requests that the Court reserve ruling on specific evidence until trial and determine admissibility in the context in which the evidence is offered.

Respectfully submitted this 8th day of September, 2026.

**WEINBERG, WHEELER,**
**HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854
Shubhra R. Mashelkar
GA Bar No. 475388
Patrick B. Moore
GA Bar No. 520390
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
(404) 876-2700
cbyrd@wwhgd.com
smashelkar@wwhgd.com

*Counsel for Defendant Lincoln Bancorp, LLC*

## RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE

Under Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that this submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

*/s/ Christopher T. Byrd*
Christopher T. Byrd

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 8, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing by electronic mail to all counsel or parties of record:

Jonathan Tonge, Esq.
Patrick J. McDonough, Esq.
Jennifer Webster, Esq.
ANDERSEN, TATE & CARR, PC
One Sugarloaf Centre
1960 Satellite Blvd, Ste. 4000
Duluth, GA 30097
jwebster@atclawfirm.com
jtonge@atclawfirm.com
pmcdonough@atclawfirm.com

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854