UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.R.,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN BANCORP, LLC,<br><br>Defendant. | CIVIL ACTION FILE<br>NO. 1:25-cv-04629-JPB |

**DEFENDANT LINCOLN BANCORP, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE REGARDING THE ADMISSIBILITY OF OTHER INCIDENT EVIDENCE**

Defendant Lincoln Bancorp, LLC ("Lincoln Bancorp" or "Defendant"), by and through undersigned counsel, respectfully submits this Response in Opposition to Plaintiff's Motion in Limine Regarding the Admissibility of Other Incident Evidence (***Doc. 68***).

## INTRODUCTION

Plaintiff's motion asks this Court to issue a blanket rule of admissibility regarding an undefined universe of "other incident evidence" without identifying the specific exhibits or documents she intends to introduce at trial. Specifically, the evidence Plaintiff seeks to admit falls into four, broad categories: (1) unrelated police reports (most of which involve domestic disputes, drug possession, and other incidents bearing no resemblance to sex trafficking); (2) anonymous online guest

reviews (which constitute inadmissible hearsay and are fundamentally unreliable); (3) the South Fulton Police Department trafficking investigation (which involves a different victim, different traffickers, and includes conduct that occurred away from the Super 8); and (4) testimony from non-party alleged trafficking victims T.H., N.N., and D.B. (whose claims involve different traffickers, different circumstances, and different time periods). Of these four types of evidence, Defendant has moved to exclude three of them – unrelated police reports, guest reviews, and the testimony T.H., N.N. and D.B.

Rather than repeating its prior arguments in support of exclusion, Defendant would direct the Court to its Consolidated Motion in Limine (***Doc. 61***), which is incorporated herein by reference.[1] Below, Defendant addresses the four arguments raised in Plaintiff's motion – (1) that "other incident" evidence is admissible as impeachment evidence, (2) that it is relevant to Plaintiff's public nuisance claim, (3) that it is admissible to prove Defendant's "modus operandi", (4) that it goes to foreseeability and notice (for Plaintiff's negligence claim, and (5) that its probative value outweighs the risk of prejudice.

[1] In its Consolidated Motion in Limine, Defendant sought to exclude evidence of other, unrelated criminal incidents occurring at the Super 8, online reviews, and the testimony of D.B., T.H., and N.N. for various reasons, including their lack of relevance to the Plaintiff's claims, their hearsay nature, the substantial risk of prejudice.

## ARGUMENT

### I. *To impeach a witness' denial of knowledge, the evidence must contradict the said denial of knowledge — not merely establish the existence of an underlying fact.*

Plaintiff first argues that "other incident evidence" can be used to impeach the testimony of Tony Tran and Louis Vu – who testified as to ***their knowledge and lack of knowledge*** regarding criminal incidents on the property. ***Doc. 68***, p. 2 (identifying the allegedly impeachable testimony as the witness' testimony that they did not suspect prostitution or trafficking and were unaware of sex crimes occurring at the Super 8). Yet, Plaintiff offers no explanation of what, specifically, she wants to introduce or how it would impeach said witnesses. Obviously, impeachment through contradiction requires that the witness be shown to have knowledge of the specific fact he or she denied. Or, put differently, proof that an event occurred does not contradict a witness's testimony that he or she had lacked knowledge of it. *See* ***United States v. Craig***, 953 F.3d 898, 904 (6th Cir. 2020) (internal cites omitted) (impeachment by contradiction permits extrinsic evidence showing that "specific testimony is false, because contradicted by other evidence"); ***United States v. Carthen***, 906 F.3d 1315, 1322 (11th Cir. 2018) (Pryor, J. concurring) ("Impeachment by contradiction occurs when a party offers evidence to prove a fact to which a witness testified is not true.") Thus, Plaintiff's request that general categories of

documents be deemed admissible, without any showing as to the witness's knowledge of the underlying incidents, should be categorically rejected.

**II. *Other criminal incidents are not relevant to any public nuisance claim.***

Next, Plaintiff contends that "a lewd house" constitutes a public nuisance and that "other instances of trafficking and prostitution" are admissible as "evidence of the condition that makes the Super 8 a nuisance per se." ***Doc. 68***, p. 5. As noted below, however, to the extent Plaintiff has a public nuisance claim at all, it turns on whether a condition on the property damages all those who come into contact with it. Instances of prostitution are irrelevant to the issue of whether or not the condition of the property is universally harmful and, therefore, such evidence cannot be admissible as evidence of nuisance. *See* Fed. R. Evid. 402 (irrelevant evidence is inadmissible).

The "lewd house" cases, which are now over a century old, do not establish a private cause of action. Rather, they concerned abatement proceedings brought on behalf of the State. *See* ***Brindle v. Copeland***, 145 Ga. 398 (1916); ***Fitzgerald v. State***, 72 S.E. 541 (1911). Indeed, the Georgia Supreme Court, ***while addressing a lewd house abatement action***, specifically held that, "[g]enerally a public nuisance gives no right of action to any individual …" ***Edison v. Ramsey***, 146 Ga. 767, 768 (1917). This point was reiterated more recently by the Georgia Supreme Court in ***Star Residential, LLC v. Hernandez***, 311 Ga. 784 (2021). There, the Court held

that, although Georgia law expressly designated property used for criminal gang activity a "public nuisance," the nuisance provision "says nothing about civil damages" and did not create a private damages remedy. ***Star Residential***, 311 Ga. at p. 786. Thus, the fact that Georgia historically permitted the State to abate premises operated as a lewd house does not mean that Plaintiff may recover private damages merely by establishing the Super 8 qualified as one – nor does it mean that evidence of unrelated prostitution or trafficking at Defendant's hotel is automatically admissible.[2]

O.C.G.A. § 41-1-3 restates the rule that, generally, there is no private action for public nuisance. However, the statute does create an exception, where an individual suffers special damages. Nevertheless, a public nuisance is defined by statutes as "one which damages all persons who come within the sphere of its

[2] The lewd house cases involved premises actually maintained or operated as lewd or disorderly houses and arose in State abatement proceedings under statutes directed at that unlawful use of property. They do not establish that a lawful hotel becomes a public nuisance per se simply because independent third parties engage in prostitution or trafficking there. Modern Georgia law confirms the distinction. O.C.G.A. § 41-3-1 specifically governs property used for sexually related activity and requires knowing maintenance, ownership, use, or leasing of the property for defined sexually related offenses; it also prescribes specific circumstances constituting prima facie evidence of a nuisance (including convictions or guilty pleas to related criminal charges and notification by the county attorney). The statute states that a property deemed a nuisance under this section "may be enjoined or otherwise abated as provided in this chapter", but it does not create a private cause of action. Plaintiff may not avoid the language of the statute by invoking century-old "lewd house" terminology.

operation, though it may vary in its effects on individuals." O.C.G.A. § 41-2-2. Here, evidence of prior crimes occurring on the property does not go to any of the elements of a public nuisance – it does not show injury to the public at large or the Plaintiff's special damages. And, since such evidence is irrelevant to Plaintiff's public nuisance claim, her claim cannot justify admission of such evidence. Accordingly, Plaintiff cannot use "public nuisance per se" as a vehicle for wholesale admission of every trafficking or prostitution incident during Defendant's ownership.[3]

### III. *The evidence at issue does not establish Defendant's "modus operandi".*

Plaintiff next argues that "[e]vidence of other trafficking and prostitution" are relevant to Defendant's knowledge and participation under the TVPRA, which can be established "through evidence of an established *modus operandi* or pattern of conduct." ***Doc. 68***, p. 6. Plaintiff cites to the criminal case of ***United States v. Todd***, 627 F.3d 329 (9th Cir. 2020), for the proposition that the TVPRA "requires that a defendant know in the sense of being aware of an established *modus operandi* that will in the future cause a person to engage in prostitution." ***Id.*** But, the evidence in ***Todd*** went to the criminal defendant's own *modus operandi* – i.e. whether his

[3] Plaintiff's public nuisance claim should be dismissed, as there is no evidence of universal harm arising from the alleged activity at the Super 8, and Plaintiff should not be permitted to admit otherwise inadmissible evidence in support of an invalid claim.

awareness of his own course of conduct established his prospective knowledge that he would employ force, fraud or coercion to effectuate commercial sex. See ***Moore v. Rubin***, 160 F.4th 271, 292 (2nd Cir. 2025) (interpreting ***United Stated v. Todd*** and holding that, where a defendant "has a *modus operandi* – *i.e.* an established pattern of behavior involving some means of force, fraud, or coercion – the mens rea element is met."). Here, Plaintiff's *modus operandi* argument is misplaced, as Defendant did not traffic J.R., and the "other incident evidence" does not go to establish Defendant's method of operation in doing so.

To the extent Plaintiff is attempting to argue that evidence other incidents go to show Defendant's *knowledge* of trafficking, Defendant would again argue that such knowledge is not established simply because an incident occurred on the property. In ***I.R. v. I Shri Khodiyar, LLC***, 723 F.Supp.3d 1327, 1333 (N.D. Ga. 2024), a cased relied upon by Plaintiff, the additional evidence at issue was testimony from other trafficking victims who claimed that they were forced to have sex with the hotel manager, that he was present in rooms with them and their trafficker, and that he propositioned potential guests (offering free rooms in return for sex). By way of contrast, Plaintiff's broad categories of "other incident evidence" do not show establish that Defendant was aware of her trafficking.

**IV. *Other incident's must be similar to Plaintiff's alleged trafficking – and Defendant must have had knowledge of them – for them to be relevant to Plaintiff's negligence claim.***

Next, Plaintiff argues that "Georgia law expressly recognizes the relevance of prior criminal activity to establish notice and foreseeability." ***Doc. 68***, p. 8. Plaintiff then cites to ***Georgia CVS Pharmacy, LLC v. Carmichael***, 890 S.E.2d 209, 2254-26 (2023), as relaxing the bright-line rule requiring "substantial similarity" of prior incidents in favor of a "totality of the circumstances" analysis. ***Id.*** It must be noted, however, that ***Carmichael*** did not reject the notion that prior crimes, in order to be admissible as evidence of foreseeability, must be related to the crime at issue; rather, the Court held that such incidents must still be evaluated based on their "likeness, proximity or other relationship to the crime in question." ***Carmichael***, 890 S.E.2d at pp. 727-28. Here, the bulk of Plaintiff's police reports concern incidents bearing no resemblance to sex trafficking, making them irrelevant to Plaintiff's negligence claim and, therefore, inadmissible.

Moreover, it is axiomatic that, for prior incidents to form the basis of foreseeability, the proprietor must have knowledge of those incidents. ***Id.***, p. 727 ("As this Court has previously set forth, reasonable foreseeability can be established by evidence showing that the proprietor had knowledge of prior criminal activities that 'occurred on or near the premises so that a reasonable person would take ordinary precautions to protect his or her customers or tenants against the risk posed

by that type of activity.'") (internal cites omitted); *see also* ***Baker v. Simon Prop. Group, Inc.***, 273 Ga. App. 406, 407 (2005) (finding police reports could not establish foreseeability where the plaintiff did not show the reports were known to the proprietor). Plaintiff certainly has made no showing that the "[o]ther instances of trafficking, prostitution, and related criminal activity at the Super 8" were known to Defendant.

## V. *Rule 403 weighs in favor of exclusion.*

Even if any of the foregoing evidence possessed marginal relevance, its probative value is substantially outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403.

The collective effect of admitting the evidence at issue would be to transform this trial from Plaintiff's individual case into a generalized referendum on conditions at the Super 8. The jury would be asked to consider dozens of police reports documenting unrelated criminal activity, anonymous and unverified online reviews complaining about noise, uncleanliness, and unrelated incidents, a multi-suspect criminal investigation that substantially involved conduct at other locations, and the testimony of three additional alleged trafficking victims – each with her own disputed factual narrative. The sheer volume and emotional weight of this evidence would overwhelm any limiting instruction the Court might give. *See* ***Bruton v. United States***, 391 U.S. 123, 135 (1968) ("[T]here are some contexts in which the

risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored.”).

**CONCLUSION**

For the foregoing reasons, Defendant Lincoln Bancorp, LLC respectfully requests that the Court deny Plaintiff's Motion in Limine Regarding the Admissibility of Other Incident Evidence (Doc. 68) in its entirety.

Plaintiff has not identified the specific evidence she seeks to admit, but, when the categories she describes are examined individually, each fails under the Federal Rules of Evidence. The police reports are irrelevant, hearsay, and unfairly prejudicial. The online reviews are inadmissible hearsay and fundamentally unreliable. The South Fulton Police Department investigation file undoubtedly includes hearsay and it addresses conduct that occurred away from the Super 8. And the testimony of T.H., N.N., and D.B. would create collateral mini-trials and overwhelm the jury with cumulative, emotionally charged testimony that has no bearing on Plaintiff's individual claims.

Respectfully submitted this 8th day of September, 2026.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854
Shubhra R. Mashelkar
GA Bar No. 475388
Patrick B. Moore
GA Bar No. 520390
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
(404) 876-2700
cbyrd@wwhgd.com
smashelkar@wwhgd.com

*Counsel for Defendant Lincoln Bancorp, LLC*

## RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE

Under Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that this submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

*/s/ Christopher T. Byrd*
Christoper T. Byrd

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 8, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing by electronic mail to all counsel or parties of record:

Jonathan Tonge, Esq.
Patrick J. McDonough, Esq.
Jennifer Webster, Esq.
ANDERSEN, TATE & CARR, PC
One Sugarloaf Centre
1960 Satellite Blvd, Ste. 4000
Duluth, GA 30097
jwebster@atclawfirm.com
jtonge@atclawfirm.com
pmcdonough@atclawfirm.com

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854