UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

J. R.,

Plaintiff,

v.

LINCOLN BANCORP, LLC,

Defendant.

CIVIL ACTION NO.
1:25-CV-04629-JPB

**ORDER**

This matter comes before the Court on Plaintiff's motion in limine on the inapplicability of the Georgia apportionment statute [Doc. 63].

In this motion, Plaintiff argues (among other things) that the Georgia apportionment statute, O.C.G.A. § 51-12-33, cannot constitutionally apply to her Georgia law claims. Plaintiff asserts that her claims for public nuisance, public nuisance per se, negligence and false imprisonment accrued in 2020 or 2021, when she alleges that she was repeatedly sold for sex as a child at the Super 8 owned by Defendant. Plaintiff filed this action in August 2025. [Doc. 1].

The crux of Plaintiff's constitutional argument is that the Georgia Constitution forbids retroactive laws that impair substantive vested rights. In 2020 and 2021, when a plaintiff sued only one person "for injury to person or property,"

O.C.G.A. § 51-12-33(b), the Georgia apportionment statute did not authorize the person sued to reduce the amount of damages owed to the plaintiff based on the jury's allocation of fault to any nonparty. See Alston & Bird, LLP v. Hatcher Mgmt. Holdings, LLC, 862 S.E.2d 295, 299–302 (Ga. 2021).

During the first legislative session after Alston & Bird, the Georgia General Assembly amended subsection (b) so that it applies "[w]here an action is brought against one or more persons for injury to person or property." 2022 Ga. Laws 802, 802, § 1. The Act stated that it "shall apply to all cases filed after the effective date," which was May 13, 2022. Id. at 802, § 2; 803.

Plaintiff argues that applying the amended apportionment statute to her claims violates the Georgia Constitution's prohibition against retroactive laws. See Ga. Const. art. I, § I, ¶ X ("No bill of attainder, ex post facto law, retroactive law, or laws impairing the obligation of contract or making irrevocable grant of special privileges or immunities shall be passed."). Plaintiff has filed notice that she served the Georgia Attorney General with notice of the constitutional challenge and the motion raising it. See Fed. R. Civ. P. 5.1(a); O.C.G.A. § 9-4-7(c). Because Plaintiff challenges the constitutionality of a Georgia statute, the Court hereby certifies to the Georgia Attorney General, under Federal Rule of Civil Procedure 5.1(b) and 28 U.S.C. § 2403(b), that the constitutionality of applying the

May 13, 2022 amendment to O.C.G.A. § 51-12-33 to Plaintiff's causes of action—which accrued before the amendment's effective date but were asserted in an action filed afterward—has been drawn into question. The Georgia Attorney General is respectfully requested to submit his position concerning this issue no later than November 2, 2026. The Clerk is **DIRECTED** to mail this Order to Christopher Carr, the Attorney General of Georgia, at:

Christopher Carr
The Office of the Attorney General
40 Capitol Square SW
Atlanta, GA 30334

**SO ORDERED** this 8th day of September, 2026.

**J. P. BOULEE**
United States District Judge