**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| J.R.,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN BANCORP, LLC,<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. 1:25-cv-04629-JPB |

**DEFENDANT LINCOLN BANCORP, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE ABOUT JOINT-AND-SEVERAL LIABILITY AND PUNITIVE DAMAGES**

Defendant Lincoln Bancorp, LLC ("Lincoln Bancorp" or "Defendant"), by and through undersigned counsel, respectfully submits this Response in Opposition to Plaintiff's Motion in Limine About Joint-And-Several Liability and Punitive Damages. (***Doc. 62***).

## INTRODUCTION

Plaintiff's Motion in Limine About Joint-and-Several Liability and Punitive Damages (Doc. 62) asks this Court to (1) "hold that TVPRA liability is joint and several", (2) exclude "evidence about the potential liability of other parties, including nonparty traffickers or hotels", and (3) to find that punitive damages are

permitted under the TVPRA. This Court should decline to issue the sweeping pretrial ruling Plaintiff seeks.

This Court should decline to issue the sweeping pretrial ruling Plaintiff seeks. First, the question of whether TVPRA civil liability is joint and several is unsettled, and Plaintiff ignores the federal common law which requires apportionment where there is a rational basis for it (as there is here).[1] Second, Plaintiff's motion conflates liability allocation with causation, and the relief sought by Plaintiff (i.e. the exclusion of evidence of traffickers and other trafficking sites) would strip Defendant of the ability to mount a defense on virtually every issue in this case, regardless of whether or not joint and several liability applies. Third, the plain language of the TVPRA does not provide for punitive damages.

---

[1] Plaintiff has also brought state-law claims for negligence/premises liability, false imprisonment, and public nuisance. These Georgia tort claims are governed by Georgia substantive law, including O.C.G.A. § 51-12-33 (Georgia's apportionment statute). Thus, even if this Court determines that joint and several liability applies to Plaintiff's TVPRA claim, that ruling has no bearing on Plaintiff's state-law claims. Plaintiff has filed a separate motion in limine (***Doc. 63***) arguing that the Georgia apportionment statute does not apply. To avoid repetition, Defendant will address the apportionment statute's application in its response to that motion.

## ARGUMENT

### *1. Federal common law requires apportionment where there is a rational basis to do so.*

Plaintiff's argument turns on an incomplete statement of federal common law. More specifically, she claims that joint-and-several liability is the traditional common law rule applied in federal cases involving joint tortfeasors (***Doc. 62***, pp. 6-10), while she ignores the equally established limitation on that rule – *i.e.* that it only applies where there is a single, indivisible harm. Where there are distinct harms, or where there is a reasonable basis for determining the contribution of different causes to a single harm, the federal common law dictates that damages should be apportioned.

"Apportionment assigns a several share of liability to each defendant or potentially responsible person based on 'traditional and evolving principles of federal common law.'" ***PCS Nitrogen Inc. v. Ashley II of Charleston LLC***, 714 F.3d 161, 168 (4th Cir. 2013) *(quoting* ***U.S. v. Monsanto Co.***, 858 F.2d 160, 171-72 (4th Cir. 1988)). Under these principles, apportionment is available when a defendant proves that "there is a reasonable basis for determining the contribution of each cause to a single harm." ***Burlington Northern & Santa Fe Ry. Co. v. U.S.***, 556 U.S. 599, 614 (2009) (*quoting Restatement (Second)* of Torts § 433A(1)(b) (1963-64)). And so, "[defendants] can avoid joint and several liability by establishing either that onsite harms are distinct, or that there exists 'a reasonable

basis for apportioning liability' for a single harm 'among responsible parties." ***PCS Nitrogen Inc.***, 714 F.3d at 168.

In her brief, Plaintiff simply posits that the damages arising out of her trafficking constitute a single, indivisible injury, but she offers no argument as to why. In truth, there are several rational bases for apportionment, the most obvious of which is ***time.*** Plaintiff alleges she was trafficked at multiple locations over different periods, and the amount of time Plaintiff spent at the Super 8 can be compared with the time she was trafficked elsewhere. Indeed, temporal allocation is among the recognized means of reasonably dividing harm under the common-law approach, but there exist other basis as well, which will become evident during trial.[2]

***2. TVPRA liability is venture-specific, and Defendant is not liable for damages caused by a different venture.***

As noted, Plaintiff cannot invoke federal common law to obtain joint-and-several liability while simultaneously asking the Court to disregard the federal common law rule of divisibility embodied in Restatement § 433A and applied by the Supreme Court in ***Burlington Northern***. This is especially important under § 1595, because liability under the TVPRA is venture-specific. Defendant can, at most, be liable for the harm arising from participation in the venture which allegedly

[2] Rational basis for apportionment would include factual distinctions between trafficking, such as the level of abuse that occurred at one location when compared to another, the comparative volume of commercial sex taking place, and/or Plaintiff's own contributory negligence as relevant to different locations.

trafficked the Plaintiff. Put differently, neither § 1595 nor the common law makes Defendant liable for injuries caused by ***separate*** ventures.[3]

Moreover, the TVPRA beneficiary provision creates a unique form of derivative liability. A defendant, which is not alleged to have trafficked anyone, can be liable if it "knowingly benefited from participation in a venture" that violated the TVPRA. 18 U.S.C. § 1595(a). This is a fundamentally different level of culpability than the traffickers who actually perpetrated the underlying crimes – creating yet another rational bases to apportion fault (*i.e.* dividing between the criminally culpable and derivative actors).

***3. The Cases Plaintiff Cites Are Not Binding Authority.***

Plaintiff relies heavily on three district court orders from this District: ***W.K. v. Red Roof Inns, Inc.***, 2024 U.S. Dist. LEXIS 102709 (N.D. Ga. June 10, 2024) (Calvert, J.); ***J.G. v. Northbrook Indus., Inc.*** , No. 1:20-cv-5233 (N.D. Ga. July 2, 2025) (Geraghty, J.), ECF No. 204; and ***K.M. v. Reva Props., LLC***, 2024 U.S. Dist. LEXIS 49999, at *5 (N.D. Ga. Mar. 21, 2024) (Thrash, J.). None of these constitute

[3] Even assuming persons legally responsible for harm caused by the same trafficking venture may be jointly and severally liable for an alleged indivisible injury caused by that venture, it does not follow that a participant in one venture is liable for injuries caused by a completely different venture. Put simply, joint and several liability for damages caused by the venture is one thing; joint and several across unrelated trafficking ventures is another. Nothing in § 1595 makes every trafficking episode involving the same victim part of a single overarching venture.

binding authority on this Court, and the Eleventh Circuit has not yet addressed whether TVPRA civil liability is joint and several. On information and belief, no circuit court has. The question remains open.

Moreover, ***K.M.*** did not actually rule that joint and several liability applies to TVPRA claims. Judge Thrash actually denied a motion to strike defendant's notice of nonparty fault, stating: "K.M. has not provided any case law or other authority that clearly states that apportionment is prohibited for TVPRA claims." ***K.M. v. Reva Props., LLC***, 2024 U.S. Dist. LEXIS 49999, at *5 (N.D. Ga. Mar. 21, 2024). Admittedly, Judge Thrash was skeptical of applying apportionment in a TVPRA case, but he found no authority prohibiting it. Plaintiff now cites this same case for the proposition that joint and several liability is the established rule, which is a mischaracterization of Judge Thrash's ruling.

***4. Plaintiff's Statutory Silence Argument Cuts Both Ways.***

Plaintiff contends that Congress's failure to include apportionment in 18 U.S.C. § 1595 – while including it in the restitution statute at 18 U.S.C. § 1593 – reveals an intent to make civil liability joint and several. But silence is silence. Congress's failure to specify a liability framework in § 1595 is equally consistent with an intent to leave the question to the courts to resolve using ordinary common-law principles, which, as noted above, include the common-law principle that damages should be apportioned where there is a reasonable basis to do so.

Moreover, the TVPRA's restitution provision at 18 U.S.C. § 3664(h) allows courts to *either* impose full restitution *or* apportion; it gives the court discretion. This does not demonstrate that Congress intended civil liability to be exclusively joint and several. To the contrary, it shows that Congress understood that in trafficking cases involving multiple actors, different levels of culpability exist and apportionment may be appropriate. Plaintiff's argument that this provision compels a joint-and-several-liability reading of the civil remedy provision is a *non sequitur*.

***5. Even if joint and several liability applies to the TVPRA claim, it does not preclude evidence of other Causes of Plaintiff's Injuries.***

Plaintiff asks this Court to bar evidence "about the potential liability of other parties, including nonparty traffickers or hotels." ***Doc. 62***, p. 3. This request should be denied regardless of how the Court rules on the joint-and-several-liability question.

Plaintiff's requested relief (*i.e.* that the Court bar evidence "about the potential liability" of traffickers and hotels) is incredibly vague, but it seems as though Plaintiff is asking the Court to tie Defendant's hands when it comes to introducing any evidence related to the actions of her traffickers or the other locations where Plaintiff was trafficked. But, even under a joint and several liability, evidence of other causes of a plaintiff's injuries is admissible for purposes of establishing causation and determining damages. The jury must determine what injuries Defendant caused before it can hold Defendant liable for those injuries, and liability

does not attach to injuries caused by others. Plaintiff's motion conflates the question of liability allocation (apportionment) with the question of causation, but they are not the same thing.[4]

Evidence of the conduct of Plaintiff's traffickers is relevant to virtually every issue in this case: whether Defendant participated in a venture with Plaintiff's traffickers, whether the venture violated the TVPRA and whether Defendant had knowledge of it, whether the trafficking (perpetrated by the traffickers) was foreseeable to Defendant, etc. To exclude evidence related to the traffickers would deprive Defendant of the ability to mount a defense on the merits.

***6. Punitive damages are not Authorized by § 1595.***

Plaintiff seeks punitive damages under § 1595, but the statute does not expressly authorize them. Rather, Section 1595 only permits a victim to recover "damages and reasonable attorney's fees." 18 U.S.C. § 1595(a). Congress knew how to authorize punitive damages expressly. Indeed, an earlier version of the legislation would have permitted recovery of "actual damages, punitive damages, reasonable attorneys' fees, and other litigation costs." ***Ditullio v. Boehm***, 662 F.3d 1091, 1102–

[4] Proximate cause is a common-law principle incorporated into every federal cause of action. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 132 (2014). Defendant is entitled to present evidence and argument that Plaintiff's injuries were caused by her traffickers' criminal conduct, not by Defendant's operation of a hotel. This is a causation argument, not an apportionment argument, and it is available regardless of whether liability is characterized as joint and several.

03 (9th Cir. 2011) (Callahan, J., dissenting). But, congress did not enact that language. Where Congress expressly identifies the remedies available under a federal cause of action, courts should be reluctant to add a remedy Congress did not provide. *See* ***Transamerica Mortg. Advisors, Inc. v. Lewis***, 444 U.S. 11, 19 (1979).

Defendant recognizes that the ***Ditullio*** majority reached the contrary conclusion, reasoning that § 1595's general reference to "damages" incorporates traditional common-law remedies, including punitive damages. ***Ditullio***, 662 F.3d at 1096–98. But that reasoning highlights an inconsistency in Plaintiff's position here. Plaintiff elsewhere argues that because § 1595 does not expressly provide for apportionment, Congress's silence precludes the Court from recognizing it. If statutory silence carries the significance Plaintiff attributes to it, the argument applies with even greater force to punitive damages, because Congress considered language expressly authorizing punitive damages and enacted § 1595 without that express authorization. Plaintiff cannot treat congressional silence as dispositive when it favors joint-and-several liability while disregarding even stronger evidence of congressional omission when seeking punitive damages.

At minimum, the availability of punitive damages under § 1595 generally does not establish their availability against Defendant merely upon proof of beneficiary liability. Section 1595 permits beneficiary liability where a defendant "knew or should have known" that the venture was engaged in trafficking. Thus,

liability may rest upon ***constructive knowledge***, without any finding that the defendant intentionally participated in trafficking or intended the plaintiff's injury. ***Ditullio***'s common-law rationale rested substantially upon the proposition that the underlying TVPA conduct is ordinarily intentional and sufficiently outrageous to support punitive damages. ***Id.***, p. 1098. That reasoning cannot automatically be transferred to a hotel defendant alleged only to have benefited from a venture it should have known was engaged in trafficking.

Thus, even if the Court concludes that punitive damages are theoretically available under § 1595, Plaintiff must independently establish the heightened culpability necessary to justify that extraordinary remedy. A finding that Defendant "should have known" of trafficking cannot, standing alone, establish the intentional, malicious, reckless, or otherwise aggravated misconduct necessary for punitive damages. Beneficiary liability and punitive-damages liability are separate inquiries, and Plaintiff should not be permitted to collapse the two.

## CONCLUSION

Based on the above, Defendant requests this Court deny Plaintiff's Motion in Limine About Joint-and-Several Liability and Punitive Damages (Doc. 62) and the relief sought therein. Specifically, Defendant requests this Court deny Plaintiff's request to (1) "hold that TVPRA liability is joint and several", (2) exclude "evidence

about the potential liability of other parties, including nonparty traffickers or hotels", and (3) find that punitive damages are permitted under the TVPRA.

Respectfully submitted this 8th day of September, 2026.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854
Shubhra R. Mashelkar
GA Bar No. 475388
Patrick B. Moore
GA Bar No. 520390
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
(404) 876-2700
cbyrd@wwhgd.com
smashelkar@wwhgd.com

*Counsel for Defendant Lincoln Bancorp, LLC*

## RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE

Under Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that this submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

*/s/ Christopher T. Byrd*
Christopher T. Byrd

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 8, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing by electronic mail to all counsel or parties of record:

Jonathan Tonge, Esq.
Patrick J. McDonough, Esq.
Jennifer Webster, Esq.
ANDERSEN, TATE & CARR, PC
One Sugarloaf Centre
1960 Satellite Blvd, Ste. 4000
Duluth, GA 30097
jwebster@atclawfirm.com
jtonge@atclawfirm.com
pmcdonough@atclawfirm.com

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854