# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.R.,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN BANCORP, LLC,<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. 1:25-cv-04629-JPB |

**PLAINTIFF J.R.'S OBJECTIONS AND RESPONSES TO DEFENDANT LINCOLN BANCORP, LLC'S INTERROGATORIES TO PLAINTIFF J.R.**

Plaintiff J.R. responds to Defendant Lincoln Bancorp, LLC's Interrogatories to Plaintiff J.R. as follows:

1.

Prior to being trafficked, please state the address where you resided, the names of all residents at that address, and the relationship of each of the residents to you.

**PLAINTIFF'S RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case because, when read together with Interrogatory No. 2, Defendant seeks Plaintiff's lifetime address history, which spans more than 22 years.**

**group homes, and foster homes, periodically running away while being trafficked at hotels in Georgia, including Defendant's Super 8 hotel. Plaintiff may have resided at additional addresses she is unable to recall at this time.**

2.

Please state all addresses where you have resided since your rescue, including the names of individuals with whom you resided at each address.

**PLAINTIFF'S RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably limited in time and scope, not reasonably calculated to lead to the discovery of admissible evidence, and not proportional to the needs of this case because, when read together with Interrogatory No. 1, Defendant seeks Plaintiff's lifetime address history, which spans more than 22 years.**

**Subject to those objections and by responding not waiving them, Plaintiff provides the following list of addresses at which she resided since being rescued:**

| ADDRESS | APPROX. DATES | OTHER RESIDENTS | RELATION-SHIP TO PLAINTIFF |
|---|---|---|---|
| [redacted] Atlanta, Georgia 30344 | October 2021–April 2022 | Braxton [redacted] | Father to Plaintiff's child |
| [redacted] East Point, Georgia 30344 | April 2022–Present date | Moncler [redacted] | Plaintiff's child |

regarding who contacted her, why she agreed, etc.);

d. whether Ms. Phillips ever provided you assistance (e.g., calling the police, rendering first-aid, helping you escape, etc.).

**PLAINTIFF'S RESPONSE: Plaintiff objects to this request to the extent it calls for information protected by attorney–client privilege, subject to the work-product doctrine, or information obtained in anticipation of litigation. As part of Plaintiff's investigative efforts, any witness identified in her interrogatory responses may have been interviewed by counsel or requested to execute affidavits or declarations. All witnesses have been identified and are equally available to the defense.**

**Subject to these objections and by responding not waiving them, Plaintiff does not recall the exact date on which she first met Santana Phillips. Santana Phillips was employed as a housekeeper at the Super 8. Santana Phillips did not provide Plaintiff with any assistance despite being aware that Plaintiff and other victims were being trafficked at the Super 8. Plaintiff further directs Defendant to Bates-labeled document Plaintiff J.R. 1372–1375.**

5.

With respect to Paragraph 9 of the Complaint ("relevant timeframe"), please specify or narrow the relevant timeframe to a months and dates certain, with respect

to "2020 and 2021" (the current allegations reads that you were trafficked for 24 months).

**PLAINTIFF'S RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it mischaracterizes the allegations in Paragraph 9 of the Complaint, which does not allege that Plaintiff was trafficked for 24 consecutive months but rather that Plaintiff was trafficked at the Super 8 during the years 2020 and 2021. Plaintiff further objects to this Interrogatory to the extent it requires Plaintiff to identify dates certain that are not within Plaintiff's present recollection.**

**Subject to these objections and by responding not waiving them, based on Plaintiff's best recollection, Plaintiff was trafficked at the Super 8 on multiple occasions, including, but not limited to, the following approximate timeframes: (1) January 2020 through March 2020; (2) April 2020 through the summer of 2020; and (3) June 2021 through July 2021. Plaintiff reserves the right to supplement this response as additional information becomes available.**

6.

With respect to the relevant timeframe alleged in Paragraph 9 of the Complaint, please describe the duration and frequency of your stay(s) at the Super 8 through the relevant timeframe. *For example, responsive information may include whether you stayed at the Super 8 consecutively through that timeframe; how many*

| NAME | CONTACT INFORMATION | RELATIONSHIP TO THE CASE |
|---|---|---|
| **Any witness identified in Plaintiff's and Defendant's document productions, or any other document exchanged among the parties** | | |
| **Any witness identi-fied during any future deposition in this case** | | |
| **Any person who investigated or responded to incidents involving Plaintiff** | | |

12.

Please identify any expert witness who may be called to testify in this case, including the opinions of such expert witness.

**PLAINTIFF'S RESPONSE: At this time, Plaintiff has not determined whether she will call any specially retained experts at trial. Plaintiff will disclose such information at the appropriate time and to the extent required under the Federal Rules, this Court's local Rules, and any scheduling orders of this Court.**

13.

With respect to the individual who trafficked you (¶ 10 of Complaint), please identify each of them and provide the following:

a. if said individuals have been prosecuted, please provide the case number

and jurisdiction; and

b. how you first made contact with them (or, how they first made contact with you).

**PLAINTIFF'S RESPONSE: Plaintiff objects to this Interrogatory to the extent the information is not in Plaintiff's possession, custody, or control.**

**Subject to these objections and by responding not waiving them, Plaintiff does not know the real names of her traffickers "Goose" and "Scarface." Plaintiff also had contact with an individual known to her as "Star," whose real name Plaintiff believes to be Nachelle Clark.**

**Plaintiff first made contact with Goose after she ran away from home and was walking down Old National Highway. Goose pulled his vehicle alongside Plaintiff and asked what she was doing. Plaintiff eventually got into Goose's car. Goose later introduced Plaintiff to Scarface and Star.**

14.

Please identify all social media apps you were using prior to being trafficked, including in your response your username/handle.

**PLAINTIFF'S RESPONSE: Plaintiff objects that this Interrogatory is overly broad, unduly burdensome, intended to harass, not reasonably calculated to lead to the discovery of admissible evidence, and is not reasonably tailored to the needs of this case.**

**Subject to these objections and by responding not waiving them, Plaintiff had one Instagram account prior to and during the time she was trafficked. That Instagram username or handle may have been REDACTED. The account was deleted after Plaintiff escaped from her traffickers in 2021.**

15.

With respect to Paragraphs 30 regarding an employees of the Super 8 who purchased drugs on multiple occasions, please describe said employees to the best of your recollection, including all details which may aide Lincoln Bancorp, LLC in identifying said individuals (e.g., facial features, height, weight/build, job role at Super 8).

**PLAINTIFF'S RESPONSE: Plaintiff objects to this Interrogatory on the ground that it seeks information not within Plaintiff's possession, custody, or control.**

**Subject to these objections and by responding not waiving them, Plaintiff recalls that the individuals she witnessed purchase drugs from her traffickers were not dressed in clothing typical of hotel guests but instead appeared to be wearing clothing consistent with hotel employees. Plaintiff believes that housekeeping and maintenance employees were among those that purchased drugs from Plaintiff's traffickers, though Plaintiff recalls that majority of Defendant's employees were visibly strung out on drugs. Plaintiff is unable to recall**

17.

Regarding Paragraph 41 of the Complaint, what is the "candy lady's" real/legal name, and is it your contention that she was an employee of the subject Super 8?

**PLAINTIFF'S RESPONSE: Plaintiff objects to this Interrogatory on the ground that it seeks information not within Plaintiff's possession, custody, or control.**

**Subject to these objections and by responding not waiving them, Plaintiff does not know the Candy Lady's real name but recalls that she wore clothing consistent with someone who was employed at the Super 8.**

18.

Please describe, in detail, how was law enforcement notified that you were being trafficked such that they were able to rescue you at the Super 8?

**PLAINTIFF'S RESPONSE: Plaintiff objects to this Interrogatory on the ground that it seeks information not within Plaintiff's possession, custody, or control.**

**Subject to these objections and by responding not waiving them, in July 2021, Plaintiff got away from her traffickers and went to the College Park Police Department and turned herself in. Plaintiff's caseworker later picked her up, marking the end of Plaintiff's trafficking.**

Respectfully submitted on March 17, 2026.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jennifer M. Webster*

PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile