**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| J.R.,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN BANCORP, LLC,<br><br>Defendant. | CIVIL ACTION FILE<br>NO. 1:25-cv-04629-JPB |

**DEFENDANT LINCOLN BANCORP, LLC'S**
**MOTION TO BIFURCATE TRIAL**

Defendant Lincoln Bancorp, LLC ("Lincoln"), pursuant to Federal Rule of Civil Procedure 42(b), respectfully requests that the Court bifurcate trial into two phases: (1) liability and compensatory damages; and (2) if necessary, entitlement to and the amount of punitive damages.

Plaintiff asserts claims under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595, and Georgia law (negligence, false imprisonment and public nuisance) and seeks punitive damages. Plaintiff has already requested bifurcation of the amount of punitive damages to "prevent the jury from being improperly influenced by punitive damages evidence when considering liability." Lincoln agrees that bifurcation is appropriate but respectfully requests that the entire punitive-damages determination, including entitlement, be reserved for Phase Two.

## ARGUMENT

Rule 42(b) permits the Court "[f]or convenience, to avoid prejudice, or to expedite and economize" to order a separate trial of one or more issues. Fed. R. Civ. P. 42(b). The Rule "confers broad discretion on the district court" to bifurcate issues in furtherance of convenience and efficient trial management. *Harrington v. Cleburne Cnty. Bd. of Educ.*, 251 F.3d 935, 938 (11th Cir. 2001).

Bifurcation is appropriate here because liability and punitive damages involve distinct inquiries. Plaintiff's TVPRA beneficiary claim permits liability where a defendant "knew or should have known" that a venture engaged in an act violating the TVPRA. 18 U.S.C. § 1595(a); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021). Plaintiff's Georgia claims likewise turn on the elements of the underlying torts.

Punitive damages, by contrast, concern whether Lincoln's conduct warrants punishment. For Plaintiff's Georgia claims, punitive damages require clear and convincing evidence of "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). The punitive inquiry under the TVPRA likewise requires consideration of whether the defendant's conduct is sufficiently culpable to warrant punitive damages. See *J.G. v. Northbrook Indus., Inc.*, No. 1:20-cv-05233-SEG (N.D. Ga. July 9, 2025) (addressing punitive damages

under § 1595(a) and applying the federal punitive-damages principles discussed in *Smith v. Wade*, 461 U.S. 30 (1983)).

Presenting evidence and argument directed toward punishment while the jury is determining underlying liability creates an unnecessary risk of prejudice and confusion. Plaintiff has already recognized that concern in requesting bifurcation. Reserving the punitive-damages inquiry until after liability provides a cleaner procedure and prevents punitive considerations from influencing the jury's determination of the underlying claims.

Lincoln therefore proposes:

**Phase One — Liability and Compensatory Damages.** The jury determines liability on Plaintiff's substantive claims and compensatory damages, if any. Evidence and argument relevant solely to punitive damages are reserved.

**Phase Two — Punitive Damages.** If Plaintiff prevails on a claim supporting punitive damages, the same jury determines whether punitive damages are warranted. If the jury finds punitive damages warranted, the proceeding immediately continues for presentation of any additional evidence relevant to the amount and determination of the punitive award.

The requested procedure is also efficient. If Lincoln prevails in Phase One, no punitive-damages proceeding is necessary. And the request adds or alters no claim, defense, or damages theory identified in the Consolidated Pretrial Order; it concerns only the sequence in which existing issues will be tried.

## CONCLUSION

Lincoln respectfully requests that the Court bifurcate trial under Rule 42(b) into: (1) liability and compensatory damages; and (2) if necessary, entitlement to punitive damages and, if punitive damages are warranted, the amount of the award, with evidence and argument relevant solely to punitive damages reserved for Phase Two.

Respectfully submitted this 9th day of September, 2026.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854
Shubhra R. Mashelkar
GA Bar No. 475388
Patrick B. Moore
GA Bar No. 520390
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
(404) 876-2700
cbyrd@wwhgd.com
smashelkar@wwhgd.com
pmoore@wwhgd.com

*Counsel for Defendant Lincoln Bancorp, LLC*

## RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE

Under Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that this submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

*/s/ Christopher T. Byrd*
Christopher T. Byrd

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 9, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing by electronic mail to all counsel or parties of record:

Jonathan Tonge, Esq.
Patrick J. McDonough, Esq.
Jennifer Webster, Esq.
ANDERSEN, TATE & CARR, PC
One Sugarloaf Centre
1960 Satellite Blvd, Ste. 4000
Duluth, GA 30097
jwebster@atclawfirm.com
jtonge@atclawfirm.com
pmcdonough@atclawfirm.com

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854