UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

J.R.,

Plaintiff,

v.

LINCOLN BANCORP, LLC,

Defendant.

CIVIL ACTION FILE

NO. 1:25-cv-4629-JPB

**PLAINTIFF'S SUPPLEMENTAL MOTION IN LIMINE TO PRECLUDE ARGUMENT THAT A CHILD 'VOLUNTARILY' HAD COMMERCIAL SEX**

Defendant intends to tell the jury that it isn't liable because a child "wanted" to be sold for sex. Saying that is not only indecent, but it's also improper. *See United States v. Williams*, 526 F.3d 1312, 1320 (11th Cir. 2008) (holding that "counsel cannot argue incorrect or inapplicable theories of law" (citation modified)).

Both federal and state law make a child's consent to commercial sex wholly impossible. Under federal law, when the person caused to engage in a commercial sex act is under eighteen, force, fraud, or coercion is not required, and the child's supposed consent or willingness does not negate the trafficking. 18 U.S.C. § 1591(a). Georgia likewise defines "sexual servitude" to include commercial sexual conduct obtained "[f]rom an individual who is under the age of 18 years," O.C.G.A. § 16-5-46(a)(8)(B), and expressly provides that "[t]he age of consent for sexual activity . . .

shall not constitute a defense." § 16-5-46(d). Georgia separately defines prostitution as an offense that can be committed only by "[a] person, 18 years of age or older." O.C.G.A. § 16-6-9. Defendant's proposed theme does more than invite victim-blaming; it asks the jury to apply a premise that both federal and Georgia law reject.

Plaintiff J.R. asks the Court to preclude Defendant from asking any witness or arguing to the jury that J.R. or any other testifying person who was a child, under eighteen years old, when exploited for commercial sex was acting "voluntarily," "willingly," "by choice," "consented to," or "wanted" to engage in commercial sex. The requested ruling is narrow. Plaintiff does not seek to prevent Defendant from contesting an actual element of Plaintiff's § 1595 claim or her remaining Georgia claims, or from presenting otherwise-admissible evidence for a proper causation or damages purpose. But Defendant may not use facts such as running away, the physical ability to leave, leaving and returning, movement between locations, the absence of physical restraint, failure to seek help, or continued association with a trafficker to invite the legally forbidden inference that a child consented to, chose, or contributed to her own commercial sexual exploitation. At trial, "counsel cannot argue incorrect or inapplicable theories of law." *Williams*, 526 F.3d at 1320 (citation modified).

While the deadline for motions in limine has passed, Plaintiff requests leave to file this narrow supplemental motion. The issue crystallized only after that

deadline. By agreement, Defendant deposed Plaintiff's expert Anique Whitmore on September 3, after the motions-in-limine deadline, and Plaintiff received the transcript on September 9. The questioning now makes Defendant's intended theory concrete. Plaintiff is raising the issue promptly so it can be addressed at the September 15 pretrial conference, before the jury hears any statements, questions, or argument that suggests something the law forbids.

## ARGUMENT

### I. Good cause exists to consider this narrow supplemental motion now.

A district court may decide motions in limine pursuant to its inherent authority to manage the course of trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The purpose is practical: to resolve clearly inadmissible and potentially prejudicial matters before they reach the jury. *See* Order at 1–2, *J.G. v. Northbrook Indus., Inc.*, No. 1:20-cv-5233 (N.D. Ga. July 2, 2025) (Geraghty, J.), ECF No. 204.

This issue could not fairly have been presented in its current form by the original deadline. Whitmore's deposition occurred after that deadline, and the transcript was delivered Wednesday. Defendant suffers no prejudice from a prompt ruling on a legal theory first made explicit in that post-deadline deposition. There is also no discovery burden to cure: the issue is whether counsel may ask questions and make an argument based on a legally invalid premise. Deciding it at the upcoming pretrial

conference will promote an orderly trial and avoid repeated objections in front of the jury.

## II. Federal and Georgia law reject "voluntary" commercial sex by minors.

Section 1591 deliberately treats children and adults differently. The statute criminalizes specified trafficking conduct when the defendant knows or recklessly disregards either that force, fraud, or coercion will be used to cause a commercial sex act, ***or*** that the person has not attained eighteen years of age and will be caused to engage in a commercial sex act. 18 U.S.C. § 1591(a). Thus, where the victim is a child, the force-fraud-coercion showing required for adult trafficking does not exist.

The Eleventh Circuit has addressed the exact consent point. In *United States v. Wardlow*, the district court instructed the jury that minors lack capacity to consent to unlawful sexual conduct and that whether the minors "voluntarily agreed to engage in commercial sex acts" had no bearing on the sex-trafficking charges. 666 F. App'x 861, 864 (11th Cir. 2016). The Eleventh Circuit held that instruction correctly stated § 1591(a), because the statute criminalizes commercial sex involving a child even without force, fraud, or coercion. *Id.*; *see also United States v. Robinson*, 508 F. App'x 867, 870 (11th Cir. 2013) (rejecting an absence-of-force theory because "***minors cannot consent to prostitution***" (emphasis added)).

Georgia law is equally explicit. "Sexual servitude" includes commercial sexual conduct for which something of value is exchanged when that conduct is

obtained "[f]rom an individual who is under the age of 18 years." O.C.G.A. § 16-5-46(a)(8)(B). The statute further provides that "[t]he age of consent for sexual activity . . . shall not constitute a defense" to trafficking. § 16-5-46(d). And since 2019, Georgia's prostitution statute applies only to "[a] person, 18 years of age or older." O.C.G.A. § 16-6-9. Defense counsel's analogy that "minors can choose to commit crimes all the time" is therefore especially misleading for conduct in Georgia. If the point is merely that children can have agency or commit crimes generally, it is irrelevant. If the intended point is that J.R. chose to commit prostitution, Georgia law says otherwise: a minor engaged in commercial sex falls within Georgia's sexual-servitude framework, not the State's prostitution offense.

None of that automatically establishes Defendant's civil liability. Plaintiff still must prove the elements of her § 1595 claim and each state-law claim that reaches the jury, and Defendant remains free to dispute participation in a venture, benefit, knowledge, duty, breach, causation, damages, nuisance, and others.[1] But those claims do not change the illegality of the underlying commercial sexual exploitation. Defendant may contest the elements of Plaintiff's claims; it may not add a defense Congress and the Georgia General Assembly rejected by asking the jury to treat commercial sex involving a child as voluntary or consensual.

---

[1] Plaintiff is hereby providing notice to the Court and Defendant that she will not proceed with her claim of false imprisonment at trial.

## III. Judge Geraghty rejected this precise theory in a TVPRA case.

In *J.G. v. Northbrook Industries*, Northbrook tried to introduce evidence about how and why the child plaintiff arrived at, stayed at, and left two other hotels where she was trafficked. Judge Geraghty permitted limited evidence that the plaintiff had been trafficked elsewhere, including dates and an estimate of the number of buyers, because those facts could bear on causation and damages. Order at 43–46, *J.G. v. Northbrook Indus.*, ECF No. 204. But Judge Geraghty drew a sharp line at using the details of the child's movements to suggest voluntariness.

Judge Geraghty held that how and why the minor arrived at, stayed at, and left the other hotels was not relevant to the TVPRA claim. *Id.* at 44–46. Even assuming some minimal relevance, the probative value was substantially outweighed by the danger of confusing the issues and misleading the jury under Rule 403. *Id.* Most importantly here, because the child plaintiff "could not consent to engage in commercial sex acts," Judge Geraghty held that evidence intended to suggest that the child "contributed to her own sex trafficking by voluntarily moving between several hotels" would mislead the jury about the TVPRA's elements. *Id.* at 45–46.

The same rationale applies here. A child's ability to walk out a door, leave and return, run from a placement, move from one location to another, or remain in contact with a trafficker does not make the commercial sex consensual. Nor may those circumstances be used as a rhetorical bridge to tell the jury that the child

"wanted" the trafficking, was a willing participant in it, or bears responsibility for it. Judge Geraghty expressly noted that the movement categories were excluded on relevance and Rule 403 grounds. *Id.*

This motion asks for the same balance Judge Geraghty struck. Defendant may make legitimate causation and damages arguments based on admissible evidence. It may not convert evidence of a child's movements or behavior into a consent theory—that she wanted the commercial sex, willingly participated in it, or bears responsibility for the trafficking.

Nor can Defendant evade that distinction by relabeling voluntariness as some kind of convoluted damages theory. Defendant may identify other events or trauma that it contends caused some portion of Plaintiff's injuries. But it may not argue that the trafficking itself was less harmful because the child supposedly chose or wanted the commercial sex. That argument depends on the same legally forbidden consent premise that Judge Geraghty excluded. This Court should do the same.

## IV. The Whitmore deposition shows that this is a live trial issue, not a hypothetical concern.

Defendant's September 3 questioning of Whitmore did not include merely a stray use of "voluntary." Counsel returned to the premise repeatedly, over objection, after acknowledging that commercial sex involving a minor is treated differently under trafficking law. The transcript reads, in relevant part:

> Q. [S]omeone can be a minor and participate at least voluntarily, right?
> Q. In other words, they're not being forced or compelled to do so. Regardless of whether the act is ultimately trafficking or not, someone can be in that situation because they want to be.
> Q. I'm just asking whether or not it's possible, whether you accept that it's possible that a 15-year-old, 16-year-old, 17-year-old can choose to engage in commercial sex?
> Q. ... They can choose to do it. Right? Minors can choose to commit crimes all the time.

*See* Ex. 1, Whitmore Dep. 173:9-24, 174:16-22. Whitmore responded that "voluntary is a very tricky word" and that, in her experience, "it's not about choice." *Id.* at 174:1-13. The questioning nevertheless continued. Just beforehand, counsel had emphasized that J.R. had at one point been able to get away and then returned. *Id.* at 172:9-16. Read together, the intended inference is plain: physical ability to leave or return is to be recast as a child's voluntary participation in commercial sex.

The analogy to a child "choos[ing] to commit crimes" is particularly misleading. A child who is commercially sexually exploited is not committing a crime but a victim of one. She is not transformed from a statutory trafficking victim into a wrongdoer because she exercised some agency while being exploited. And in Georgia the analogy is affirmatively wrong: the prostitution statute applies only to a "person, 18 years of age or older." O.C.G.A. § 16-6-9. The proposed analogy invites jurors to apply a criminal- or moral-fault judgment to the child that the governing trafficking statutes reject. It would turn the law's special protection for minors into the very basis for blaming them.

The proposed theme also contradicts Defendant's own corporate testimony. When Defendant's Rule 30(b)(6) representative was shown trafficking training stating that children under eighteen cannot be willing participants in commercial sex and that, regardless of how they act or appear, a minor involved in commercial sex is a human-trafficking victim, Defendant agreed under oath. Ex. 2, Tran 30(b)(6) Dep. 108:7-22. Defendant remains entitled to contest its own statutory liability; it should not be permitted to ask the jury to proceed from the opposite premise about the child.

## V. The Georgia claims do not authorize a "voluntary trafficking" theory.

The Georgia claims do not alter the analysis. Particular facts about J.R.'s conduct may be admissible if they independently bear on an element of those claims, causation, or damages. But none of those claims makes a child's legal incapacity to consent to commercial sex a disputed fact. The Court can admit evidence for a proper purpose while precluding Defendant from using it to argue that a child wanted the commercial sex, was a willing participant in it, or was therefore not being trafficked.

## VI. The proposed "voluntary" theory is irrelevant and would substantially confuse and mislead the jury.

Evidence is relevant only if it tends to make a fact of consequence more or less probable. Fed. R. Evid. 401. A child's supposed willingness to engage in commercial sex cannot negate trafficking under the federal statute, 18 U.S.C. § 1591, or Georgia's parallel sexual-servitude statute, O.C.G.A. § 16-5-46. Nor can it make the

child legally responsible for the commercial sexual exploitation. That does not mean every fact about movement or conduct is irrelevant to every claim. But to the extent such evidence is offered to prove consent to commercial sex, voluntariness of the trafficking, or responsibility for the trafficking, it is irrelevant and inadmissible under Rules 401 and 402.

The Rule 403 problem is even more substantial. Inviting the jury to decide whether a fifteen-, sixteen-, or seventeen-year-old "really wanted" to engage in commercial sex risks importing an adult-consent framework that both federal and Georgia law expressly reject. It risks confusing absence of physical restraint with absence of trafficking. It invites sexual stereotyping and victim-blaming. And it creates a serious risk that jurors will discount the statutory protection afforded minors based on their own views about how a "real" victim should behave—whether she ran, returned, reported, resisted, or asked for help. *See* Fed. R. Evid. 403; Order at 44–46, *J.G. v. Northbrook Indus.*, ECF No. 204.

A limiting instruction after such a theme is presented is an inferior remedy. The cleaner course is to keep the legal misstatement from the jury in the first place. If Defendant believes a particular fact concerning movement, chronology, or conduct is independently admissible for causation, damages, impeachment, or another proper purpose, it can raise that issue outside the jury's presence. What it cannot do

is use the fact to argue consent to, voluntariness of, or responsibility for the minor's commercial sexual exploitation.

## REQUESTED RELIEF

Plaintiff requests that the Court grant leave to file this supplemental motion and enter an order precluding Defendant, its counsel, and its witnesses from doing the following with respect to J.R. or any testifying witness who was under eighteen during the commercial sexual exploitation at issue:

(1) characterizing a child's engagement in commercial sex as "voluntary," "willing," "consensual," "by choice," something she "wanted" to do, or materially equivalent language;

(2) using a child's running away, physical ability to leave, leaving and returning, movement between locations, lack of physical force or restraint, failure to seek help or report, or continued association with a trafficker to argue or imply that the minor consented to the commercial sex, was not a trafficking victim, or caused or contributed to her own trafficking;

(3) analogizing a child's commercial sexual exploitation to a child choosing to commit crimes or otherwise suggesting that the child bears criminal or moral fault for the commercial sex; and

(4) raising any substantially similar consent-or-voluntariness theory in the jury's presence without first approaching the bench and obtaining a ruling outside the presence of the jury.

This requested order would not preclude otherwise-admissible evidence offered for a proper and genuinely distinct purpose, including causation, damages, or an element of a remaining Georgia claim. But Defendant should not be permitted to

use evidence admitted for that purpose to argue or imply that J.R.'s commercial sexual exploitation was voluntary, consensual, or something she chose or wanted.

Respectfully submitted on September 10, 2026.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jonathan S. Tonge*

PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile
*Attorneys for Plaintiff*

**CERTIFICATE OF COMPLIANCE**

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Jonathan S. Tonge*

PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile
*Attorneys for Plaintiff*