Exhibit 1

PROCEEDINGS

ANIQUE S. WHITMORE

THE VIDEOGRAPHER: We are on the record. The time is 11:14 a.m. on September 3rd, 2026. This is the beginning of the video deposition of Anique Whitmore. Would counsel present please identify yourselves for the record.

MR. MCDONOUGH: Pat McDonough for the plaintiff, plaintiffs.

MR. BYRD: Chris Byrd on behalf of the defendant.

MS. MASHELKAR: Shubhra Mashelkar on behalf of the defendant.

MS. CROXALL: Carol Croxall on behalf of the plaintiffs.

THE VIDEOGRAPHER: Thank you. The court reporter may swear in the witness:

THE REPORTER: Do you solemnly swear or affirm that the testimony you'll give today will be the truth, the whole truth, and nothing but the truth?

THE WITNESS: I do.

THE REPORTER: Thank you.

ANIQUE S. WHITMORE,

after having been first duly sworn, was examined and testified as follows:

EXAMINATION

BY MR. BYRD:

Q Good morning, Ms. Whitmore.

A Good morning.

Q My name is Chris Byrd. We're here to take your deposition. In a few cases, I think you heard us talking before, we'll try our best to get through as much as we can. Given the, kind of the, I guess the load associated with each individual case, we may have to continue your deposition and come back and wrap up at a later date. But we'll cross that bridge when we come to it towards the end of the day. The first part of your deposition will be related to your qualifications that I think would apply generally to three cases. And then we'll get specific into J.R. I guess we'll start by if you can state and spell your name for the record.

A Sure, it's Anique Whitmore, A-N-I-Q-U-E, W-H-I-T-M-O-R-E.

Q Okay.

A Excuse me.

Q And what do you do for a living, Ms. Whitmore?

explore the details of with her, because it wasn't shared, right?

A I would agree. I would also say, though, you know, speaking about runaways, and she indicated she ran away from a lot of group homes, so I don't know if she was indicating it, and I did not ask further questions. I don't know the--- I don t know the details at that moment.

Q Okay. Well, I would, I would think that if during your interview she had shared with you the fact that she was able to get away, prior to her ultimate escape in 2021, yet she went back, that would be something you'd want to discuss with her. Right?

A I would either want to discuss it or gather more information that has some more context to it. Again, not inconsistent with trafficked individuals.

Q You would agree with me that someone who's being trafficked, and I understand that she's a minor and we can talk about the definition of trafficking, but in the context of commercial sex, someone can... There are prostitutes who aren't trafficked. Is that a statement that you agree with?

A Agreed.

Q Okay. And even though when someone is underage and involved in commercial sex, they're

considered trafficked, right, without coercion, that's you're understanding?

A Say that again?

Q If it's a minor victim, there's different definitions of trafficking that apply to minors as opposed to adults.

A If a minor--- yes, different between minor and adult, correct.

Q Okay. That being said, someone can be a minor and participate at least voluntarily, right?

MR. MCDONOUGH: Objection.

BY MR. BYRD:

Q In other words, they're not being forced or compelled to do so. Regardless of whether the act is ultimately trafficking or not, someone can be in that situation because they want to be.

MR. MCDONOUGH: Objection.

THE WITNESS: Are you asking for a legal reasoning or?

BY MR. BYRD:

Q I'm just asking whether or not it's possible, whether you accept that it's possible that a 15-year-old, 16-year-old, 17-year-old can choose to engage in commercial sex.

A Whether they choose or not, it's still an

illegal act, right? In my experience, out of the hundreds of cases in which I've worked, those young individuals have been coerced, they've been tricked, they have been Romeoed by their trafficker to believe that this is how they're going to exist in the world. So voluntary is a very tricky word. That's not a word that I would use. Or you used--- I think you used a different word.

Q I just asked if they could choose to do it or not.

A In my experience, it's not about choice.

Q I don't understand. Did you say mop?

A In my experience, it's not about choice.

Q Oh, about choice.

A Yes.

Q Okay. Again, I'm just asking what I thought to be a simple question, whether or not an individual who's a minor can choose to engage in commercial sex, regardless of whether--- I agree that it's still a crime. They can choose to do it. Right? Minors can choose to commit crimes all the time.

A Agreed.

Q Okay.

A That part I agree with. I can also say, on the surface, it may look like a choice. It's