**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| J.R., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | |
| v. | ) | NO. 1:25-cv-04629-JPB |
| | ) | |
| LINCOLN BANCORP, LLC, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S TRIAL BRIEF REGARDING CONTINUED USE OF INITIALS FOR PLAINTIFF AND NONPARTY VICTIM-WITNESSES**

This is a case in which anonymity is required under binding Eleventh Circuit law. In *Plaintiff B v. Francis*, four women sought to remain anonymous at trial because the case would publicly connect their names to sexual conduct that occurred while they were minors. The Eleventh Circuit held that the district court abused its discretion as to the two plaintiffs whose claims required disclosure of explicit sexual conduct and directed that they be permitted to remain anonymous at trial. 631 F.3d 1310, 1317–19 (11th Cir. 2011).[1]

J.R.'s showing is even stronger. She will testify that, beginning at age fifteen, she was sold for sex to adult men in rooms at Defendant's hotel. Hundreds of times. The three additional victim-witnesses likewise will testify about commercial sexual

[1] After conferral, Defendant has indicated it will request the Court to require Plaintiff and three victim-witnesses to disclose their names at trial.

exploitation they experienced as minors at the Super 8. All four are adults now, just as the relevant plaintiffs in *Plaintiff B* were adults when the anonymity issue reached the Eleventh Circuit. Their present age does not change the character of the information that trial will expose: each woman will be required to describe intimate and at times graphic sexual exploitation that occurred when she was a child.

There is no corresponding need for their legal names to be spoken in open court. Defendant already knows all four identities. It has deposed J.R. and each witness and is the defendant in each nonparty witness's separate action. The jury can see every witness, hear every word of testimony, assess demeanor, consider bias, and evaluate credibility without learning a legal name that proves nothing about liability or damages. The courtroom can remain open and the evidence fully public while the women continue to be identified by initials.

The nonparty witnesses have an even stronger claim to that protection. Rule 10(a)'s presumption concerns parties who invoke the judicial process. T.H., N.N., and D.B. are not parties here. They seek no relief from this jury. Yet disclosure would inflict the same privacy injury recognized in *Plaintiff B*. Further, each is already protected by an anonymity order entered by the judge presiding over her own pending case. Publicly identifying them here would substantially defeat those orders.

The Court should preserve the existing anonymity protections and require that J.R., T.H., N.N., and D.B. be referred to by initials at trial.

**BACKGROUND**

J.R. alleges that, beginning when she was fifteen years old, she was commercially sexually exploited at the Super 8 at 4979 Old National Highway, College Park, Georgia, during Defendant's ownership and operation of the hotel. ECF No. 43, PTO, Attachs. C–D. Her federal claims arise from that exploitation. *See* 18 U.S.C. §§ 1591, 1595(a), 2255.

This Court has protected the identities of J.R. and other trafficking victims through the use of initials during this litigation. J.R. filed as "J.R." and has remained so in the public record and the Consolidated Pretrial Order. At her deposition, the parties stipulated "that any mention of the Witness' legal name would be changed to J.R. for the purposes of this deposition." Ex. 1, J.R. Dep. 4:6–10. Defendant completed its examination under that procedure.

T.H., N.N., and D.B. are nonparty victim-witnesses. Each has a separate pending action in this District against this same Defendant arising from her own trafficking as a minor at the same Super 8: *T.H. v. Lincoln Bancorp, LLC*, No. 1:25-cv-4310-AT; *N.N. v. Lincoln Bancorp, LLC*, No. 1:25-cv-04313-MHC; and *D.B. v. Lincoln Bancorp, LLC*, No. 1:25-cv-05391-AT. ECF No. 43, PTO ¶ 13. In each

action, the presiding judge has entered an order preserving that plaintiff's anonymity.

**I. Under *Plaintiff B*, requiring J.R. to disclose her legal name at trial would be an abuse of discretion.**

Federal Rule of Civil Procedure 10(a) creates a strong presumption that parties proceed in their own names, but "the rule is not absolute." *Plaintiff B*, 631 F.3d at 1315. A party may proceed anonymously when a substantial privacy right outweighs the customary presumption of openness. *Id.* at 1315–16. The court must consider all the circumstances, including whether the case requires disclosure of information of the utmost intimacy, whether the person was a minor, and whether anonymity creates a unique threat of fundamental unfairness to the defendant. *Id.* at 1316; *In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1246–47 (11th Cir. 2020).

Those factors point one way here. *Plaintiff B* involved claims arising from sexual images and sexual conduct involving girls who were thirteen, fifteen, sixteen, and seventeen when the events occurred. 631 F.3d at 1312–14. In rejecting the denial of anonymity, the Eleventh Circuit emphasized that the case involved matters of the most sensitive and highly personal nature because the plaintiffs would have to describe explicit sexual conduct that occurred while they were minors. *Id.* at 1317.

The court did not merely approve anonymity as a permissible case-management choice. It held that the district court had abused its discretion as to Plaintiffs B and V and directed the district court to enter an order allowing them to

remain anonymous at trial, subject only to separate First Amendment questions concerning restrictions on the press which are not at issue in this case. *Id.* at 1314, 1317–19.

J.R. falls squarely within that holding. Her testimony will concern being sold to strangers for sex beginning at age fifteen. The commercial-sex context does not make the privacy interest weaker; it makes the nature of the disclosure unmistakable. Federal trafficking law treats a person under eighteen who is caused to engage in a commercial sex act as a trafficking victim without any additional showing of force, fraud, or coercion. 18 U.S.C. § 1591(a). A trial requiring an adult woman to recount that exploitation necessarily requires disclosure of information of the utmost intimacy concerning what happened to her as a child.

Nor does the fact that J.R. is now an adult distinguish *Plaintiff B*. The plaintiffs protected there were adults by the time the anonymity dispute reached trial. The Eleventh Circuit nevertheless treated their ages when the sexual conduct occurred as part of the circumstances requiring protection. 631 F.3d at 1312–19. The relevant fact here is the same: J.R. was a child when the sexual conduct at issue occurred.

The absence of unfairness to Defendant further confirms the result. *Plaintiff B* held that where the defendants knew the plaintiffs' identities and had full discovery, "none of the normal harms threatened to defendants when plaintiffs proceed anonymously" were present. 631 F.3d at 1318–19. The same is true here.

Defendant knows J.R.'s identity, has deposed her, and can investigate, impeach, and cross-examine her without restriction attributable to the use of initials. Anonymity withholds no evidence from Defendant and no admissible fact from the jury.

Trial itself does not change the standard. The Eleventh Circuit has explained that "the standard for determining whether a plaintiff may proceed anonymously does not differ depending on the stage of litigation." *S.B. v. Fla. Agric. & Mech. Univ. Bd. of Trs.*, No. 19-11800, slip op. at 9 (11th Cir. Aug. 17, 2020) (unpublished). And *Doe v. Neverson* describes *Plaintiff B* exactly as it should be understood here: "in *Francis* we held that, subject to First Amendment concerns, women who were videotaped engaging in sexual conduct when they were minors were entitled to proceed anonymously at trial." 820 F. App'x 984, 988 (11th Cir. 2020).

That binding precedent resolves J.R.'s request. Requiring her to abandon the anonymity that has protected her throughout this case and publicly attach her legal name to testimony about being trafficked for commercial sex as a fifteen-year-old would repeat the error *Plaintiff B* held was an abuse of discretion.

## II. The same reasoning applies with even greater force to the nonparty victim-witnesses.

T.H., N.N., and D.B. will disclose the same category of information: their commercial sexual exploitation while they were minors. But unlike J.R., they are not

parties to this action. They did not file this case, invoke this Court's jurisdiction, or ask this jury for relief.

That distinction strengthens their claim to protection. The strong presumption discussed in *Plaintiff B* arises from Rule 10(a), which requires a complaint to name "all the parties." Fed. R. Civ. P. 10(a); 631 F.3d at 1315. Rule 10(a) says nothing about witnesses. The public interest in knowing the identity of a person who asks a federal court to exercise judicial power on her behalf therefore does not apply with the same force to a nonparty witness who is present only to give evidence.

The privacy injury, however, is the same. Naming T.H., N.N., and D.B. in open court would permanently connect each woman's legal identity to testimony that she was commercially sexually exploited as a child. If the privacy interest recognized in *Plaintiff B* outweighs Rule 10(a)'s strong presumption for a party-plaintiff, the same interest necessarily carries at least as much weight for a nonparty victim-witness who has not invoked the judicial process in this case.

Rule 611(a)(3) supplies direct trial-management authority. It instructs the Court to exercise reasonable control over witness examination and the presentation of evidence so as to "protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a)(3). Requiring these witnesses to testify by the same initials already used to protect them is a modest exercise of that authority. It changes no

substantive testimony, no cross-examination, no impeachment, and no credibility determination.

The jury does not need a legal name to evaluate a witness. It will see each woman testify and will know every admissible fact bearing on her knowledge, memory, bias, interest, and credibility. Defendant, meanwhile, already knows exactly who each witness is because it is defending her separate lawsuit. The use of initials therefore preserves the witnesses' privacy without impairing the truth-seeking function of trial.

## III. Disclosure here would undermine anonymity orders entered in three coordinate federal cases.

There is an additional reason to protect T.H., N.N., and D.B. Three separate judges in this District have already entered orders protecting these witnesses' identities in their own trafficking cases against this same Defendant. *See T.H. v. Lincoln Bancorp, LLC*, No. 1:25-cv-04310-AT, ECF No. 9 (N.D. Ga. Aug. 19, 2025); *N.N. v. Lincoln Bancorp, LLC*, No. 1:25-cv-04313-MHC, ECF No. 7 (N.D. Ga. Aug. 21, 2025); *D.B. v. Lincoln Bancorp, LLC*, No. 1:25-cv-05391-AT, ECF No. 16 (N.D. Ga. Oct. 21, 2025) (docket-entry order). Those orders protect the same thing at stake here: the public association of each woman's legal identity with allegations and evidence of childhood sex trafficking.

Public disclosure in this trial would substantially defeat the practical effect of those orders. Once a full legal name is spoken in open court and linked to childhood

commercial sexual exploitation, the disclosure cannot be undone. The woman's own case may continue under initials, but the confidentiality the order was intended to preserve will have been lost through a different proceeding.

Federal courts recognize the importance of comity and respect for preexisting judicial orders when a requested ruling would modify or circumvent protections imposed by another court. *See Donovan v. Lewnowski*, 221 F.R.D. 587, 588–89 (S.D. Fla. 2004) (collecting authorities addressing comity and preexisting protective orders). This Court retains complete authority over its own trial. But where the same Defendant already litigates against these women under anonymity orders entered by three coordinate judges, and where their legal names add nothing of evidentiary value here, the sound exercise of that authority is to preserve rather than defeat those protections.

The result is especially straightforward because nothing about the requested protection conceals the witnesses' relationship to Defendant or their interest in the litigation. Their separate lawsuits may be addressed to the extent otherwise admissible. Their prior statements may be used to the extent admissible. Their credibility may be challenged. The only protected information is the legal name that would make their childhood exploitation permanently searchable and publicly attributable to them forever.

## IV. The requested order preserves a fully public trial.

Plaintiff seeks no closed courtroom, no exclusion of the press or public, no restriction on Defendant's access to witness identities, and no suppression of substantive evidence. The trial remains public in every meaningful sense. The jury and public will hear the evidence, observe the witnesses, and hear the Court's rulings and the parties' arguments. Plaintiff asks only that the identities the Court has protected throughout the case continue to be expressed by initials in open court.

Plaintiff therefore requests an order providing that:

(1) J.R., T.H., N.N., and D.B. shall be referred to before the jury and in open court by their initials, and counsel shall instruct witnesses not to state those individuals' full legal names;

(2) exhibits published to the jury or displayed in open court shall use initials in place of those legal names where reasonably practicable, without redacting substantive evidence;

(3) any claimed evidentiary need to disclose a legal name shall first be raised with the Court outside the presence of the jury.

## CONCLUSION

The Eleventh Circuit has already demonstrated the relevant balance. In *Plaintiff B*, adult women faced trial testimony publicly linking their identities to explicit sexual conduct that occurred while they were minors. The court held that

denying anonymity was an abuse of discretion and directed that anonymity continue at trial. 631 F.3d at 1317–19. J.R.'s case falls squarely within that reasoning: she will testify about being commercially sexually exploited beginning at fifteen, Defendant has known her identity throughout, and initials impair no aspect of the defense or the jury's work.

T.H., N.N., and D.B. deserve at least the same protection and, as nonparties, present an even stronger case. Rule 10(a)'s party-identification presumption does not apply to them; Rule 611(a)(3) expressly authorizes protection of witnesses from undue embarrassment; and three coordinate federal judges have already entered orders preserving their anonymity in the very cases arising from their own trafficking as minors.

The Court should require that J.R., T.H., N.N., and D.B. continue to be identified by initials at trial. As the Eleventh Circuit concluded in *Plaintiff B*, "Justice should not carry such a high price." 631 F.3d at 1319.

Respectfully submitted September 14, 2026.

ANDERSEN, TATE & CARR, P.C.

*By: /s/ Jonathan S. Tonge*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER

Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
Telephone: (770) 822-0900
Facsimile: (770) 822-9680

*Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*By: /s/ Jonathan S. Tonge*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
Telephone: (770) 822-0900
Facsimile: (770) 822-9680

*Counsel for Plaintiff*