**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| J.R.,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN BANCORP, LLC,<br><br>Defendant. | CIVIL ACTION FILE<br>NO. 1:25-cv-04629-JPB |

# DEFENDANT'S OPPOSITION TO PLAINTIFF'S SUPPLEMENTAL MOTION IN LIMINE TO PRECLUDE ARGUMENT THAT A CHILD "VOLUNTARILY" HAD COMMERCIAL SEX

Defendant Lincoln Bancorp, LLC ("Lincoln Bancorp" or "Defendant"), by and through undersigned counsel, respectfully submits this Response in Opposition to Plaintiff's Supplemental Motion in Limine to Preclude Argument that a Child "Voluntarily" Had Commercial Sex [Doc. No. 88].

## INTRODUCTION

Defendant Lincoln Bancorp, LLC ("Lincoln Bancorp" or "Defendant") does not, as Plaintiff contends, intend to tell the jury that she "wanted to be sold for sex." Nor does Defendant contend that a minor can legally consent to commercial sex, that a minor's willingness negates her status as a trafficking victim, or that the absence of force, fraud, or coercion defeats a claim involving a minor under 18 U.S.C. § 1591. But Plaintiff's requested relief goes materially further. It seeks to convert incapacity to consent to commercial sex into categorical immunity from the

ordinary consequences of a minor's own acts and omissions in a negligence action, and it would prevent Defendant from presenting affirmative defenses and causation-and-damages evidence expressly preserved in the parties' Consolidated Pretrial Order.

For example, Plaintiff's position would prohibit Defendant from introducing evidence that Plaintiff was aware of a dangerous condition (*i.e.* living on the streets, association with her traffickers or their affiliates, traveling to/residing at properties that she knows feature trafficking or where she has been previously injured, etc.) and failed to exercise due care for her safety in light of said knowledge. This does not mean that Plaintiff consented to commercial sex. It simply permits the jury to hear evidence of Plaintiff's conduct as it relates to her own negligence and/or other issues.

## I. PLAINTIFF CONFLATES LEGAL CONSENT TO COMMERCIAL SEX WITH A MINOR'S CAPACITY TO EXERCISE JUDGMENT.

The rule that a minor cannot legally consent to commercial sex answers whether the underlying conduct may constitute minor sex trafficking. It does not establish that a fifteen-, sixteen-, or seventeen-year-old is incapable of making decisions, appreciating danger, or exercising judgment in every other respect.

Contributory negligence is part of the federal common law. ***Norfolk Southern Railway Co. v. Sorrell***, 549 U.S. 158, 165-71 (2007). Federal tort principles recognize that a minor's conduct may be evaluated in light of her age, intelligence, maturity, knowledge, and experience. *See* Restatement (Second) of

Torts § 283A; ***Shipp v. Curtis***, 318 F.2d 797, 799–801 (9th Cir. 1963). Georgia law reflects the same basic principle. A minor fourteen years of age or older is presumptively chargeable with diligence for her own safety against a palpable and manifest peril, absent evidence showing a lack of ordinary capacity in the particular minor. ***Bourn v. Herring***, 225 Ga. 67, 69–70, 166 S.E.2d 89, 91 (1969); *see also* ***Biggs v. Brannon Square Assocs.***, 174 Ga. App. 13, 17, 329 S.E.2d 239 (1985).

These principles hold true, even where the child cannot consent to sexual activity. In ***Robinson v. Roberts***, for example, a 13-year-old sexual-molestation plaintiff argued that her legal inability to consent to sexual intercourse defeated contributory-negligence and assumption-of-risk defenses asserted against a school principal sued for negligence. 205 Ga. App. 645, 646 (1992). The Court of Appeals disagreed, finding that the child's incapacity to consent to a sexual act "is not relevant" to his ability to appreciate dangers in her environment and avoid their consequences, which is ordinarily a jury question. ***Id.*** The Georgia Supreme Court reached the same result in a negligence action against an apartment owner arising from the sexual abuse of two 14-year-old girls. ***Harvey Freeman & Sons, Inc. v. Stanley***, 259 Ga. 233, 235 (1989). Because the owner was sued for negligence, the jury could decide whether the minors contributed to their injuries, accounting for their "age, experience, and circumstances." ***Id.*** Federal courts have likewise distinguished between a minor's inability to consent to a criminal act and evidence "relevant to demonstrate that the victim assumed the risk that her conduct would

expose her" to that contact. ***Gemini Ins. Co. v. Earth Treks, Inc.***, 728 Fed. Appx. 182, 186 (4th Cir. 2018).[1]

Thus, even though a minor cannot consent to commercial sex, her minority does not render her incapable, as a matter of law, of perceiving danger, exercising judgment, or taking action for her own safety. Plaintiff's proposed categorical restriction improperly collapses these distinct concepts.

## II. J.R.'S CONDUCT IS RELEVANT TO LINCOLN'S KNOWLEDGE AND NOTICE, REGARDLESS OF WHETHER SHE COULD CONSENT.

Plaintiff must prove the elements of her civil beneficiary claim under § 1595, including the required knowledge element. What Defendant's employees observed and what J.R.'s conduct reasonably communicated to them is therefore directly relevant.

Evidence that J.R. came and went from the property, left and returned, interacted with law enforcement or other adults, had opportunities to seek assistance, did or did not appear distressed, and continued to associate with the particular persons who were harming her (i.e. her traffickers) may bear on what hotel personnel knew or reasonably should have known. None of that evidence is offered to establish that Plaintiff legally consented to commercial sex. It is offered to address

---

[1] The case cited in Plaintiff's motion (***United States v. Wardlow***, 666 F. App'x 861 (11th Cir. 2016) was a criminal case where consent was not an element of the underlying charge and which did not involve civil defenses such as contributory negligence, assumption of risk, and avoidable consequences.

Defendant's knowledge based upon the circumstances actually observable to its employees.

Plaintiff's requested relief expressly identifies such matters as J.R.'s "physical ability to leave," "leaving and returning," "failure to seek help or report," and "continued association with a trafficker." Those circumstances cannot be transformed into inadmissible facts merely because Plaintiff anticipates that they may undermine her proof of Defendant's knowledge. The legal incapacity of a minor to consent to commercial sex does not dictate what a hotel employee reasonably understood from the observable circumstances presented to him or her.

## III. FEDERAL LAW PERMITS CONSIDERATION OF ASSUMPTION OF THE RISK AND/OR REASONABLE EFFORTS TO AVOID OR MINIMIZE HARM.

Plaintiff's motion also sweeps too broadly insofar as it seeks to prevent Lincoln from relying on J.R.'s conduct in connection with the defenses of

assumption of risk[2] and avoidance of consequences[3], both of which are recognized under the federal common law. Application of these doctrines does not mean that J.R. consented to trafficking, caused the initial statutory violation, or forfeited her status as a trafficking victim. It concerns a different question: whether some portion of the harm for which she seeks damages could reasonably have been avoided or reduced. Thus, evidence of opportunities to obtain assistance, contacts with law enforcement, periods when J.R. was away from an alleged trafficker but decided to return, and other circumstances bearing on whether additional harm could reasonably have been avoided may be relevant to damages without suggesting that the underlying commercial sex was consensual.

---

[2] Assumption of the risk is an enumerated affirmative defense under the federal rules. It is also discussed and defined at length in the Restatement (Second) of Torts, Chapter 17A. It is so ingrained in the federal common law that, in order to prohibit the application of assumption of the risk in Federal Employer Liability Act ("FELA") cases, it was necessary to draft the prohibition into the statute. *See* 45 U.S.C. § 54. In ***Toledo, St. L. & W.R. Co. v. Allen***, 276 U.S. 165, 168-69 (1928), the Supreme Court noted that assumption of the risk existed under "the principles in the common law" and found it applicable to federal claims brought under FELA. In ***Tiller v. Atlantic Coast Line R. Co.***, 318 U.S. 54, 58 (1943), the Court notes how "every vestige of the doctrine of assumption of risk" was subsequently abolished from FELA via specific amendment.

[3] "Under the common law … plaintiffs are not entitled to recover all actual losses proximately caused by defendant's actions. Specifically, 'one injured by the tort of another is not entitled to recover damages for any harm that he could have avoided by the use of reasonable effort or expenditure after the commission of the tort." ***Pattee v. Georgia Ports Authority***, 512 F.Supp.2d 1372, 1379 (S.D. Ga. 2007) (citing Restatement (Second) of Torts, § 918 (2006)). "This principle, known as "avoidable consequences" applies to federal claims. ***Id.*** (applying it to § 1983 cases) (internal cites omitted).

Indeed, Plaintiff's own motion recognizes the distinction. Plaintiff states that she does not seek to prevent Defendant from presenting otherwise-admissible evidence for causation or damages and later acknowledges that evidence concerning movement, chronology, or conduct may be admissible for "causation, damages, impeachment, or another proper purpose." The Court should hold Plaintiff to that distinction rather than enter a categorical order that risks excluding the same evidence Plaintiff concedes may be admissible.

## IV. THE COURT CAN PRECLUDE A CONSENT DEFENSE WITHOUT EXCLUDING OTHERWISE RELEVANT EVIDENCE OR ARGUMENT.

The appropriate line is straightforward. Defendant will not argue that J.R.'s purported consent made commercial sex involving a minor lawful, prevented the conduct from constituting trafficking under § 1591, or meant that Defendant was not a trafficking victim. But Defendant should remain free to present otherwise-admissible evidence concerning Plaintiff's conduct when that evidence bears on causation, damages, mitigation, avoidable consequences, credibility, or another proper purpose.

Plaintiff's requested order is therefore unnecessarily broad. To the extent the Court believes clarification is appropriate, a limiting instruction can make clear that the jury may not treat J.R.'s conduct as legal consent to minor sex trafficking while permitting the jury to consider the same evidence for a proper and distinct purpose. That approach applies the rule Plaintiff invokes without removing relevant facts

from the jury's consideration.

## CONCLUSION

For these reasons, Plaintiff's Supplemental Motion in Limine should be denied.

This 14th day of September, 2026.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854
Shubhra R. Mashelkar
GA Bar No. 475388
Patrick B. Moore
GA Bar No. 520390
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
(404) 876-2700
cbyrd@wwhgd.com
smashelkar@wwhgd.com
pmoore@wwhgd.com
*Counsel for Defendant Lincoln Bancorp, LLC*

**RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Under Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that this submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

*/s/ Christoher T. Byrd*
Christopher T. Byrd

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 14, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing by electronic mail to all counsel or parties of record:

Jonathan Tonge, Esq.
Patrick J. McDonough, Esq.
Jennifer Webster, Esq.
ANDERSEN, TATE & CARR, PC
One Sugarloaf Centre
1960 Satellite Blvd, Ste. 4000
Duluth, GA 30097
jwebster@atclawfirm.com
jtonge@atclawfirm.com
pmcdonough@atclawfirm.com

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854