# ATTACHMENT B-1

**Attachment "B-1"**
**Plaintiff's Voir Dire Questions**

1. Have you or anyone close to you ever worked in the hotel or hospitality industry?

2. Have you or anyone close to you ever worked for an attorney or a law firm?

3. Hotels and hospitality businesses provide lodging and services to guests. Some people believe hotels have only limited responsibility for guest safety and security, while others believe the hotel should take substantial responsibility for guest safety and security.

    a. By a show of hands, how many of you feel hotels should have only limited responsibility for guest safety and security?

    b. By a show of hands, how many of you feel hotels should have substantial responsibility for guest safety and security?

    c. Who finds themselves somewhere in the middle, or isn't sure?

4. People have different general impressions about lawsuits filed against businesses. Some people tend to feel that these lawsuits are usually unwarranted. Others tend to feel that these lawsuits are usually legitimate.

    a. By a show of hands, how many of you would say you generally view lawsuits against businesses as unwarranted?

    b. How many of you would say you generally view lawsuits against businesses as legitimate?

    c. Who finds themselves somewhere in the middle, or isn't sure?

5. Who believes people are too quick to sue?

6. People have different views on frivolous lawsuits—cases that are filed without legal merit. Some people feel it is too easy to file a frivolous lawsuit. Others feel the legal system has enough safeguards to prevent frivolous lawsuits.

    a. By a show of hands, how many of you feel it is too easy to file a frivolous lawsuit?

b. How many of you feel the legal system has enough safeguards to prevent frivolous lawsuits?

c. Who finds themselves somewhere in the middle, or isn't sure?

7. People have different opinions about the size of jury verdicts in civil cases. Some believe that verdicts are often too high. Others believe that verdicts are generally reasonable.

    a. By a show of hands, how many of you feel that jury verdicts in civil cases tend to be too high?

    b. How many of you feel that jury verdicts in civil cases are generally reasonable?

    c. Who finds themselves somewhere in the middle, or isn't sure?

8. In civil cases, the burden of proof is "preponderance of the evidence," meaning that a claim is more likely true than not. This is different from criminal cases, where the standard is "beyond a reasonable doubt." People have different views on whether the preponderance standard is appropriate for civil cases. Some believe the preponderance standard is too low. Others believe the preponderance standard is fair and appropriate.

    a. By a show of hands, how many of you feel that the burden of proof in civil cases is too low?

    b. How many of you feel that the burden of proof in civil cases is fair and appropriate?

    c. Who finds themselves somewhere in the middle, or isn't sure?

9. In civil cases, juries may award damages for pain and suffering—compensation for emotional distress and physical discomfort caused by a harm someone has experienced. Some people believe damages for pain and suffering are an appropriate way to compensate someone for harm they have experienced. Others believe damages for pain and suffering are not an appropriate way to compensate someone for harm they have experienced.

    a. By a show of hands, how many of you feel that damages for pain and suffering are an appropriate way to compensate someone for harm they've experienced?

b. How many of you feel that damages for pain and suffering are not an appropriate way to compensate someone for harm they've experienced?

c. Who finds themselves somewhere in the middle, or isn't sure?

10. Have you, or has anyone in your household, ever been employed by or had any business relationship with Penn-America Insurance Company or any of its affiliated companies, including:

a. Penn-Star Insurance Company

b. Penn-Patriot Insurance Company

c. Global Indemnity Group

11. Have you, or has anyone in your household, ever been employed by or had any business relationship with Evanston Insurance Company or any of its affiliated companies, including:

d. Markel American Insurance Company

e. Markel Insurance Company

f. Markel Corporation

# Exhibit

# A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| J.R.,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN BANCORP, LLC,<br><br>Defendant. | CIVIL ACTION FILE<br>NO. 1:25-cv-04629-JPB |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S VOIR DIRE QUESTIONS**

Defendant hereby provides its objections to Plaintiff's Voir Dire Questions, which, for the Court's convenience, are attached hereto as Exhibit "B-1".

| QUESTION NO. | OBJECTION |
|---|---|
| 1 | None |
| 2 | None |
| 3 | Objection. Argumentative and improperly seeks to precondition the jury and/or have the jury decide on an issue which will be governed by the Court's instruction – i.e. hotel liability. Only options provided for consideration are "limited" and "substantial" liability. |
| 4 | Objection. Argumentative and improperly seeks to precondition the jury and/or have the jury decide on an issue which will be governed by the Court's instruction – i.e. propriety of lawsuits – before the jury can know whether this lawsuit is proper or not. |
| 5 | None |
| 6 | None |
| 7 | None |
| 8 | Objection. Improperly instructs the venire on substantive law and then polls prospective jurors concerning whether they |

| | |
|---|---|
| | agree with the governing legal standard. The Court, not counsel, instructs the jury concerning the burden of proof. The appropriate voir-dire inquiry is whether a juror can follow the burden of proof as instructed by the Court, regardless of the juror's personal views, not whether the juror believes that standard is "fair and appropriate." |
| 9 | None |
| 10 | Objection. Improper introduction of insurance. Jurors can be qualified through general questions re employment. It is not necessary to specifically question them regarding whether they have worked for or had a relationship with an insurance company. *See* ***Louisville & Nashville R.R. Co. v. Williams***, 370 F.2d 839, 841-42 (5th Cir. 1968). |
| 11 | Objection. Improper introduction of insurance. Jurors can be qualified through general questions re employment. It is not necessary to specifically question them regarding whether they have worked for or had a relationship with an insurance company. *See* ***Louisville & Nashville R.R. Co. v. Williams***, 370 F.2d 839, 841-42 (5th Cir. 1968). |

Respectfully submitted, this 14th day of September, 2026.

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854
Shubhra R. Mashelkar
GA Bar No. 475388
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
(404) 876-2700
cbyrd@wwhgd.com
smashelkar@wwhgd.com

*Counsel for Defendant Lincoln Bancorp, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 14, 2026, a true and correct copy of the foregoing was emailed to Judge Boulee's chambers and all counsel or parties of record.

**WEINBERG, WHEELER,**
**HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854