UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

J.R.,

Plaintiff,

v.

LINCOLN BANCORP, LLC,

Defendant.

CIVIL ACTION FILE

NO. 1:25-cv-4629-JPB

**PLAINTIFF'S TRIAL BRIEF REGARDING DEFENDANT'S PROPOSED RULE 412 EVIDENCE**

Defendant's exhibit list contains 105 separate exhibits that implicate Rule 412 because they concern the prior sexual histories, prior sex trafficking, sexual victimization, and private life histories of Plaintiff J.R. and the victim-witnesses T.H., N.N., and D.B. Every one of them was a child when she was trafficked at this Super 8. J.R. was fifteen. This is not a stray document or an issue that surfaced unexpectedly on the eve of trial. Defendant affirmatively selected more than one hundred exhibits about four child sex trafficking victims for use at trial.

Rule 412 required Defendant to file a motion specifically describing the evidence and stating the purpose for which it would be offered at least fourteen days before trial. Fed. R. Evid. 412(c)(1)(A)–(B). That deadline passed on September 4. Defendant filed no Rule 412 motion and has never stated the purpose for which it contends any one of the 105 exhibits is admissible.

An exhibit list is not a Rule 412 motion. In a civil case, Rule 412(b)(2) places the burden on the proponent to show that the probative value of the particular evidence for the asserted purpose substantially outweighs harm to the victim and unfair prejudice. Fed. R. Evid. 412(b)(2); advisory committee's note to 1994 amendment. Without an asserted purpose, there is nothing against which the Court can perform that balancing, and Defendant has not carried its burden.

Nor is there any plausible claim of surprise. Defendant possessed, reviewed, and affirmatively selected 105 challenged exhibits before the deadline. Rule 412 does not permit a party to reserve its evidentiary theory until trial and then choose among "impeachment," "damages," "bias," "credibility," or some other purpose after seeing how the testimony develops.

Plaintiff is proceeding to trial solely on her beneficiary claim under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595(a). The Georgia-law claims are out of the case. There is no comparative-fault defense, no apportionment question, and no in pari delicto theory. And because J.R. was a minor, proof of force, fraud, or coercion is not required to establish the underlying § 1591 violation. 18 U.S.C. § 1591(a). What remains is a federal claim focused on Defendant's benefit, participation, and knowledge. *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726–27 (11th Cir. 2021); *A.G. v. Northbrook Indus., Inc.*, 171 F.4th 1257, 1268–70 (11th Cir. 2026). The private sexual histories of four girls have little or nothing to do with

those questions. The Court should exclude the 105 challenged exhibits and the Rule 412 evidence they contain.

## ARGUMENT

### I. Defendant did not comply with Rule 412(c), and the evidence should be excluded.

Rule 412(a) presumptively excludes evidence offered to prove other sexual behavior or sexual predisposition. In a civil case, Rule 412(b)(2) reverses the ordinary Rule 403 burden: the proponent must demonstrate that the probative value of the evidence ***substantially outweighs*** both harm to the victim and unfair prejudice. Fed. R. Evid. 412 advisory committee's note to 1994 amendment. Rule 412(c) then prescribes the required procedure. The proponent must file a motion specifically describing the evidence and stating the purpose for which it will be offered, do so at least fourteen days before trial, serve the motion, notify the victim, and obtain the required in camera hearing. Fed. R. Evid. 412(c)(1)–(2). The Eleventh Circuit accordingly reviews Rule 412 rulings "more stringently" because of the Rule's presumption of inadmissibility. *Judd v. Rodman*, 105 F.3d 1339, 1341 n.6 (11th Cir. 1997).

Failure to comply with those prerequisites is itself a sufficient basis for exclusion. The Eleventh Circuit has applied that principle to Rule 412, stating that a party's "failure to comply with these procedural requirements is, standing alone, sufficient reason to affirm the district court's decision with respect to the other pieces

of evidence he sought to have admitted." *United States v. Cochran*, No. 15-13230, slip op. at 18 n.10 (11th Cir. Mar. 17, 2017) (unpublished); *see also United States v. Sarras*, 575 F.3d 1191, 1212 n.26 (11th Cir. 2009). The defendant in *Cochran* had at least filed a compliant Rule 412 motion as to one item; it was the items he never moved on that were forfeited. Defendant here filed no Rule 412 motion on any of the 105. Civil courts apply the same rule. *S.M. v. J.K.*, 262 F.3d 914, 919 (9th Cir. 2001) (affirming exclusion "as a sanction for failing to comply with Rule 412"), *amended*, 315 F.3d 1058 (9th Cir. 2003); *Sheffield v. Hilltop Sand & Gravel Co.*, 895 F. Supp. 105, 109 (E.D. Va. 1995) ("By ignoring the express requirements of Rule 412(c), the defendant frustrate[s] Rule 412's objectives and presumptively inflict[s] harm upon the plaintiff"). The missing purpose is especially consequential. Rule 412(c)(1)(A) requires more than identifying a document; it requires the proponent to state why the covered evidence should come in. That is necessary because Rule 412(b)(2) measures probative value for the asserted purpose. An exhibit list therefore cannot substitute for the required motion. Defendant has identified no proposition any one of these 105 exhibits supposedly proves, leaving the victims unable to address the asserted use and the Court without a theory of relevance against which to conduct Rule 412's mandatory heightened balancing.

There is also no apparent good cause for a late motion. Trial begins September 21, 2026, making the Rule 412 motion due September 4 because the fourteenth day

fell on Labor Day. Fed. R. Civ. P. 6(a)(1)(C), (a)(5), (a)(6)(A). The Advisory Committee identifies newly discovered evidence or a newly arising issue as circumstances that may justify a different filing time. Fed. R. Evid. 412 advisory committee's note to 1994 amendment. Here, before the deadline, Defendant had already reviewed and selected 105 challenged exhibits for trial. The evidence was not newly discovered, and no trial testimony created an unforeseen issue. Defendant simply did not comply with Rule 412.

## II. Rule 412 protects T.H., N.N., and D.B. even though they are not parties.

Rule 412 protects victims, not merely parties. The Rule defines "victim" to include an alleged victim, Fed. R. Evid. 412(d), and the Advisory Committee confirms that it applies "without regard to whether the alleged victim or person accused is a party to the litigation." Fed. R. Evid. 412 advisory committee's note to 1994 amendment. Its protections apply whether the evidence is offered substantively or for impeachment. *Id.*

Courts therefore apply Rule 412 to trafficking victim-witnesses. In *United States v. Cephus*, the Seventh Circuit affirmed the exclusion under Rule 412 of cross-examination of a testifying trafficking victim about her prior work as a prostitute, holding the evidence "irrelevant" to whether the defendant coerced her. 684 F.3d 703, 708 (7th Cir. 2012). The witness there was an adult and coercion was a contested element of the charge. Rule 412 protected her anyway. T.H., N.N., and D.B.

are victims within the Rule even though they are witnesses here. And because none has damages before this jury, their unrelated sexual and trafficking histories are even less likely to bear on any issue being tried.

## III. The proposed evidence also fails on the merits.

### A. These were children; voluntariness and prior sexual experience do not negate trafficking or trauma.

Section 1591(a) reaches a defendant who knows either that force, threats of force, fraud, or coercion will be used to cause a person to engage in a commercial sex act, or that the person has not attained the age of eighteen and will be caused to engage in a commercial sex act. 18 U.S.C. § 1591(a). Those are alternatives. When the victim is a minor, force, fraud, and coercion need not be proved. 18 U.S.C. § 1591(a); see also id. § 1591(c) (eliminating even a knowledge-of-age requirement where the defendant had a reasonable opportunity to observe the minor). J.R. was fifteen when she was trafficked at this Super 8. Any attempt to use other sexual behavior, commercial sex elsewhere, or supposed willingness to suggest that she was not trafficked or somehow consented to her trafficking asks the jury to decide an issue Congress removed from the case.

Binding Eleventh Circuit authority makes the point stronger. In *Davis v. DeKalb County School District*, the Eleventh Circuit went out of its way to condemn a district court's reliance on a minor sexual-abuse victim's sexual history, even though it ultimately found the error harmless. 233 F.3d 1367, 1375 n.13 (11th Cir. 2000).

The court said it "would be remiss to overlook the district court's error in commenting on one of the Plaintiff's sexual history," and concluded that the prejudice "substantially outweighed any probative value this evidence could possibly have had." *Id.* The error was "even more serious in this case because Plaintiff was a minor" who "could not consent . . . because she did not possess the legal capacity to consent." *Id.* If a court may not weigh that evidence on paper at summary judgment, a jury may not hear it at trial. The same concern is present here four times over: every victim was a child during the trafficking at issue.

Judge Geraghty applied that principle directly last year: because "J.G. is a minor who, under the TVPRA, could not consent to engage in commercial sex acts," any suggestion that she "contributed to her own sex trafficking" would "mislead the jury as to the elements of J.G.'s TVPRA claim." *J.G. v. Northbrook Indus., Inc.*, No. 1:20-cv-05233-SEG, ECF No. 204, at 47 (N.D. Ga. July 2, 2025). The Eleventh Circuit reached the same conclusion under Georgia's parallel trafficking statute, describing the notion that minor victims were "voluntarily being sex trafficked" as "dubious, if not a legal impossibility." *A.G. v. Northbrook Indus., Inc.*, 171 F.4th 1257, 1275 (11th Cir. 2026) (rejecting an assumption-of-risk defense (citing O.C.G.A. § 16-5-46(a)(8)(B))).

**B. *W.K.* and *J.G.* confirm that this trial is about this Super 8, not the victims' life histories.**

*W.K. v. Red Roof Inns, Inc.* involved eleven plaintiffs, nine of them adults. Force, fraud, coercion, and voluntariness were therefore contested factual issues in a way they are not here, and the proffered sexual-history evidence had genuine probative value on a live element. No. 1:20-cv-05263-VMC, ECF No. 539 (N.D. Ga. June 10, 2024), 2024 WL 5114059. The court excluded it anyway: "Defendants cannot affirmatively introduce evidence of Plaintiffs' other sexual acts to disprove the coercion element of the TVPRA claims. To allow otherwise would violate Rule 412." *Id.*, ECF No. 539, at 7. It also confined the inquiry to the defendant hotels: "The surrounding circumstances are the circumstances that existed at the time the Plaintiffs alleged they were trafficked at the Red Roof hotels, not the entire circumstances of Plaintiffs' lives." *Id.* at 6. And it held that an online commercial-sex advertisement could bear on hotel knowledge only if the defendants knew or should have known of it. *Id.* at 7. Thus, even where coercion mattered, *W.K.* kept the focus on the defendant hotels and what the defendants knew.

Judge Geraghty drew the same line in *J.G. v. Northbrook Industries, Inc.*, No. 1:20-cv-05233-SEG, ECF No. 204, at 45–48 (N.D. Ga. July 2, 2025). After the required Rule 412 proceedings, the Court allowed only a narrow category of other-hotel trafficking evidence tied to J.G.'s own causation and damages: the fact and dates of trafficking at two other hotels—which the parties there agreed were relevant

(not the case here)—and an estimate of the number of commercial-sex buyers, which the Court admitted after Rule 412(b)(2) balancing. *Id.* at 45–46, 48. It excluded the surrounding details, including how and why J.G. arrived at, stayed at, and left the other hotels; the identities of other traffickers and accomplices; and details of violence by third parties. *Id.* at 46–47. Those collateral details were irrelevant or unduly prejudicial and risked creating "a series of mini-trials about the culpability of actors that are not defendants in this matter." *Id.*

*J.G.* also rejected using collateral history to imply that a child participated voluntarily in her exploitation. Because "J.G. is a minor who, under the TVPRA, could not consent to engage in commercial sex acts," the Court held that suggesting she "contributed to her own sex trafficking by voluntarily moving between several hotels" would "mislead the jury as to the elements of J.G.'s TVPRA claim." *Id.* at 47. That reasoning is stronger here as to T.H., N.N., and D.B.: they were sixteen, seventeen, and sixteen; they are witnesses rather than plaintiffs; and their damages are not being tried. The narrow alternative-causation rationale that justified limited evidence in *J.G.* therefore does not exist as to them.

The governing liability inquiry confirms the same boundary. Section 1595 asks whether Defendant knowingly benefited from participation in a venture that violated the TVPRA and knew or should have known the venture was violating the statute. *Doe #1*, 21 F.4th at 726; *A.G.*, 171 F.4th at 1268–70. What happened at this

Super 8 during the trafficking period and what Defendant's employees saw may bear directly on that inquiry. The victims' unrelated sexual histories, prior victimization, relationships, and experiences elsewhere generally do not. Neither *W.K.* nor *J.G.* permits the trial to expand from Defendant's hotel and J.R.'s damages into the broader life histories of four child victims.

### C. Rule 412 cannot be evaded through after-the-fact impeachment.

Rule 412 applies whether covered evidence is offered substantively or for impeachment. Fed. R. Evid. 412 advisory committee's note to 1994 amendment. A generalized label such as "credibility," "impeachment," or "contradiction" therefore does not create admissibility. A party may not "bootstrap irrelevant evidence into the trial by using it to impeach the answers to irrelevant questions," *United States v. Hands*, 184 F.3d 1322, 1328 (11th Cir. 1999), and extrinsic evidence generally may not be used to contradict a witness on matters collateral to the issues being tried. *United States v. Diecidue*, 603 F.2d 535, 550 (5th Cir. 1979) (binding under *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc)). Defendant cannot reserve a collateral sexual-history theory for cross-examination that Rule 412 required it to identify by timely motion. Nor can Defendant manufacture an opening. A Rule 412 sanction is revisited only where the victim herself opens the door. *S.M.*, 262 F.3d at 919. J.R.'s account of what was done to her at this Super 8, and of the harm it caused, opens nothing. That precise argument was made and rejected in

*Sarras*, where the defendant claimed the victim's testimony that she was traumatized entitled him to cross-examine her about a later sexual relationship. 575 F.3d at 1213.

## IV. Rules 401, 403, 404, and 608 independently require exclusion.

Rule 412 is not the only obstacle. Evidence of other abuse, other trafficking, other commercial sex, relationships, arrests, family circumstances, or unrelated personal history must still bear on a fact of consequence. Fed. R. Evid. 401–402. Most of it does not touch Defendant's benefit, participation, knowledge, or conduct at the Super 8. Any marginal relevance is substantially outweighed by the risk of confusing the issues, unfair prejudice, and collateral mini-trials about other traffickers, other hotels, and other episodes—the precise danger *J.G.* identified. Fed. R. Evid. 403; *J.G.*, ECF No. 204, at 46–48.

Nor do Rules 404(a)(3) or 608 permit Defendant to convert sexual or trafficking history into character evidence or generalized credibility proof. And Rule 412(b)(2) imposes an even higher burden for covered evidence: Defendant must show that probative value substantially outweighs harm to the victim and unfair prejudice. Defendant filed no timely motion, stated no purpose, and made no item-specific showing as to any of the 105 challenged exhibits. It therefore has not carried that burden under any theory.

**REQUESTED RELIEF**

Plaintiff requests an order excluding the 105 challenged Rule 412 exhibits and precluding Defendant from mentioning, displaying, publishing, eliciting testimony about, questioning witnesses about, or arguing the covered material. The exclusion should apply to substantive evidence and impeachment, and to J.R., T.H., N.N., and D.B. Defendant selected these exhibits before the deadline, filed no Rule 412 motion, stated no purpose, and has shown no good cause.

This trial concerns Lincoln Bancorp's conduct at the Super 8 and J.R.'s resulting harm—not the sexual histories of four children.

Respectfully submitted on September 14, 2026.

ANDERSEN, TATE & CARR, P.C.

*/s/ Rory A. Weeks*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097

(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile
*Attorneys for Plaintiff*

**CERTIFICATE OF COMPLIANCE**

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Rory A. Weeks*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile
*Attorneys for Plaintiff*