UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| J.R.,<br><br>Plaintiff,<br><br>v.<br><br>LINCOLN BANCORP, LLC,<br><br>Defendant. | CIVIL ACTION FILE<br><br>NO. 1:25-cv-4629-JPB |

**PROPOSED JURY INSTRUCTIONS**

Pursuant to this Court's Instruction and Standing Order, Plaintiff J.R. and Defendant Lincoln Bancorp, LLC submit these Proposed Trial Jury Instructions to the Court. The Parties anticipate that the evidence, and this Court's rulings at trial, may impact these instructions. Both parties reserve the right to amend, add to, or alter these proposed instructions prior to the jury charge.

# TABLE OF CONTENTS

PROPOSED PRETRIAL INSTRUCTIONS ........................................................ 6

GENERAL PRELIMINARY INSTRUCTION ................................................ 6

The jury's duty: ........................................................................................ 6

What is evidence: ..................................................................................... 6

What is not evidence: ................................................................................ 7

Credibility of witnesses: ........................................................................... 8

Description of the case: ............................................................................ 9

Burden of proof: ........................................................................................ 9

Conduct of the jury: ................................................................................ 10

Taking notes: ........................................................................................... 12

Course of the trial: .................................................................................. 12

ANONYMITY .............................................................................................. 14

OFFICIAL ENGLISH TRANSLATION/INTERPRETATION ..................... 15

JURY QUESTIONS ...................................................................................... 16

INTERIM STATEMENTS ............................................................................ 18

USE OF DEPOSITIONS ............................................................................... 19

USE OF RECORDED CONVERSATIONS AND TRANSCRIPTS ................. 20

USE OF INTERROGATORIES ..................................................................... 21

INSTRUCTIONS ON NEWS COVERAGE ................................................... 22

IN-TRIAL INSTRUCTIONS (AS NEEDED) ....................................................23

STIPULATIONS ........................................................................................23

USE OF DEPOSITIONS .............................................................................24

USE OF RECORDED CONVERSATIONS AND TRANSCRIPTS ..................25

USE OF INTERROGATORIES ...................................................................26

INTERIM STATEMENTS ..........................................................................27

JUDICIAL NOTICE ...................................................................................28

PLAINTIFF'S INTRODUCTION ................................................................29

DEFENDANT'S INTRODUCTION .............................................................29

DUTY TO FOLLOW INSTRUCTIONS .......................................................31

CONSIDERATION OF EVIDENCE—DIRECT & CIRCUMSTANTIAL; ARGUMENT OF COUNSEL; COMMENTS BY THE COURT ...............32

CREDIBILITY OF WITNESSES ................................................................33

IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS ..........................................................................................34

IMPEACHMENT OF WITNESSES BECAUSE OF INCONSISTENT STATEMENTS OR FELONY CONVICTION ...........................................35

FAILURE TO PRODUCE EVIDENCE UNDER PARTY'S CONTROL ........36

EXPERT WITNESS ....................................................................................37

EXPERT WITNESS—WHEN EXPERT FEES REPRESENT A SIGNIFICANT PORTION OF THE WITNESS'S INCOME .....................38

RESPONSIBILITY FOR PROOF ...............................................................39

RESPONSIBILITY FOR PROOF—AFFIRMATIVE DEFENSE PREPONDERANCE OF THE EVIDENCE ....................................41

IGNORANCE OF THE LAW ....................................42

STATUTORY RAPE ....................................43

DEFENDANT'S INSTRUCTION: CAUSATION ....................................45

PLAINTIFF'S INSTRUCTION: ELEMENTS OF A CIVIL-BENEFICIARY TVPRA CLAIM ....................................46

DEFENDANT'S INSTRUCTION: ELEMENTS OF A CIVIL-BENEFICIARY TVPRA CLAIM ....................................47

PLAINTIFF'S INSTRUCTION: TVPRA; (1) KNOWINGLY BENEFITED DEFINED ....................................48

DEFENDANT'S INSTRUCTION: TVPRA; (1) KNOWINGLY BENEFITED DEFINED ....................................48

PLAINTIFF'S INSTRUCTION: TVPRA; (2) PARTICIPATION IN VENTURE, DEFINED ....................................49

DEFENDANT'S INSTRUCTION: TVPRA; (2) PARTICIPATION IN VENTURE, DEFINED ....................................50

PLAINTIFF'S INSTRUCTION: TVPRA; (3) VENTURE ENGAGED IN AN ACT IN VIOLATION OF THE TVPRA, ....................................51

DEFENDANT'S INSTRUCTION: TVPRA; (3) VENTURE ENGAGED IN AN ACT IN VIOLATION OF THE TVPRA, ....................................52

PLAINTIFF'S INSTRUCTION: TVPRA; (4) DEFENDANT'S KNOWLEDGE OF THE VENTURE'S ACT IN VIOLATION OF THE TVPRA ....................................54

DEFENDANT'S INSTRUCTION: TVPRA; (4) DEFENDANT'S KNOWLEDGE OF THE VENTURE'S ACT IN VIOLATION OF THE TVPRA ....................................55

PLAINTIFF'S INSTRUCTION: CAUSATION ....................................57

PLAINTIFF'S INSTRUCTION: TVPRA; DAMAGES ....................................58

DEFENDANT'S INSTRUCTION: DAMAGES ....................................59

DEFENDANT'S INSTRUCTION: DAMAGES ....................................60

DEFENDANT'S INSTRUCTION: ATTORNEYS' FEES UNDER THE TVPRA ....................................60

__. SIMILAR ACTS EVIDENCE ....................................61

__. SIMILAR ACTS EVIDENCE—KNOWLEDGE....................................62

__. VICARIOUS LIABILITY ....................................63

SCOPE OF EMPLOYMENT ....................................64

PLAINTIFF'S INSTRUCTION: IMPUTED KNOWLEDGE ....................................66

DEFENDANT'S INSTRUCTION: IMPUTED KNOWLEDGE....................................66

MINOR'S CONDUCT AND CAPACITY ....................................68

COMPARATIVE NEGLIGENCE / COMPARATIVE FAULT ....................................70

KNOWING AND VOLUNTARY ENCOUNTER WITH A KNOWN RISK / COMPARATIVE RESPONSIBILITY ....................................72

AVOIDABLE CONSEQUENCES/ FAILURE TO MITIGATE DAMAGES ....................................75

MITIGATION OF DAMAGES / AVOIDABLE CONSEQUENCES....................................78

DUTY TO DELIBERATE WHEN ONLY THE PLAINTIFF CLAIMS DAMAGES ....................................80

ELECTION OF FOREPERSON EXPLANATION OF VERDICT FORM: PHASE ONE....................................81

PLAINTIFF'S INSTRUCTION: PUNITIVE DAMAGES ................................82

DEFENDANT'S INSTRUCTION: PUNITIVE DAMAGES............................83

Punitive Damages; Introduction ....................................................................83

Punitive Damages; Amount; Generally...........................................................2

Punitive Damages; Measure...........................................................................2

Punitive Damages; Amount; Guidelines .........................................................2

# PROPOSED PRETRIAL INSTRUCTIONS

## GENERAL PRELIMINARY INSTRUCTION

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

**The jury's duty:**

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply—and you must follow the law even if you disagree with it.

**What is evidence:**

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence"—simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

**What is not evidence:**

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did—unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence—this is also called "striking" evidence—and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

**Credibility of witnesses:**

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's manner while testifying;
- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness's testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

**Description of the case:**

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions.

**Plaintiff's description:** Plaintiff J.R. alleges that when she was a child, she was sold for sex at the Super 8 hotel located at 4979 Old National Highway, College Park, Georgia 30349 (the hotel). At that time, the hotel was owned and operated by Defendant Lincoln Bancorp, LLC, which did business as Super 8. J.R. asserts claims under a federal law known as the Trafficking Victims Protection Reauthorization Act, which I will call the TVPRA. Super 8 denies these allegations.

**Defendant's description:** Plaintiff JR alleges that, while a minor, she was trafficked for sex at the Super 8 motel located at 4979 Old National Highway, College Park, Georgia 30349 (the "Super 8"), which, at the time, was owned and operated by Defendant Lincoln Bancorp, LLC. Plaintiff alleges that she was trafficked at the Super 8 on three different occasions – from January through March of 2020, from approximately April through May of 2020, and from June through July of 2021. JR asserts federal law claims under the Trafficking Victims Protection Reauthorization Act, which I will call the TVPRA. Defendant Lincoln Bancorp denies these allegations.

**Burden of proof:**

J.R. has the burden of proving her case by what the law calls a "preponderance of the evidence." That means J.R. must prove that, in light of all the evidence, what she claims is more likely true than not. So, if you could put the evidence favoring J.R. and the evidence

favoring Super 8[1] on opposite sides of balancing scales, J.R. needs to make the scales tip to her side. If J.R. fails to meet this burden, you must find in favor of Super 8.

To decide whether any fact has been proved by a preponderance of the evidence, you may—unless I instruct you otherwise—consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

[Optional: On certain issues, called "affirmative defenses," [name of defendant] has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts [name of defendant] must prove for any affirmative defense. After considering all the evidence, if you decide that [name of defendant] has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.]

**Conduct of the jury:**

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

---

[1] Defendant refers to itself in its proposed instructions as Lincoln Bancorp, LLC and refers to J.R. by her full name. Plaintiff, conversely, refers to Defendant as Super 8 and to herself by her initials.

Because Plaintiff's counsel assembled the proposed jury instructions, some charges may refer to Super 8 instead of Lincoln Bancorp, LLC—which were not received until late Monday. Obviously, the Court will decide how to refer to the parties in the charges.

But for the avoidance of doubt, no reference to Super 8 in these charges should be considered agreed to by Defendant.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything—all the evidence, the lawyers' closing arguments, and my instructions on the law—before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, phone calls, encrypted-communication applications, the Internet — including social-networking websites and apps, or any other similar technology, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in

any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair—no one else is so qualified.

**Taking notes:**

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

**Course of the trial:**

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, J.R. will present her witnesses and ask them questions. After J.R. questions the witness, Super 8 may ask the witness questions—this is called "cross-examining" the

witness. Then Super 8 will present its witnesses, and J.R. may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

[Note: Some judges may wish to give some instructions before closing arguments. See Fed. R. Civ. P. 51(b)(3).]

You'll then go to the jury room to deliberate.

AUTHORITY:

Jud. Council of the U.S. Eleventh Jud. Cir., Eleventh Circuit Pattern Jury Instructions, Civil Cases 1.1 (Dec. 2025 revision) [hereinafter 11th Cir. Civil Pattern Instruction].

**The parties generally agree to this instruction, except as noted in footnote 1. Plaintiff also disagrees that there is any need for a charge on affirmative defenses as Super 8 has failed to show that TVPRA beneficiary liability allows for them.**

ANONYMITY

In this case, the Plaintiff has been allowed to proceed using her initials, J.R. This has been done only for the purpose of protecting her privacy. The fact that the Plaintiff is identified using her initials is not evidence and should not be considered by you for any purpose.

There may be time during the trial when you may hear the Plaintiff's full name. you must not discuss the Plaintiff's identity or full name with anyone, other than your fellow jurors during deliberations, even after this trial has ended.

AUTHORITY:

California Jury Instructions Criminal 1.12 (modified); *United States v. Raniere*, No. 20-3520, 2022 WL 17544087, at *7 & n.5 (2d Cir. Dec. 9, 2022) ("As for [the defendant's] contention that the withholding of the witnesses' last names bolstered their credibility by effectively endorsing their status as victims, the District Court correctly addressed this concern with an appropriate jury instruction. During trial, the District Court instructed the jury that it should 'not make any inferences as to the defendant's guilt or non-guilt from the fact that certain last names are being withheld from [the jury] and the public.'" (second alteration in original) (citation modified)).

**Defendant objects, as Defendant's position is that Plaintiff should use her true identity at trial to avoid prejudice to Defendant.**

OFFICIAL ENGLISH TRANSLATION/INTERPRETATION

You may hear or see languages other than English during this trial. You must consider evidence provided through only the official court translators. It is important that all jurors consider the same evidence. So even if some of you know Vietnamese, you must accept the English translation provided and disregard any different meaning.

AUTHORITY:

11th Cir. Civil Pattern Instruction 1.3.

**The parties agree to this instruction to the extent it is relevant.**

## JURY QUESTIONS

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff. You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses. If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.
- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.
- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness.

You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

AUTHORITY:

11th Cir. Civil Pattern Instruction 1.4.

**Plaintiff objects to this instruction as unnecessary and potentially troublesome.**

INTERIM STATEMENTS

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

AUTHORITY:

11th Cir. Civil Pattern Instruction 1.5.

**Plaintiff is unsure if Defendant objects to this instruction.**

USE OF DEPOSITIONS

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

AUTHORITY:

11th Cir. Civil Pattern Instruction 2.2.

**The parties agree to this instruction.**

USE OF RECORDED CONVERSATIONS AND TRANSCRIPTS

Now you're going to hear [a] recorded conversation[s]. This is proper evidence for you to consider. Please listen to it very carefully. I'm going to allow you to have a transcript of the recording [prepared by name of preparer] to help you identify speakers and guide you through the recording. But remember that it is the recording that is evidence—not the transcript. If you believe at any point that the transcript says something different from what you hear on the recording, disregard that portion of the transcript and rely instead on what you hear.

AUTHORITY:

11th Cir. Civil Pattern Instruction 2.3.

**The parties agree to this instruction.**

USE OF INTERROGATORIES

You'll now hear answers that that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

AUTHORITY:

11th Cir. Civil Pattern Instruction 2.6.

**Plaintiff is unsure if Defendant objects to this instruction.**

INSTRUCTIONS ON NEWS COVERAGE

Reports about this trial [<u>or about sex trafficking generally</u>[2]] may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

AUTHORITY:

11th Cir. Civil Pattern Instruction 2.7 (modified).

**Plaintiff is unsure if Defendant objects to this instruction.**

[2] Modifications to pattern instructions that add text are noted by underlining and bracketing; modifications that remove text are noted by strikethrough. Where a modification exists, the authority cited will reflect that fact. As used here, the inclusion or exclusion of specific bracketed content is not treated as a "modification."

## IN-TRIAL INSTRUCTIONS (AS NEEDED)

STIPULATIONS

Sometimes the parties agree that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

**[omitted for now]**

AUTHORITY:

11th Cir. Civil Pattern Instruction 2.1.

USE OF DEPOSITIONS

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], [is about to be/has been] presented to you [by a video/by reading the transcript]. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

AUTHORITY:

11th Cir. Civil Pattern Instruction 2.2.

**The parties agree to this instruction.**

USE OF RECORDED CONVERSATIONS AND TRANSCRIPTS

Now you're going to hear [a] recorded conversation[s]. This is proper evidence for you to consider. Please listen to it very carefully. I'm going to allow you to have a transcript of the recording [prepared by name of preparer] to help you identify speakers and guide you through the recording. But remember that it is the recording that is evidence—not the transcript. If you believe at any point that the transcript says something different from what you hear on the recording, disregard that portion of the transcript and rely instead on what you hear.

AUTHORITY:

11th Cir. Civil Pattern Instruction 2.3.

**The parties agree to this instruction.**

USE OF INTERROGATORIES

You'll now hear answers that that [name of party] gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, [name of party] gave the answers in writing while under oath.

You must consider [name of party]'s answers to as though [name of party] gave the answers on the witness stand.

AUTHORITY:

11th Cir. Civil Pattern Instruction 2.6.

**Plaintiff is unsure if Defendant objects to this instruction.**

INTERIM STATEMENTS

At the beginning of the trial, I told you that the lawyers might make short statements previewing upcoming evidence or summarizing and highlighting evidence that they have already presented before. Right now, [Mr./Ms.] [name of attorney] is going to make a short statement. Please remember that the statement you are about to hear—like all statements by the lawyers—is [Mr./Ms.] [name of attorney]'s view of the evidence or of what [he/she] anticipates the evidence will be but isn't itself evidence.

AUTHORITY:

11th Cir. Civil Pattern Instruction 2.4.

**Plaintiff is unsure if Defendant objects to this instruction.**

# JUDICIAL NOTICE

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted [state the fact that the court has judicially noticed] as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

AUTHORITY:

11th Cir. Civil Pattern Instruction 2.5.

**Plaintiff is unsure if Defendant objects to this instruction.**

## POSTTRIAL INSTRUCTIONS

PLAINTIFF'S INTRODUCTION

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

AUTHORITY:

11th Cir. Civil Pattern Instruction 3.1.

DEFENDANT'S INTRODUCTION

Members of the jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case. When I have finished, you will go to the jury room and begin your deliberations. Your decision must be based only on the evidence presented here.

You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it is important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair — no one else is so qualified.

**Plaintiff objects to Defendant's introduction and asks that the Court use the proposed instruction from the Eleventh Circuit.**

DUTY TO FOLLOW INSTRUCTIONS

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

AUTHORITY:

11th Cir. Civil Pattern Instruction 3.2.2.

**The parties agree to this instruction.**

CONSIDERATION OF EVIDENCE—DIRECT & CIRCUMSTANTIAL; ARGUMENT OF COUNSEL; COMMENTS BY THE COURT

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

AUTHORITY:

11th Cir. Civil Pattern Instruction 3.3.

**The parties agree to this instruction.**

## CREDIBILITY OF WITNESSES

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?
2. Did the witness have any particular reason not to tell the truth?
3. Did the witness have a personal interest in the outcome of the case?
4. Did the witness seem to have a good memory?
5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
6. Did the witness appear to understand the questions clearly and answer them directly?
7. Did the witness's testimony differ from other testimony or other evidence?

AUTHORITY:

11th Cir. Civil Pattern Instruction 3.4.

**The parties agree to this instruction.**

IMPEACHMENT OF WITNESSES
BECAUSE OF INCONSISTENT STATEMENTS

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

AUTHORITY:

11th Cir. Civil Pattern Instruction 3.5.1.

**The parties agree to this instruction.**

IMPEACHMENT OF WITNESSES BECAUSE
OF INCONSISTENT STATEMENTS OR FELONY CONVICTION

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

AUTHORITY:

11th Cir. Civil Pattern Jury Instruction 3.5.2.

**The parties agree to this instruction.**

FAILURE TO PRODUCE EVIDENCE UNDER PARTY'S CONTROL

If a party fails to produce evidence under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

AUTHORITY:

3 Kevin F. O'Malley, Jay E. Grenig, & William C. Lee, *Federal Jury Practice and Instructions* § 104:26 (7th ed.).

**Plaintiff objects to this instruction as unnecessary and unsupported by the facts.**

EXPERT WITNESS

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn’t mean you must accept the witness’s opinion. As with any other witness’s testimony, you must decide for yourself whether to rely upon the opinion.

AUTHORITY:

11th Cir. Civil Pattern Jury Instruction 3.6.1.

**The parties agree to this instruction.**

EXPERT WITNESS—WHEN EXPERT FEES REPRESENT A SIGNIFICANT PORTION OF THE WITNESS'S INCOME

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

AUTHORITY:

11th Cir. Civil Pattern Jury Instruction 3.6.2.

**The parties agree to this instruction.**

RESPONSIBILITY FOR PROOF

In this case it is the responsibility of the Plaintiff to prove every essential part of the claims by a “preponderance of the evidence.” This is sometimes called the “burden of proof” or the “burden of persuasion.”

A “preponderance of the evidence” simply means an amount of evidence that is enough to persuade you that the Plaintiff’s claims are more likely true than not true.

If the proof fails to establish any essential part of a claim by a preponderance of the evidence, you should find against the Plaintiff.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff’s claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

AUTHORITY:

11th Cir. Civil Pattern Instruction 3.7.1.

**Defendant proposes this for the first paragraph:** The case before you is an action brought under the following causes of action: a federal law claim pursuant to TVPRA by JR against Lincoln Bancorp, LLC. In this case, it is the responsibility of JR to prove every essential part of the claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

**Plaintiff objects that the edits are unnecessary.**

RESPONSIBILITY FOR PROOF—AFFIRMATIVE DEFENSE
PREPONDERANCE OF THE EVIDENCE

In this case, Defendant Lincoln Bancorp, LLC asserts the affirmative defenses of comparitive negligence, assumption of risk, mitigation of damages and avoidance of consequences. Even if JR proves her claims by a preponderance of the evidence, the Defendant Lincoln Bancorp, LLC can prevail in this case if it proves an affirmative defense by a preponderance of the evidence. I caution you that Defendant Lincoln Bancorp, LLC does not have to disprove the JR's claims, but if the Lincoln Bancorp, LLC raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

AUTHORITY:

11th Cir. Civil Pattern Instruction 3.7.2.

**Plaintiff objects to this instruction because it is unsupported by the law. TVPRA beneficiary liability does not allow the affirmative defenses that Defendant claims. Defendant has not established that it has a right to assert such defenses, nor can it do so.**

IGNORANCE OF THE LAW

In this country, everyone is presumed to know the law, and ignorance of the law is not a defense to the commission of a crime or civil liability.

AUTHORITY:

*United States v. Cheek*, 498 U.S. 192, 199 (1991) ("The general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system."); *Barlow v. United States*, 32 U.S. 404, 411 (1833) (Story, J.) ("It is a common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally; and it results from the extreme difficulty of ascertaining what is, bona fide, the interpretation of the party; and the extreme danger of allowing such excuses to be set up for illegal acts, to the detriment of the public."); *United States v. Dean*, 487 F.3d 840, 850 (11th Cir. 2007) ("As a general rule, ignorance of the law or a mistake of law is no defense to criminal prosecution in the United States. However, the Supreme Court has noted that there is a 'good faith' exception under the federal criminal tax statutes." (citation modified)).

**Defendant objects, as this is more suited to a criminal trial, not civil.**

STATUTORY RAPE

Under Georgia law, a person commits statutory rape by having sexual intercourse with a child under 16 years of age who is not that person's spouse.

"Sexual intercourse" requires penetration of the female sex organ by the male sex organ. Any penetration, however slight, is enough.

In Georgia, a child under 16 years of age cannot legally consent to sexual intercourse. Whether the child actually agreed or appeared to agree to sexual intercourse is irrelevant to whether statutory rape occurred. Whether the person engaging in sexual intercourse knew that the child was under 16 years of age is also irrelevant to whether statutory rape occurred.

AUTHORITY:

O.C.G.A. § 16-6-3(a); *Watson v. Georgia*, 777 S.E.2d 677, 720 (Ga. 2015) ("[U]nder current law, a victim under the age of 16 cannot legally consent to sexual intercourse, sexual acts, or other sexual contact, and proof that a victim was younger than age 16 at the time of an alleged offense involving sexual contact—absent any specific statutory language to the contrary—will constitute conclusive proof of the lack-of-consent element of such offense."); *West v. Georgia*, 808 S.E.2d 914, 916 (Ga. Ct. App. 2017) ("And, with regard to statutory rape, the defendant's knowledge of the age of the female is not an essential element of the crime, and therefore it is no defense that the accused reasonably believed that the prosecutrix was of the age of consent." (citation modified)); Council of Super. Ct.

Judges of Ga., Suggested Pattern Jury Instructions: Criminal Cases § 2.36.10 (4th ed. 2024).

**Defendant objects as this is not an issue in this case as it pertains to the liability of the Defendant and could cause confusion.**

DEFENDANT'S INSTRUCTION: CAUSATION

Under traditional tort principles, causation has two required elements: cause-in-fact and legal, or "proximate." cause. A plaintiff must first show that defendant's conduct was a cause-in-fact of the injury and harm claimed. To establish cause-in-fact, the plaintiff must show that except for the defendant's conduct, such injury or harm would not have occurred. Thus, if you find that any injury or harm suffered by Plaintiff would have occurred even without Defendant Lincoln Bancorp's conduct, then Plaintiff is not entitled to recover from Defendant Lincoln Bancorp for such injury or harm.

Secondly, a plaintiff must show that the defendant's conduct was the legal or proximate cause of the injuries and harm claimed. An act or omission is a legal or proximate cause of a plaintiff's injuries or harm if it appears from the evidence that the injury or harm was a reasonably foreseeable consequence of the act or omission.

AUTHORITY**:**

*Jackson v. Sauls*, 206 F.3d 1156, 1168 n.16 (11th Cir. 2000) (citing W. Page Keeton, et al., *Prosser and Keeton on the Law of Torts,* §§ 41–42, at 263–80 (5th ed. 1984).

**Plaintiff objects to this instruction as an improper statement of the law. Causation for TVPRA beneficiary claims does not work this way. Defendant's citation of a sole case about a totally different federal claim does not show otherwise.**

**Plaintiff's proposed instruction on causation is below.**

## TVPRA BENEFICIARY LIABILITY

PLAINTIFF'S INSTRUCTION: ELEMENTS OF A CIVIL-BENEFICIARY TVPRA CLAIM

The Trafficking Victims Protection Reauthorization Act, which I will call the TVPRA, gives sex-trafficking victims the right to bring a civil action and to recover damages. For the Plaintiff to recover from the Defendant under the TVPRA, the Plaintiff must prove that the Defendant

(1) knowingly benefited,

(2) from participation in a venture,

(3) that venture engaged in an act in violation of the TVPRA, and

(4) the Defendant knew or should have known that the venture engaged in an act in violation of the TVPRA.

If you find that the Plaintiff has proven these elements, then you should find for the Plaintiff. If not, then you should find for the Defendant.

I will now instruct you on the meaning of each of element.

AUTHORITY:

18 U.S.C. § 1595(a); *A.G. v. Northbrook Indus., Inc.*, 171 F.4th 1257, 1268 (11th Cir. 2026); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 719 (11th Cir. 2021); Jury Instructions at 7, *J.G. v. Northbrook Indus., Inc.*, No. 1:20-cv-5233 (N.D. Ga. July 11, 2025) (Geraghty, J.), ECF No. 231.

**Defendant objects as these instructions do not account for the requirement that the venture engaged in the trafficking of the actual Plaintiff.**

## DEFENDANT'S INSTRUCTION: ELEMENTS OF A CIVIL-BENEFICIARY TVPRA CLAIM

TVPRA gives sex trafficking victims the right to bring a civil action and to recover damages from any business that:

1. Knowingly benefited,
2. From taking part in a common undertaking or enterprise involving risk and potential profit,
3. Which that business knew or should have known,
4. Engaged in an act in violation of the TVPRA as to the Plaintiff.

If you find that Plaintiff has proven these elements, then you should find for the Plaintiff. If not, then you should find for the Defendant. I will now explain these four elements to you.

**AUTHORITY:** 18 U.S.C. § 1595(a).

**Plaintiff objects to this instruction as an inaccurate statement of law. See Plaintiff's proposed instruction.**

PLAINTIFF'S INSTRUCTION: TVPRA;
(1) KNOWINGLY BENEFITED DEFINED

The first element, "knowingly benefited," means the Defendant voluntarily and intentionally benefited financially or received anything of value.

AUTHORITY:

18 U.S.C. § 1595(a); *United States v. Woodruff*, 296 F.3d 1041, 1047 (11th Cir. 2002); Jud. Council of the U.S. Eleventh Jud. Cir., Eleventh Circuit Pattern Jury Instructions, Criminal Cases B9.1A (July 2026 revision) [hereinafter 11th Cir. Criminal Pattern Instruction].

**Plaintiff is unsure if Defendant objected to this instruction.**

DEFENDANT'S INSTRUCTION: TVPRA;
(1) KNOWINGLY BENEFITED DEFINED

Regarding the first element, "knowingly benefited," knowledge is an awareness or understanding of a fact or circumstance; a state of mind in which a person has no substantial doubt about the existence of a fact.

Under the TVPRA, a defendant may benefit financially or by receiving anything of value.

**AUTHORITY:** 18 U.S.C. § 1595(a); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021).

**Plaintiff objects to this instruction because it relies on dicta from *Red Roof* and is an incorrect statement of law.**

PLAINTIFF'S INSTRUCTION: TVPRA;
(2) PARTICIPATION IN VENTURE, DEFINED

The second element, "participation in a venture" means that the Defendant took part in a common undertaking or enterprise involving risk and potential profit with one or more of the Plaintiff's traffickers.

For the Defendant to share risks and potential profits with the Plaintiff's traffickers, the Defendant must do "something more" than merely rent hotel rooms to the Plaintiffs' traffickers with actual or constructive knowledge that they will use those rooms to sex traffic the Plaintiff.

One way for the Defendant to do "something more" is by giving the Plaintiff's traffickers "personalized support."

Another way for the Defendant to do "something more" is by applying the Defendant's policies, practices, or services to the Plaintiff's trafficker in a way that supports, cooperates with, or enables the Plaintiff's trafficker's operation.

Whether the Defendant "participated in a venture" with the Plaintiff's traffickers is a fact-specific inquiry that you must decide based on all the evidence.

AUTHORITY:

*A.G. v. Northbrook Indus., Inc.*, 171 F.4th 1257, 1268–73 (11th Cir. 2026).

**Defendant objects to the two examples given in the third and fourth paragraphs, as these are not exhaustive or the only way participation can be found and**

**more importantly these examples may not be applicable in every case, including this case.**

DEFENDANT'S INSTRUCTION: TVPRA;
(2) PARTICIPATION IN VENTURE, DEFINED

The second element is "participation in a venture," which means taking part in a common undertaking or enterprise involving risk and potential profit.

In assessing whether Plaintiff has satisfied the second element, you are instructed that merely observing something is not the same as participating in it.

Moreover, benefitting financially from renting hotel rooms to a trafficker, standing alone, does not constitute participation in a venture for purposes of liability under the TVPRA.

**AUTHORITY:** 18 U.S.C. § 1595(a); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 724–27 (11th Cir. 2021).

**Plaintiff objects to Defendant's instruction because it is an incorrect statement of the law after *A.G. v. Northbrook Indus., Inc.*, 171 F.4th 1257 (11th Cir. 2026)**.

PLAINTIFF'S INSTRUCTION: TVPRA;
(3) VENTURE ENGAGED IN AN ACT IN VIOLATION OF THE TVPRA,

The third element requires that the venture in which the Defendant participates do an act in violation of the TVPRA.

A venture can do an act in violation of the TVPRA in several ways.

A venture does an act in violation of the TVPRA when it recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person who has not attained the age of 18 years and who will be caused to engage in a commercial sex act. "Commercial sex act" means any sex act on account of which anything of value is given to or received by any person.

A venture does an act in violation of the TVPRA when it attempts to recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, or solicit by any means a person who has not attained the age of 18 years and who will be caused to engage in a commercial sex act.

A venture does an act in violation of the TVPRA when it conspires with another to recruit, entice, harbor, transport, provide, obtain, advertise, maintain, patronize, or solicit by any means a person who has not attained the age of 18 years and who will be caused to engage in a commercial sex act.

To prove the third element, the Plaintiff has to prove that the undertaking or enterprise in which the Defendant took part did at least one act in violation of the TVPRA. Proof of more than one act is not required.

AUTHORITY:

18 U.S.C. §§ 1591(a), 1594(a), 1594(c), 1595(a).

**Defendant objects to the fourth and fifth paragraphs, as the Fourth Paragraph is repetitive of the Third Paragraph and both the Fourth and Fifth Paragraphs are confusing and unclear as written. For example, as written it is unclear what "provide" means in this context.**

DEFENDANT'S INSTRUCTION: TVPRA;
(3) VENTURE ENGAGED IN AN ACT IN VIOLATION OF THE TVPRA,

I will now discuss the fourth element, that the undertaking or enterprise involving risk and potential profit engaged in an act in violation of the TVPRA as to the Plaintiff.

Under federal law, sex trafficking occurs if a person recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person:

- Knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion, or any combination of such means will be used to cause the person to engage in a commercial sex act; **or**
- Under the age of 18, knowing or in reckless disregard of the fact that the person is under the age of 18 and will be caused to engage in a commercial sex act.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

**AUTHORITY:** 18 U.S.C. § 1591(a); 18 U.S.C. § 1595(a); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021).

**Plaintiff objects to Defendant's instruction because it is an incorrect statement of the law after *A.G. v. Northbrook Indus., Inc.*, 171 F.4th 1257 (11th Cir. 2026)**.

PLAINTIFF'S INSTRUCTION: TVPRA;
(4) DEFENDANT'S KNOWLEDGE OF THE VENTURE'S
ACT IN VIOLATION OF THE TVPRA

The fourth element requires that the Defendant knew or should have known that the venture in which it participated did at least one act in violation of the TVPRA. I will explain the meaning of the terms "knew" and "should have known."

"Knew" means an awareness or understanding of a fact or circumstance.

"Should have known" means the knowledge that one using reasonable care or diligence should have.

If the Defendant has information that would normally lead a reasonably careful person to make inquiry through which such a person would surely learn certain facts, then the Defendant may be found to have actual knowledge of those facts as though he had made such inquiry and had actually learned those facts.

Constructive knowledge may also be shown by proof of deliberate ignorance. If a party has suspicions aroused but then deliberately refuses to make further inquiries, because the party wishes to remain in ignorance, the party is deemed to have knowledge.

Actual knowledge or constructive knowledge, including deliberate ignorance, may be proved by direct evidence and by circumstantial evidence, based on the totality of circumstances.

AUTHORITY:

*A.G. v. Northbrook Indus., Inc.*, 171 F.4th 1257, 1273 (11th Cir. 2026); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 725 (11th Cir. 2021); *Hecht v. R.J. Reynolds Tobacco*

*Co.*, 710 F. App'x. 794, 799–800 (11th Cir. 2017); *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000); *United States v. Perez*, 698 F.2d 1168, 1171 (11th Cir. 1983); *United States v. Garcia-Bercovich*, 582 F.3d 1234, 1237–38 (11th Cir. 2009) ("A deliberate ignorance instruction is appropriate when the facts support the inference that the defendant was aware of a high probability of the existence of the fact in question and purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution." (quoting *United States v. Perez-Tosta*, 36 F.3d 1552, 1564 (11th Cir. 1994)).

**Defendant objects as this instruction does not specify that the TVPRA violation is with regard to the Plaintiff.**

DEFENDANT'S INSTRUCTION: TVPRA;
(4) DEFENDANT'S KNOWLEDGE OF THE VENTURE'S
ACT IN VIOLATION OF THE TVPRA

Regarding the third and fourth elements — that Defendant knew or should have known that the common undertaking or enterprise engaged in an act in violation of the TVPRA as to the Plaintiff — I will explain the meaning of the terms "knew" or "should have known."

"Knew" means an awareness or understanding of a fact or circumstance.

"Should have known" means that knowledge which one using reasonable care or diligence should have.

**AUTHORITY:** 18 U.S.C. § 1595(a).

**Plaintiff objects to this instruction as an incorrect statement of law after *A.G. v. Northbrook Indus., Inc.*, 171 F.4th 1257 (11th Cir. 2026).**

PLAINTIFF'S INSTRUCTION: CAUSATION

J.R. must prove that the violation of the TVPRA by the venture in which Super 8 participated was a factual and proximate cause of the harm for which she seeks damages. A violation is a factual cause if the harm would not have occurred without it. A violation is a proximate cause if the harm bears a sufficiently close and direct relationship to the violation and is not too remote.

Super 8's liability does not depend on proof that Super 8's own conduct, standing alone, was a factual cause of J.R.'s harm. Rather, Super 8 is liable if the venture's violation caused J.R.'s harm and Super 8 satisfied the statutory requirements for beneficiary liability. The venture's violation of the TVPRA does not have to be the only cause of J.R.'s harm.

AUTHORITY:

*See* 18 U.S.C. § 1595(a); *Doe 1 v. Apple Inc.*, 96 F.4th 403, 410–12 (D.C. Cir. 2024); *Twitter, Inc. v. Taamneh*, 598 U.S. 471, 486, 493–97 (2023); *Staub v. Proctor Hosp.*, 562 U.S. 411, 417 (2011); *Comcast Corp. v. NAAAOM*, 589 U.S. 327, 332–33 (2020); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 132–34 (2014).

**Defendant objects to this instruction and has proposed its own above.**

PLAINTIFF'S INSTRUCTION: TVPRA; DAMAGES

If you find that Defendant violated the TVPRA, then you must determine an amount that will reasonably and fairly compensate Plaintiff for her damages. You may award compensatory damages only for injuries that Plaintiff proves were caused by Defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation—no more and no less.

You may award damages for any pain, suffering or mental anguish that Plaintiff experienced or will experience in the future as a consequence of Defendant's violation of the TVPRA. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

AUTHORITY:

3C Kevin F. O'Malley et al., Federal Jury Practice and Instructions § 177:70 (6th ed.); 18 U.S.C. § 1595(a).

**Defendant objects and proposes three instructions on damages.**

DEFENDANT'S INSTRUCTION: DAMAGES

If you find that Defendant violated the TVPRA and the Plaintiff suffered injuries as a result, then you must determine an amount that will reasonably and fairly compensate Plaintiff for the claimed damages. You may award compensatory damages only for injuries that Plaintiff proves were caused by Defendant's wrongful conduct. The damages that you award must be fair compensation — no more and no less.

You may award damages for any pain, suffering, or mental anguish that Plaintiff experienced or will experience in the future as a consequence of Defendant's liability. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence.

You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that Plaintiff prove the amount of losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

**AUTHORITY:** 18 U.S.C. § 1595(a) (authorizing "damages and reasonable attorneys fees"); 11th Cir. Civil Pattern Instruction 4.1 (modified).

DEFENDANT'S INSTRUCTION: DAMAGES

Tort law requires an aggrieved plaintiff to prove her damages with a reasonable degree of certainty. Damages may not be determined by mere speculation or guess.

**AUTHORITY:** *Guyana Tel. & Tel. Co. v. Melbourne Int'l Commc'ns, Ltd.*, 329 F.3d 1241, 1248 (11th Cir. 2003); *Maiz v. Virani*, 253 F.3d 641, 664 (11th Cir. 2001).

DEFENDANT'S INSTRUCTION:
ATTORNEYS' FEES UNDER THE TVPRA

If you find in favor of Plaintiff on her claim under the TVPRA, Plaintiff may also be entitled to recover reasonable attorneys' fees. The amount of any attorneys' fees will be determined separately by the Court.

You should not include any amount for attorneys' fees in your award of damages or otherwise increase or decrease your damages award based upon attorneys' fees.

**AUTHORITY:** 18 U.S.C. § 1595(a).

**Plaintiff objects to Defendant's instructions as damages as duplicative, unnecessary, and as incomplete statements of the law.**

__. SIMILAR ACTS EVIDENCE

During the trial, you heard evidence of acts allegedly committed at other times by the Defendant or by others on the Defendant's property that may be similar to acts Plaintiff presented during her case-in-chief. You must not consider this evidence to decide if the Defendant engaged in the activity presented during Plaintiff's case-in-chief. But you may consider this evidence to decide whether:

- There was opportunity for the acts alleged presented during Plaintiff's case-in-chief to be committed on Defendant's property; or
- Plaintiff's alleged trafficking at Defendant's property was an accident or mistake.

AUTHORITY:

*See* Jud. Council of the U.S. Eleventh Jud. Cir., Eleventh Circuit Pattern Jury Instructions, Criminal Cases S4.1 (July 2026 revision) (modified) [hereinafter 11th Cir. Crim. Pattern Instruction].

**Defendant objects as the other acts evidence should not be admitted and this charge raises concepts that are not at issue in this case.**

__. SIMILAR ACTS EVIDENCE—KNOWLEDGE

During the trial, you heard evidence of acts allegedly carried out on the Defendant's property that may be similar to acts presented during Plaintiff's case-in-chief, but that were committed at other times. If you find that the Defendant knew of these allegedly similar acts, you may use this evidence to help you decide whether the similarity between those acts and the ones alleged in this case suggest that the Defendant should have known of the acts carried out in this case on its property.

The Defendant is currently on trial only for the claims raised by Plaintiff's case-in-chief. You may not find for the Plaintiff simply because you believe that similar acts to those presented in Plaintiff's case-in-chief may have been committed in the past at the Defendant's property.

AUTHORITY:

*See* 11th. Cir. Crim. Instruction S4.2 (modified); *Treminio v. Crowley Maritime Corp.*, No. 3:22-cv-174, 2024 WL 382400, *7 (M.D. Fla. Feb. 1, 2024) (denying defendant's motion in limine in TVPRA case, because evidence was sufficient to submit for jury determination of whether defendant had *modus operandi); Ardolf v. Weber,* 332 F.R.D. 467, 475 (S.D.N.Y. 2019) (ruling that establishing the defendant's *modus operandi* was a permitted method to demonstrate knowledge under the TVPRA).

**Defendant objects as similar acts should not be admissible at this trial and this charge addresses matters not at issue in this case.**

__. VICARIOUS LIABILITY

An employer is liable for the torts committed by employees while acting in the scope of their employment.

AUTHORITY:

Restatement (Third) of Agency §§ 2.04, 707(1) (A.L.I. 2006); *A.G. v. Northbrook Indus., Inc.*, 171 F.4th 1257, 1274 (11th Cir. 2026) (holding that general common law, rather than Georgia agency law, applies to TVPRA claims and using Restatement (Third) of Agency to determine when knowledge is imputed to employer under common law); *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1168 (11th Cir. 2021) ("When Congress has not spoken on a maritime matter, we rely on common law principles. . . . Common law . . . recognizes vicarious liability and allows an employer to be held liable for its employee's torts if committed during the scope of the employment. (citing Restatement (Third) Of Agency § 7.07 (A.L.I. 2006))); *Meyer v. Holley*, 537 U.S. 280, 285–91 (2003) (holding that under general common law of agency vicarious liability was available in federal tort action under Fair Housing Act).

**Plaintiff is unsure if Defendant objects to this instruction.**

SCOPE OF EMPLOYMENT

An employee acts within the scope of employment when the employee is performing work assigned by the employer or engaging in a course of conduct subject to the employer's control.

An employee does not act within the scope of employment when the employee departs into an independent course of conduct that is not intended to serve any purpose of the employer.

Conduct is not necessarily outside the scope of employment merely because it is wrongful, unauthorized, prohibited by the employer, contrary to the employer's instructions or policies, or also motivated by the employee's personal interests.

An employee may act within the scope of employment even when the employee has a personal motive, so long as the employee is performing assigned work or engaging in a course of conduct subject to the employer's control and intends, at least in part, to serve a purpose of the employer.

In deciding whether an employee acted within the scope of employment, you should consider the nature of the work assigned to the employee, the relationship between the employee's conduct and that work, the employer's control over the employee's work, and whether the employee's conduct was intended, at least in part, to serve a purpose of the employer.

AUTHORITY:

Restatement (Third) of Agency § 7.07(2) & cmts. b–c (A.L.I. 2006).

**Defendant objects to the portion of this charge that states "at least in part" in Paragraphs 4 and 5. This instruction is not complete as written.**

PLAINTIFF'S INSTRUCTION: IMPUTED KNOWLEDGE

Notice of a fact that an employee knows or has reason to know is imputed to the employer if knowledge of the fact is material to the employee's duties to the employer, unless the employee learns the fact while acting adversely to the employer, meaning acting solely for the employee's own purpose of those of another person.

Even when an employee acts adversely to an employer's interests, knowledge may still be imputed when the employer has ratified or knowingly retained a benefit from the employee's action.

AUTHORITY:

Restatement (Third) of Agency §§ 5.03, 5.04 (A.L.I. 2006); *A.G. v. Northbrook Indus., Inc.*, 171 F.4th 1257, 1274 (11th Cir. 2026) ("Under common law, employees are agents whose performance is controlled by a principal, and an agent's knowledge is imputed to a principal if said knowledge 'is material to the agent's duties to the principal.'" (quoting Restatement (Third) of Agency §§ 7.07(3)(a), 5.03)).

**Defendant objects, as this is not a complete instruction on what it means to ratify something.**

DEFENDANT'S INSTRUCTION: IMPUTED KNOWLEDGE

A corporation or limited liability company can act and acquire knowledge only through its agents and employees.

In determining whether Lincoln Bancorp, LLC knew or should have known that a venture in which it participated had engaged in an act in violation of the TVPRA, you may consider knowledge possessed by an employee or agent of Lincoln Bancorp.

An employee's knowledge may be attributed to Lincoln Bancorp only if you find that the employee was acting as Lincoln Bancorp's agent and that the knowledge at issue was material to that employee's duties to Lincoln Bancorp.

The mere fact that an employee observed or possessed information does not necessarily mean that Lincoln Bancorp possessed that knowledge. You must determine whether the employee was acting as Lincoln Bancorp's agent and whether the information was material to the duties the employee performed for Lincoln Bancorp.

For purposes of Section 1595, constructive knowledge means knowledge that a person using reasonable care or diligence should have had.

AUTHORITY:

*C.B. v. Naseeb Investments, Inc.*, Nos. 24-13294, 25-10816 & 25-10829, slip op. at 30–31 (11th Cir. Mar. 30, 2026); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 725–26 (11th Cir. 2021); Restatement (Third) of Agency §§ 5.03, 7.07(3)(a).

**Plaintiff objects to this instruction as duplicative, unnecessary, and as an incorrect statement of law.**

**DEFENDANT'S AFFIRMATIVE DEFENSES**

MINOR'S CONDUCT AND CAPACITY

Under federal law, a person under the age of eighteen cannot legally consent to being commercially sexually exploited, and you may not treat Plaintiff's willingness to engage in a commercial sex act as consent to conduct prohibited by the TVPRA.

That rule, however, does not mean that a minor is legally incapable of making decisions, exercising judgment, understanding circumstances, or taking actions for her own safety.

The fact that Plaintiff was a minor during some or all of the relevant events does not, by itself, prevent you from finding that she was negligent.

In deciding whether Plaintiff was negligent while she was a minor, you should consider her age, intelligence, maturity, experience, knowledge, and ability to understand and appreciate the particular danger or risk involved.

A minor who has sufficient capacity to appreciate a particular danger is required to exercise the degree of care that a reasonably careful person of similar age, intelligence, maturity, knowledge, and experience would exercise under the same or similar circumstances.

Accordingly, if you find from the evidence that Plaintiff possessed the capacity to understand and appreciate a particular risk, you may consider whether she failed to exercise reasonable care for her own safety in light of her age, intelligence, maturity, knowledge, experience, and appreciation of that risk.

**Authorities:** *Williams v. Coleman Co.*, No. 4:11-cv-2384, 2014 WL 701512, at *___ (N.D. Ala. Feb. 24, 2014) (addressing a juvenile's capacity for negligence under federal maritime law and recognizing as appropriate a standard based upon what a reasonable person of the same age would do); see also *Shipp v. Curtis*, 318 F.2d 797, 799–801 (9th Cir. 1963) (approving an instruction requiring a minor to exercise the care that "a reasonably prudent minor of the same age, intelligence and experience would exercise under the same or similar circumstances"); cf. *Carroll v. Carnival Corp.*, 955 F.3d 1260, 1268–69 (11th Cir. 2020) (federal comparative-fault principles permit consideration of a plaintiff's failure to exercise reasonable self-protective care); Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 10 (standard of conduct for children generally takes account of the child's age, intelligence, and experience).

**Plaintiff objects to this instruction because Defendant has not established that this kind of affirmative defense is available in a TVPRA beneficiary case. For this reason as well as others, Plaintiff objects that this instruction is an incorrect statement of law—regardless of whether such an affirmative defense exists for TVPRA beneficiary claims.**

COMPARATIVE NEGLIGENCE / COMPARATIVE FAULT

Defendant contends that Plaintiff was also negligent and that Plaintiff's negligence was a legal cause of some portion of the injuries or damages for which she seeks recovery.

Defendant has the burden of proving Plaintiff's negligence and causation by a preponderance of the evidence.

Negligence means the failure to exercise reasonable care under the circumstances. A person is negligent if she does something that a reasonably careful person would not do under the same or similar circumstances, or fails to do something that a reasonably careful person would do under the same or similar circumstances.

If you find that Plaintiff was negligent and that her negligence was a legal cause of some portion of her injuries or damages, you must determine the percentage of responsibility attributable to Plaintiff and the percentage attributable to Defendant. Those percentages must total 100 percent.

Plaintiff's negligence does not, by itself, prevent her from recovering damages. Rather, if you find Plaintiff comparatively negligent, you should state the percentage of fault attributable to Plaintiff. The Court will reduce any recoverable damages in accordance with that percentage.

**Authorities:** *Carroll v. Carnival Corp.*, 955 F.3d 1260, 1268–69 (11th Cir. 2020) (under federal maritime law, comparative negligence is the governing rule and plaintiff negligence, "regardless of how gross," does not bar recovery but mitigates damages); *Arthur v. Flota Mercante Gran Centro Americana, S.A.*, 487 F.2d 561, 563 (5th Cir. 1973)

("Comparative negligence is the rule to be followed; the negligence of the plaintiff, regardless of how gross, does not preclude recovery, but only mitigates damages."); *Kermarec v. Compagnie Générale Transatlantique*, 358 U.S. 625, 628–29 (1959) (under federal maritime law, contributory negligence is not a complete bar but is considered in mitigation of damages); *United States v. Reliable Transfer Co.*, 421 U.S. 397, 411 (1975) (liability is allocated "proportionately to the comparative degree of [the parties'] fault"); Eleventh Circuit Pattern Jury Instructions (Civil), Instruction 8.1, Jones Act — General Instruction (Comparative Negligence Defense).

**Plaintiff objects to this instruction because Defendant has not established that this kind of affirmative defense is available in a TVPRA beneficiary case. For this reason as well as others, Plaintiff objects that this instruction is an incorrect statement of law—regardless of whether such an affirmative defense exists for TVPRA beneficiary claims.**

KNOWING AND VOLUNTARY ENCOUNTER WITH A KNOWN RISK / COMPARATIVE RESPONSIBILITY

In determining Plaintiff's comparative responsibility, you may consider whether Plaintiff knowingly and voluntarily encountered a particular danger or risk that she actually knew about and understood.

To consider such conduct, you must find that Defendant has proved by a preponderance of the evidence that:

1. Plaintiff actually knew of the particular danger or risk;
2. Plaintiff understood and appreciated the nature of that danger or risk;
3. Plaintiff had a reasonable opportunity to avoid or reduce her exposure to that danger or risk; and
4. Plaintiff nevertheless voluntarily chose a course of conduct that exposed her to the known danger or increased the likelihood or extent of the injury or damages at issue.

If you find these elements proved, you may consider Plaintiff's conduct in determining her comparative responsibility and the extent to which her conduct contributed to the injury or damages for which she seeks recovery.

The fact that Plaintiff knowingly encountered a risk does not necessarily eliminate Defendant's liability. Rather, to the extent that Plaintiff's knowing and voluntary conduct was itself unreasonable and contributed as a legal cause to a particular injury or item of damages, that conduct may be considered in allocating responsibility between the parties.

You should consider only risks that Plaintiff actually knew of and appreciated. Knowledge of one danger does not necessarily establish knowledge of a different danger.

**Authorities:** *Socony-Vacuum Oil Co. v. Smith*, 305 U.S. 424, 430–32 (1939) (explaining that, under the federal comparative-negligence regime, conduct traditionally characterized as assumption of risk is appropriately addressed through comparative negligence rather than as an absolute bar to recovery); *United States v. Reliable Transfer Co.*, 421 U.S. 397, 411 (1975) (federal maritime law allocates responsibility proportionately according to comparative degree of fault); *Carroll v. Carnival Corp.*, 955 F.3d 1260, 1268–69 (11th Cir. 2020) (plaintiff's failure to exercise reasonable self-protective care is addressed through comparative negligence); *Arthur v. Flota Mercante Gran Centro Americana, S.A.*, 487 F.2d 561, 563 (5th Cir. 1973) (comparative negligence reduces rather than necessarily eliminates recovery); see also *Lewis v. Timco, Inc.*, 716 F.2d 1425, 1429–30 (5th Cir. 1983) (en banc) (describing traditional assumption of risk as occurring where a plaintiff, aware of a danger created by defendant, voluntarily proceeds to encounter it); *National Marine Serv., Inc. v. Petroleum Serv. Corp.*, 736 F.2d 272, 277–78 (5th Cir. 1984) (holding that conduct characterized as assumption of risk should be analyzed under comparative-fault principles).

**Plaintiff objects to this instruction because Defendant has not established that this kind of affirmative defense is available in a TVPRA beneficiary case. For this reason as well as others, Plaintiff objects that this instruction is an incorrect statement**

**of law—regardless of whether such an affirmative defense exists for TVPRA beneficiary claims.**

## AVOIDABLE CONSEQUENCES/ FAILURE TO MITIGATE DAMAGES

A person who has been injured by the wrongful conduct of another may recover damages caused by that wrongful conduct. However, a plaintiff may not recover damages for harm that she could reasonably have avoided or reduced through reasonable efforts after she knew, or reasonably should have known, of the circumstances giving rise to the harm and had a reasonable opportunity to avoid or reduce its consequences.

Defendant has the burden of proving by a preponderance of the evidence:

1. that Plaintiff had a reasonable opportunity to take action that would have avoided or reduced a particular injury or item of damages;
2. that a reasonable person under the same or similar circumstances would have taken such action;
3. that Plaintiff failed to take reasonable steps to avoid or reduce that harm; and
4. the extent to which Plaintiff's reasonable efforts would have avoided or reduced the injury or damages claimed.

Plaintiff was required to act reasonably under the circumstances. She was not required to take extraordinary measures, expose herself to unreasonable danger, incur unreasonable expense, or take actions that a reasonable person in her circumstances would not have taken.

If Defendant proves that a particular injury or item of damages could reasonably have been avoided or reduced, you should not award Plaintiff damages for the portion of the harm that Defendant has proved would have been avoided through reasonable efforts.

The doctrine of avoidable consequences concerns the amount of damages recoverable; it does not by itself eliminate an otherwise valid claim. It applies to harm occurring or increasing after an actionable wrong where reasonable conduct by Plaintiff could have prevented or reduced the additional harm.

**Authorities:** *Pennsylvania State Police v. Suders*, 542 U.S. 129, 146–47 (2004) (recognizing the tort-law doctrine of avoidable consequences and explaining that a victim must use means reasonable under the circumstances to avoid or minimize resulting damages; defendant bears the burden of proving unreasonable failure to avoid or reduce harm); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 764–65 (1998) (federal statutory law incorporates the tort-law principle that plaintiffs reasonably should avoid preventable harm); *Faragher v. City of Boca Raton*, 524 U.S. 775, 806–07 (1998) (recognizing the rule requiring reasonable means to avoid or minimize damages); *Narconon Spring Hill, Inc. v. Hernando County*, 669 F. App'x 532, 534 n.5 (11th Cir. 2016) (recognizing that tort law generally applies the avoidable-consequences doctrine and that plaintiffs need undertake only measures reasonable under the circumstances); *Southport Transit Co. v. Avondale Marine Ways, Inc.*, 234 F.2d 947, 952–53 (5th Cir. 1956) (recognizing the "universally" applied doctrine of avoidable consequences, under which a plaintiff is denied recovery for losses resulting from failure to use reasonable efforts to avoid them); *Ford Motor Co. v. Dallas Power & Light Co.*, 499 F.2d 400, 415–16 (5th Cir. 1974) (avoidable consequences reflects the general policy that parties minimize damages through reasonable diligence and operates to reduce recoverable damages).

**Plaintiff objects to this instruction because Defendant has not established that this kind of affirmative defense is available in a TVPRA beneficiary case. For this reason as well as others, Plaintiff objects that this instruction is an incorrect statement of law—regardless of whether such an affirmative defense exists for TVPRA beneficiary claims.**

MITIGATION OF DAMAGES / AVOIDABLE CONSEQUENCES

Any person who claims damages as a result of an alleged wrongful act by another has a duty under the law to mitigate those damages—that is, to take advantage of any reasonable opportunity that existed under the circumstances to reduce, minimize, or avoid the loss or damage.

Defendant has the burden of proving by a preponderance of the evidence that Plaintiff failed to take advantage of a reasonable opportunity to reduce, minimize, or avoid some portion of the injuries or damages she claims.

If you find that Defendant has proved that Plaintiff had a reasonable opportunity, under all of the circumstances, to avoid or reduce a particular injury or item of damages and that Plaintiff unreasonably failed to take advantage of that opportunity, then you should reduce Plaintiff's damages by the amount you find could reasonably have been avoided or reduced.

Plaintiff was required only to act reasonably under the circumstances. She was not required to take extraordinary measures or to subject herself to unreasonable danger.

You should reduce damages only to the extent Defendant proves that reasonable action by Plaintiff would have avoided or reduced the particular injury or damages claimed.

**Authorities:** Eleventh Circuit Pattern Jury Instructions (Civil), mitigation-of-damages provisions; *Specialized Transp. of Tampa Bay, Inc. v. Nestlé Waters N. Am., Inc.*, No. 09-12807 (11th Cir. Dec. 16, 2009) (recognizing district court's use of Eleventh Circuit pattern mitigation instruction); *Pennsylvania State Police v. Suders*, 542 U.S. 129, 146–47

(2004) (recognizing the tort-law avoidable-consequences principle requiring reasonable efforts to avoid or minimize harm); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 764–65 (1998); *Southport Transit Co. v. Avondale Marine Ways, Inc.*, 234 F.2d 947, 952–53 (5th Cir. 1956) (recognizing the doctrine of avoidable consequences and denying recovery for losses that reasonable efforts would have avoided).

**Plaintiff objects to this instruction because Defendant has not established that this kind of affirmative defense is available in a TVPRA beneficiary case. For this reason as well as others, Plaintiff objects that this instruction is an incorrect statement of law—regardless of whether such an affirmative defense exists for TVPRA beneficiary claims.**

## FINAL INSTRUCTIONS

### DUTY TO DELIBERATE WHEN ONLY THE PLAINTIFF CLAIMS DAMAGES

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

AUTHORITY:

11th Cir. Civil Pattern Instruction 3.8.1.

**The parties agree to this instruction.**

ELECTION OF FOREPERSON EXPLANATION OF VERDICT FORM: PHASE ONE

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

AUTHORITY:

11th Cir. Civil Pattern Instruction 3.9.

**The parties agree to this instruction.**

## PUNITIVE DAMAGES (PHASE TWO ONLY)

PLAINTIFF'S INSTRUCTION: PUNITIVE DAMAGES

Now that you have found for the Plaintiff, you may, but are not required to, assess punitive damages against the Defendant. The purposes of punitive damages are to punish a defendant for his or her conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that its conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiff's rights if, under the circumstances, Defendant simply did not care about Plaintiff's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward any party.

In determining the amount of any punitive damages, you should consider the following factors:

• the reprehensibility of Defendant's conduct;

• the impact of Defendant's conduct on Plaintiff;

• the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;
- Defendant's financial condition;
- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

AUTHORITY:

7th Cir. Pattern Civil Jury Instruction 7.28 (2021); Restatement (Second) of Torts § 908 & cmt. b (A.L.I. 1979).

**Defendant provided its own instructions for Phase two.**

DEFENDANT'S INSTRUCTION: PUNITIVE DAMAGES

**Punitive Damages; Introduction**

You have found Defendant liable under the TVPRA. That finding, by itself, does not establish that punitive damages should be awarded.

Punitive damages are not awarded for mere negligence or simply because Defendant is liable under the TVPRA. Plaintiff must separately prove that Defendant's conduct warrants punishment because Defendant acted intentionally, maliciously, or with reckless or callous indifference to Plaintiff's federally protected rights.

In deciding whether this standard has been met, you should consider Defendant's own conduct and state of mind. The fact that you previously found that Defendant knew or should have known that the venture engaged in trafficking is not, standing alone, sufficient to establish entitlement to punitive damages.

If Plaintiff has not proven conduct warranting punitive damages, you must not award punitive damages.

**Punitive Damages; Amount; Generally**

If you decide to impose punitive damages, you must determine the appropriate amount of punitive damages. In doing so, you should consider all the evidence in the first phase of the trial, plus any evidence admitted in this phase of the trial. You should also bear in mind that the Plaintiff's injury has been made whole by your award of compensatory damages. The sole purpose of punitive damages is to punish, penalize, or deter the Defendant, and the amount you impose, if any, should reflect that purpose only. Should you decide to award punitive damages, you must use sound reason in setting the amount—it must not reflect bias, prejudice or sympathy toward any party.

**Punitive Damages; Measure**

The measure of such damages is your enlightened conscience as an impartial jury.

**Punitive Damages; Amount; Guidelines**

In considering the amount of punitive damages, you may consider the following factors:

(a.) The nature and egregiousness of Defendant's conduct;

(b.) The extent and duration of Defendant's wrongdoing and the likelihood of its recurrence;

(c.) The intent of Defendant in committing the wrong;

(d.) The profitability of Defendant's wrongdoing;

(e.) The amount of actual damages awarded;

(f.) The financial circumstances of Defendant.

**Damages; Conclusion**

Any award you make should be both reasonable and just in light of your previous award of damages, the conduct and circumstances of the Defendant, and the purpose of punitive damages.

**Plaintiff objects to these instructions as incomplete and incorrect statements of the law.**

Respectfully submitted on September 14, 2026.

ANDERSEN, TATE & CARR, P.C.

*/s/ Rory A. Weeks*

PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile
*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Rory A. Weeks*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile
*Attorneys for Plaintiff*