**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

J.R.,

Plaintiff,

v.

LINCOLN BANCORP, LLC,

Defendant.

CIVIL ACTION FILE
NO. 1:25-cv-04629-JPB

**RESPONSE IN OPPOSITION TO PLAINTIFF'S TRIAL BRIEF**
**REGARDING DEFENDANT'S PROPOSE RULE 412 EVIDENCE**

COMES NOW, Defendant Lincoln Bancorp, LLC ("Lincoln Bancorp" or "Defendant"), by and through undersigned counsel, and hereby files this Response in Opposition to Plaintiff's Trial Brief Regarding Defendant's Propose Rule 412 Evidence ("Motion"), showing the Court as follows:

Plaintiff's Motion sought the exclusion of 105 separate exhibits, claiming that they concerned impermissible evidence of "other sexual behavior" or "sexual predisposition". Defendant would note at the outset that is withdrawing several exhibits from its list, many of which were the subject of Plaintiff's Rule 412 objection.[1]

[1] Defendant is withdrawing its Exhibits 42, 66-72, 77, 100-01, 106-07, 112, 115-16, 192, 194-97, 199, 201-02, 209-216, 221-26, 232, 235-39, 241, 243, 245, 248-50. 252, 254. Defendant retains to right to use any withdrawn exhibit for impeachment, if necessary, as permitted under the Federal Rules.

### *I. Plaintiff's position requires exclusion of her own witnesses and exhibits.*

The irony of Plaintiff's Motion is that her position, as drafted, requires the exclusion of her own witnesses and exhibits. T.H., N.N. and J.R., all of whom are included on Plaintiff's witness list, have ongoing lawsuits against Defendant in which they contend they were trafficked at the Defendant's motel, and, presumably, Plaintiff intends to call them to testify about ***their*** trafficking. Plaintiff, however, has objected to the Defendant's exhibits which correspond to those allegations, arguing that they are inadmissible under Rule 412. For example, Plaintiff has posed Rule 412 objections to Defendant's Exhibit 90 (N.N.'s Complaint against Lincoln Bancorp) and Exhibit 257 (T.H.'s discovery responses in her case against Lincoln Bancorp). Plaintiff argues that these documents are evidence of "other sexual behavior" or "sexual predisposition", and Defendant cannot use them because Defendant failed to provide the requisite notice under the Rule. If D.B., T.H. and N.N.'s allegations, discovery responses, and other documents pertaining to their claims of trafficking at the Super 8 require prior notice, then so does their related testimony, and Plaintiff provided no such notice.

Additionally, Plaintiff has identified her own exhibits and other witnesses which relate to or were involved in the investigation into T.H.'s trafficking, which included trafficking that took place at other hotels. In particular, Plaintiff's Exhibit 40 is a South Fulton Police Department report, which summarizes her account of

trafficking and sexual activity alleged to have occurred at the Super 8 and various other locations, and Plaintiff has listed as trial witnesses three police officers who were involved in that investigation. Plaintiff, however, provided no Rule 412 notice, and, based on the argument raised in her motion, Plaintiff was required to do so, even if the evidence was going to be offered for a legitimate purpose.

Thus, if the Court is inclined to accept Plaintiff's position, it must exclude D.B., T.H. and N.N. from testifying herein, it must exclude Plaintiff's exhibit 40, and it must likewise exclude the police officers involved in that investigation.

### 2. *The evidence at issue is not offered to prove a victim's other sexual behavior or sexual predisposition*.

Rule 412 states that "evidence offered to prove that a victim engaged in other sexual behavior" or "evidence offered to prove a victim's sexual predisposition" is inadmissible. Fed. R. Evid. 412(a). The rule goes on to state that the court in a civil case "may admit evidence offered to prove a victim's sexual behavior or sexual predisposition" only if the probative value of such evidence outweighs the danger of harm or unfair prejudice. Fed. R. Evid. 412(b)(2). Finally, the Rule provides that if a party intends to offer evidence under Rule 412(b) (i.e. evidence to prove sexual behavior or predisposition), it must follow certain notice requirements. Fed. R. Evid. 412(c). Per the advisory committee notes, the term "other" (as in "other sexual behavior") is included in the Rule to provide flexibility in admitted evidence which is "intrinsic to the alleged sexual misconduct."

Plaintiff has made Rule 412 objections to several exhibits, which primarily fall into three categories: (1) evidence of T.H., D.B. and N.N.'s claims against Defendant as well as against other hotels (such as their complaints and/or discovery responses)[2], (2) depositions or interviews/statements provided by T.H. and D.B. concerning their trafficking[3], and (3) photographs or social media posts taken/made by T.H., D.B. or N.N.[4]. None of these items constitute evidence admitted to show "other sexual behavior" or "sexual predisposition". Rather, the evidence will be offered (and is admissible) for other purposes.

For example, N.N. has filed claims against Defendant, wherein she contends that she was "made to have sex" at the Super 8, that she appeared around the hotel showing signs of "fatigue, sleep deprivation, injuries, loitering, soliciting male patrons, and monitoring and control" by her trafficker. *See* N.N.'s Complaint, attached at ***Exhibit "A"***. Presumably, N.N. is going to be called by Plaintiff to testify about these allegations. However, N.N. provided sworn testimony in another case, against a different hotel, that she ***was not trafficked at the Super 8***:

---

[2] Listed on Defendant's Exhibit List at Exs. 40, 41, 43, 44, 90, 94, 99, 193, 198, 200.

[3] Listed on Defendant's Exhibit List at Exs.73, 75, 102, 204-07.

[4] Listed on Defendant's Exhibit List at Exs. 45-54, 114, 170-89.

A. And for that time frame when I was at Super 8, I didn't have a trafficker.
Q. How were you paying for the Super 8? With just — with your own money?
A. I believe I had somebody get a room for me, and I was just paying them to pay for my room, because I couldn't get a room there.
Q. Who were you paying?
A. I'm not sure who the exact person was, but I know it was somebody that I knew from around there.
Q. And the Super 8 — excuse me. The Super 8 is out on Fulton Industrial, also?
A. No. It's on Old National Highway.
Q. Is that the same area?
A. It's about — no, it's really not the same area.
Q. And how were you able to get dates at the Super 8? Did they have a place where you could walk or did you go to — how did that work?
A. Yeah, they had — Old National is kind of similar to Fulton Industrial.
Q. But nobody was trafficking you or you weren't reporting to anyone or no one was controlling you at the Super 8?
A. No, sir.

Page 74

MR. McDONOUGH: Object to form.
Q. (By Mr. Nanninga) Just to be clear, you didn't have a pimp at Super 8?
A. No, sir.
Q. Okay. You didn't have a trafficker at Super 8?
A. No, sir.
Q. You were doing that voluntarily?
A. It wasn't voluntarily. It was more like a survival thing.
Q. No one was making you do it?
A. No, sir. [5]

That N.N. testified directly contrary to her allegations against Defendant (and, presumably, the testimony that she will offer herein) is not evidence to prove other sexual behavior or her predisposition – it is offered to rebut, and is intrinsic to, the conduct that she will allege.[6] The fact that these prior statements were given in the context of a different trafficking lawsuit does not change the purpose for which the evidence is offered.

Like N.N., T.H. and D.B. have lawsuits against Defendant and are expected to testify consistent with those allegations, and they too have provided

---

[5] These excerpts are taken from N.N.'s deposition transcript in ***Jane Doe v. T&S Hospitality LLC*** (Civil Action 21-A-3871).

[6] Like N.N., T.H. and D.B. both have lawsuits against Defendant, are expected to testify about those allegations, and have provided statements/interviews which contradict those allegations.

statements/interviews which expand upon or even contradict those allegations (on Defendant's Exhibit List at Exs. 73, 75, 204-07). Those interviews may cover other incidents of trafficking or sexual assault, but Defendant does not intend to utilize the entire interview – only the portions which relate to, and are thus intrinsic to, T.H. and D.B.'s allegations (and presumed testimony) regarding Defendant.

Much of the evidence subject to Plaintiff's objection does not even reference sexual behavior or predisposition at all. For example, Plaintiff has made Rule 412 objections to numerous videos and photographs taken by N.N. (on Defendant's Exhibit List at Exs. 114, 170-89) and D.B. (Exs. 45-54), none of which show any sexual activity. Rather, these items simply show what N.N. and D.B. looked like at the time the photographs and videos were taken, and they will be offered for that purpose.

Finally, the only other documents corresponding to Plaintiff's Rule 412 objections -- incident reports related to T.H. and N.N. (Exs. 95, 253) and N.N.'s releases from other lawsuits (Exs. 105, 110-11). These also do not reference sexual behavior or predisposition. Plaintiff may have other objections to these exhibits to take up at trial, but excluding them under Rule 412 is unwarranted.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests the Court deny Plaintiff's request, as set forth in Doc. #97, to exclude the challenged exhibits.

This 16th day of September, 2026.

**WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854
Shubhra R. Mashelkar
GA Bar No. 475388
Patrick B. Moore
GA Bar No. 520390
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
(404) 876-2700
cbyrd@wwhgd.com
smashelkar@wwhgd.com
pmoore@wwhgd.com
*Counsel for Defendant Lincoln
Bancorp, LLC*

**RULE 7.1D CERTIFICATE OF TYPE, FORMAT AND FONT SIZE**

Under Local Rule 7.1D of the United States District Court for the Northern District of Georgia, the undersigned certifies that this submission to the Court was computer-processed, double-spaced between lines, and prepared with 14-point Times New Roman font.

*/s/ Christoher T. Byrd*
Christopher T. Byrd

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 16, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing by electronic mail to all counsel or parties of record:

Jonathan Tonge, Esq.
Patrick J. McDonough, Esq.
Jennifer Webster, Esq.
ANDERSEN, TATE & CARR, PC
One Sugarloaf Centre
1960 Satellite Blvd, Ste. 4000
Duluth, GA 30097
jwebster@atclawfirm.com
jtonge@atclawfirm.com
pmcdonough@atclawfirm.com

**WEINBERG, WHEELER,**
**HUDGINS, GUNN & DIAL, LLC**

*/s/ Christopher T. Byrd*
Christopher T. Byrd
GA Bar No. 100854