**Attachment D – Defendant Lincoln Bancorp, LLC's Outline of the Case**

## I. Brief Factual Summary of Defenses

Defendant Lincoln Bancorp, LLC ("Lincoln Bancorp") owned the subject Super 8 located at 4979 Old National Highway, College Park, Georgia 30349 ("Super 8") from December 30, 2019, through December 6, 2021. Plaintiff J.R. brings this civil action against Lincoln Bancorp under the provisions of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a).

Plaintiff has recently dropped her claims against Lincoln Bancorp under Masha's Law or the Child Abuse Victims' Rights Act ("CAVRA"), 18 U.S.C. § 2255, negligence, and Georgia's nuisance law.

For purposes of trial, Lincoln admits liability on Plaintiff's beneficiary-liability claim under 18 U.S.C. § 1595(a). Specifically, Lincoln admits that: (1) it knowingly benefited; (2) from participation in a venture; (3) that venture violated the TVPRA as to Plaintiff; and (4) Lincoln should have known that the venture violated the TVPRA as to Plaintiff.

This admission resolves the issue of Lincoln's liability under § 1595(a). It does not constitute an admission as to causation or the nature, extent, or amount of Plaintiff's damages. Those issues remain for determination at trial. Lincoln expressly preserves its defenses and arguments concerning causation and damages, including

proximate cause, the nature and extent of damages caused by Lincoln, the sufficiency of Plaintiff's proof of damages, contributory or comparative negligence, assumption of risk, mitigation, and avoidance of consequences.

In this regard, Lincoln Bancorp will argue that its acts or omissions were not the proximate cause of damage to Plaintiff J.R. Instead, Plaintiff J.R.'s injury and damages were caused, in whole or in part, by pre-existing and subsequent conditions and events and/or the intervening tortious or criminal conduct of persons other than Lincoln Bancorp.

Lincoln Bancorp also intends to demonstrate that Plaintiff's recovery is limited or barred under the doctrines of assumption of the risk, avoidance of consequences, and/or comparative fault/contributory negligence, as she made no effort to escape her alleged trafficker, returned to her alleged trafficker after being out of his presence, and because she could have avoided her alleged damages through the use of reasonable care but failed to do so.

Lincoln Bancorp further does not admit that Plaintiff is entitled to punitive damages or attorneys' fees. Lincoln expressly preserves all defenses and arguments concerning Plaintiff's entitlement to punitive damages and, if such damages are awarded, the amount thereof. Lincoln likewise preserves all defenses and arguments concerning Plaintiff's entitlement to and the amount of any attorneys' fees.

On the question of punitive damages, Plaintiff has not made the showing required for the imposition of punitive damages. On the question of attorneys' fees, Lincoln Bancorp will argue that Plaintiff has not satisfied the statutory requirements for recovery of attorneys' fees.

## II. Relevant Rules, Regulations, Statutes, Ordinances and Illustrative Case Law

18 U.S.C. § 1591

18 U.S.C. § 1595

**TVPRA cases**:

*A.G. v. Northbrook Indus.*, 171 F.4th 1257 (11th Cir. 2026)

*Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021)

*K.H. v. Riti, No. 23-11682, 2024 WL 505063* (11th Cir. Feb. 9, 2024)

*A.D. v. Best Western International, Inc., 2023 WL 2955711, *7* (M.D. Fla. April 14, 2023)

*K.O. v. G6 Hosp., LLC,* 728 F. Supp. 3d 624, 661 (E.D. Mich. 2024)

*G.G. v. Salesforce.Com, Inc.*, 76 F.4th 544, 559 (7th Cir. 2023)

*C.C. v. H.K. Group of Co., Inc., Civil Action File No. 1:21-cv-1345-TCB, 2022 WL 467813* (N.D. Ga. Feb. 9, 2022)

*A.B. v. H.K. Group of Co., Inc., Civil Action File No. 1:21-cv-1344-TCB, 2022 WL 467786* (N.D. Ga. Feb. 9, 2022)

*G.W. v. Northbrook Indus., Inc., No. 1:20-CV-05232-JPB, 2024 WL 3166083* (N.D. Ga. June 14, 2024)

*Ricchio v. McLean, 853 F.3d 553 (1st Cir. 2017).*

**Additional caselaw addressing and interpreting the statutes cited above, general principles of duty, breach, and proximate causation and the elements of the claims asserted by Plaintiff**

**All authorities relied on by Plaintiff J.R. and any related or distinguishing cases.**