UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

J.R.,

Plaintiff,

v.

LINCOLN BANCORP, LLC,

Defendant.

CIVIL ACTION FILE

NO. 1:25-cv-4629-JPB

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO BIFURCATE TRIAL**

Super 8[1] moved to bifurcate the trial. Doc. 87. Way back then (nine days ago), Super 8 asked to cleanly divide the trial into two parts: the first focused on liability and compensatory damages; the second focused on punitive liability and damages. Back then, bifurcation made more sense.[2] Plaintiff still had Georgia-law claims for negligence, public nuisance, public nuisance per se, and false imprisonment against

[1] Plaintiff refers to Defendant Lincoln Bancorp, LLC as Super 8.

[2] Indeed, Plaintiff proposed a similar split in the original PTO filed on July 2. Super 8 initially "demand[ed] to have fault and any award of damages determined at trial in accordance with O.C.G.A. § 51-12-15." Doc. 43 at 7. The problem with Super 8's demand is that federal law controls the issue of bifurcation, not state law. *See Moore v. Utica Shelby Auto., Inc.*, 5:25-cv-26, 2025 WL 3124790, at *1 (M.D. Ga. Nov. 7, 2025) (refusing to apply O.C.G.A. § 51-12-15's bifurcation requirements because "whether to bifurcate at trial is a procedural issue, and therefore is governed by federal law, not Georgia law" (collecting cases)). Unlike its PTO demand, Super 8's motion is based on Rule 42, thereby saving Plaintiff from diving headlong into the *Erie* doctrine (though this counsel, at least, would have enjoyed the side quest).

Super 8. Plus, back then, Super 8 had not admitted the statutory elements of a TVPRA beneficiary claim.

Late Wednesday night, Super 8 amended the PTO to say that it "admits liability on Plaintiff's beneficiary-liability claim under 18 U.S.C. § 1595(a)." Doc. 107 at 6. While Super 8 says that "[t]his admission resolves the issue of Defendant's liability under § 1595(a)," Super 8 believes that this admission doesn't resolve the issues of causation, compensatory damages, punitive damages, or even Plaintiff's entitlement to attorney's fees. Defendant says that those issues remain for the jury. *Id.* at 6–7.

Super 8 now proposes to bifurcate trial into two phases: (1) Plaintiff's compensatory damages for harm proximately caused by Super 8 and the amount attributable to Super 8; and (2) (if necessary), Plaintiff's entitlement to punitive damages and attorney's fees and in what amount. Defendant says that "[e]vidence and argument relevant solely to punitive damages and attorney's fees should be reserved for Phase Two." Doc. 107 at 7.

Setting aside all other issues Plaintiff has with Defendant's admission (which are many), Plaintiff rejects Defendant's bifurcation scheme and will not consent. Sure, Plaintiff initially suggested a similar bifurcation in the July PTO. Doc. 43 at 6. But that was before the issues and claims changed. The trial is now.

Bifurcation is the exception rather than the rule for federal trials. The former Fifth Circuit had long "cautioned that separation of issues is not the usual course that should be followed, and that the issue to be tried must be so distinct and separable from the others that a trial of it alone may be had without injustice." *Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 318 (5th Cir. 1978); *see also* 9 Wright & Miller's Federal Practice & Procedure § 2388 (3d ed. Westlaw 2026 update) ("The piecemeal trial of separate issues in a single lawsuit . . . is not to be the usual course.").

The Court's decision on bifurcation is discretionary. Fed. R. Civ. P. 42(b). Refusing to bifurcate a trial is proper "when a joint trial will save the parties from wasteful relitigation, avoid duplication of judicial effort, and not materially prejudice the parties' rights. A joint trial is appropriate where there is clearly substantial overlap in the issues, facts, evidence, and witnesses required for claims against multiple defendants." *Allstate Ins. Co. v. Vizcay*, 826 F.3d 1326, 1333 (11th Cir. 2016) (citation modified); *see also Compton v. Bach*, 374 F. Supp. 3d 1296, 1306 (N.D. Ga. 2019) (When deciding whether to bifurcate, "the court considers the following factors: whether separate trials will be conducive to expedition of the litigation and to efficient judicial administration, whether separate trials will avoid prejudice, and whether the issues sought to be tried separately are significantly different." (citation modified)). Super 8, as the party requesting bifurcation, bears the burden of proving

that it is necessary. *Home Elevators, Inc. v. Millar Elevator Serv. Co.*, 933 F. Supp. 1090, 1091 (N.D. Ga. 1996). Super 8 has not met this burden.

Bifurcation also has several downsides. J.R. is a child sex-trafficking victim. N.N., T.H., and D.B. are also child sex-trafficking victims. Under Super 8's theory, these witnesses may have to testify twice at this trial about what happened to them and what they know. Once will be hard enough. Twice is unjust. Plaintiff's other witnesses also may have evidence relevant to both trial phases that Super 8 proposes, so they would need to testify twice. Testifying twice presents economic challenges for the two former hotel employees, who have to take off work to attend trial, and raises resource-allocation issues for any active-duty law-enforcement officers who testify. In short, bifurcation is convenient only for Super 8's witnesses.

Testifying twice is a major risk. Many, if not all, of Plaintiff's witnesses have information related to "causation" and "proximate cause" that Super 8 has expressly reserved for trial. For example, substantial-similar events can be used to prove causation. *See, e.g.*, *Borden, Inc. v. Fla. E. Coast Ry. Co.*, 772 F.2d 750, 754–55 (11th Cir. 1985) (holding that district court committed reversible error by excluding evidence of substantially similar events that showed foreseeable consequences of vandalism). That makes the testimony of the three other child sex-trafficking victims relevant. One former hotel employee saw J.R. at the hotel. That makes her testimony relevant on the issue of causation. Another former employee has evidence that

corroborates parts of J.R.'s story about how Super 8 participated in the venture that trafficked her. That evidence is also relevant because *how* the hotel participated in the venture can be relevant to the magnitude of J.R.'s harm, so evidence about hotel conduct that shows the indifference and reckless disregard with which employees treated J.R. is relevant to the issue of damages. Nearly all witnesses have some evidence relevant to that.

Bifurcation also wouldn't justify excluding much, if any, of Plaintiff's evidence. Super 8 claims that defendants in a TVPRA-beneficiary-liability action where the sex-trafficking victim was a child when sold for sex can assert affirmative defenses of (1) "contributory or comparative negligence," (2) "assumption of risk," (3) "mitigation," and (4) "avoidance of consequences." Doc. 107-2 at 2. J.R. disagrees. There are good reasons to doubt that Super 8's view of available defenses is correct. But for argument's sake, assume that Super 8 is right and that it can put these defenses before the jury. That dooms Super 8's bifurcation position. Indeed, adopting it would risk reversible error.

Take Super 8's affirmative defense of "mitigation" or "avoidance of consequences."[3] Even when it applies, there's an exception to this defense for instances

[3] "Mitigation of damages" is often used interchangeably with "avoidable consequences" or "avoidance of consequences." *See Rubinstein v. Yehuda*, 38 F.4th 982, 1000 (11th Cir. 2022) (discussing doctrine under Florida law).

where the defendant "was aware of" the "particular harm resulting from a tort" yet "was recklessly disregardful of it." Restatement (Second) of Torts § 918(2). The comments lay out the exception's effect: "The merely careless or stupid person is thus protected from consequences that the tortfeasor intended or was willing to have occurred." *Id.* cmt. a.[4] So if this defense is in (and Super 8 says it is), then J.R. gets to show the jury evidence about whether Super 8 "was aware of" the harm she suffered as a trafficking victim yet "recklessly disregard[ed]" that harm to beat back Super 8's effort to try to reduce the damages it owes J.R. Super 8's 11th-hour admission doesn't resolve this issue. All Super 8 admitted is that it knowingly benefited from the venture that sold J.R., as a child, for sex often and widely (hundreds of times) when the hotel should have known about what was happening to J.R.

The exception to the avoidable-consequences defense has a lot in common with the standard for punitive-damages liability. Here, the jury should impose punitive damages on Super 8 if its conduct was "outrageous" or if Super 8 had an "evil motive" or showed "reckless indifference to the rights of others." Restatement (Second) of Torts § 908(2). So if Super 8 is right about the available defenses, then it

---

[4] There's also an exception to the exception: the injured person has to have "knowledge of the danger of the harm" and then have "intentionally or heedlessly failed to protect his [or her] own interests." Restatement (Second) of Torts § 918(2). The comments also explain that this means "the person who stubbornly refuses to protect his own interests is given no legal redress." *Id.* at cmt. a.

cannot avoid the conclusion that there is considerable evidentiary overlap between the mitigation exception and the standard for punitive-damages liability. This supports a single, unitary trial.

## CONCLUSION

The Court should deny Super 8's motion to bifurcate. Super 8's recent admissions do not change the fundamental nature of next week's trial. And the trial won't be a long one. Plaintiff trimmed her liability theories, her witness and exhibit lists, and her planned presentations at trial. Defendant has also trimmed. This case should have no trouble finishing in a week.

Respectfully submitted on September 18, 2026.

ANDERSEN, TATE & CARR, P.C.

*/s/ Rory A. Weeks*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com
CAROL M. CAPPS
Georgia Bar No. 645599
ccapps@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile
*Attorneys for Plaintiff*

**CERTIFICATE OF COMPLIANCE**

Under Local Rules 5.1(C) and 7.1(D), I hereby certify that the foregoing filing complies with the applicable font type and size requirements and is formatted in Times New Roman, 14-point font.

ANDERSEN, TATE & CARR, P.C.

*/s/ Rory A. Weeks*
PATRICK J. MCDONOUGH
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
JONATHAN S. TONGE
Georgia Bar No. 303999
jtonge@atclawfirm.com
RORY A. WEEKS
Georgia Bar No. 113491
rweeks@atclawfirm.com
JENNIFER M. WEBSTER
Georgia Bar No. 760381
jwebster@atclawfirm.com
CAROL M. CAPPS
Georgia Bar No. 645599
ccapps@atclawfirm.com

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 | Telephone
(770) 822-9680 | Facsimile
*Attorneys for Plaintiff*